# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

| | |
|---|---|
| IN RE:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 |
| BLUEWORKS CORPORATION,<br><br>Plaintiff,<br><br>V.<br><br>HAYWARD INDUSTRIES, INC.,<br><br>Defendant. | Adv. Pro. No. 24-_____ |

**DEBTOR'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (I) DECLARING THAT THE AUTOMATIC STAY APPLIES TO SUCH ACTIONS, OR (II) PRELIMINARILY ENJOINING CERTAIN ACTIONS AGAINST NON-DEBTORS**

Plaintiff Blueworks Corporation (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, incorporates the statements contained in the Affidavit of Michael Bowers in Support of First Day Relief (the "Affidavit") filed contemporaneously herewith. The Debtor further states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a corporation organized and existing under the laws of the state of North Carolina with its principal office in Union County, North Carolina.

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.

2. Defendant Hayward Industries, Inc. ("Hayward") is a corporation organized and existing under the laws of the state of New Jersey with its principal office in Union County, New Jersey. Defendant is registered to do business in the state of North Carolina with a registered mailing address in Mecklenburg County, North Carolina.

3. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2).

5. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to entry of final orders by the Bankruptcy Court.

## FACTUAL BACKGROUND

6. The Debtor is a North Carolina corporation formed in 2016. The Debtor's business consists of selling swimming pool products, including saltwater chlorination systems, salt cells for chlorination systems, flow switches, and variable speed pumps, directly to consumers through Amazon.com. The Debtor also sells a class of products that are aftermarket replacement salt cells compatible with other companies' systems, often at a lower cost than the original manufacturers. By way of example and comparison, the Debtor's aftermarket replacement salt cell is similar to an off-brand printer cartridge that works with a Canon or HP printer.

7. Toward the end of 2020, Hayward Industries, Inc. ("Hayward") filed a complaint against the Debtor and three (3) codefendants in the United States District Court for the Western District of North Carolina (the "District Court") captioned *Hayward Industries, Inc. v. Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech. Co., Ltd., Ningbo*

*Yishang Import and Export Co., Ltd.*, Civil Action No. 3:20-cv-00710-MOC-SCR (the "District Court Lawsuit").[2] Hayward is manufacturer and supplier of residential and commercial pool equipment, including pumps, filters, heaters, cleaners, sanitizers, LED lighting, and water features among other products.

8. On October 7, 2021, Hayward filed an Amended Complaint (Doc. No. 57), alleging twenty-one (21) separate counts, including claims for alleged trademark violations, false advertising, and unfair and deceptive trade practices. Following the filing of the Amended Complaint, the parties undertook discovery until the discovery period closed on May 15, 2023. The parties then filed motions for summary judgment, all of which were denied by the Court, which set the District Court Lawsuit for jury trial starting February 23, 2024.

9. On March 1, 2024, the jury issued its verdict, finding that the Debtor did not infringe upon Hayward's trademarks and that the Debtor's use of the marks was fair use. In other words, and importantly for the Debtor's prospect of reorganization, the jury found no fatal flaw in the Debtor's ability to sell its products for the purposes for which they were manufactured. However, the jury found the Debtor liable for false advertising and for unfair and deceptive trade practices. Ultimately, the jury awarded Hayward damages in the amount of $4.9 million.[3] Complicating matters between the Debtor and its codefendants, the District Court, *sua sponte*, directed verdict that the Debtor and its codefendants were alter egos of each other despite the fact that Hayward did not plead an alter ego theory of liability among all the defendants for the acts of any one defendant.

---

[2] The Motion will refer to Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech. Co., Ltd., and Ningbo Yishang Import and Export Co., Ltd., collectively as the "Non-Debtor District Court Defendants".
[3] The jury also found that Ningbo C.F. Electronic Tech. Co., Ltd. infringed on Hayward's copyrighted work and entered $750 for the amount of damages related to the claim.

10. On March 28, 2024, all parties to the litigation filed respective motions for a New Trial and/or for Judgment Notwithstanding the Verdict pursuant to Rules 50 and 60 of the Federal Rules of Civil Procedure. On April 16, 2024, the District Court entered a briefing schedule setting forth deadlines for briefing post-trial motions with final reply briefs being due June 18, 2024.

11. On April 11, 2024, Hayward obtained a post-verdict, pre-judgment Ex Parte Temporary Restraining Order (the "TRO") entered by the District Court. The TRO[4] enjoined the Debtor and other codefendants "from facilitating or allowing any withdrawal, transfer, or disposition of assets presently held in any bank accounts owned or controlled by Defendants[.]" TRO, at 7. The District Court found the TRO necessary in part to preserve Hayward's ability to collect on the jury verdict. See, generally, TRO.

12. Following entry of the TRO, litigation counsel for the Debtor received notice of the ex parte pleadings, and the Court noticed a hearing on the TRO for April 23, 2024. The same day the TRO was entered, counsel for the Debtor filed a Motion for Clarification (Doc No. 394) to determine whether the Debtor could pay its ordinary course business expenses. Hayward opposed the Motion for Clarification in a response filed April 12, 2024 (Doc. No. 397). On April 16, 2024, in a text-only order, the District Court denied the Motion for Clarification, noting the "Court will, however, entertain requests for relief from the TRO on a case-by-case basis."

13. On April 23, 2024, the District Court held a hearing on the TRO, orally ruling to extend the TRO for another fourteen (14) days or until the Court enters judgment. Importantly for the Debtor's prospect of reorganization, the District Court stated: "There's got to be protection for the plaintiff's judgment in this case. There's got to be. There's also got to be the ability of the defendant to run a business." Transcript of April 23, 2024, Motion Hearing, 21:9-11. The District

---

[4] At Hayward's demand, the TRO also freezes the assets of non-parties to the litigation, including the personal residence of the Debtor's U.S.-based officer and his spouse.

{00389272 v 3 }4

Court formalized its oral ruling by written order on April 24, 2024. (Doc. No. 417). In the formalized written order, the Court stated: "For the reasons articulated in the original order and stated at the April 23, 2024, hearing, the Court will extend the restraining order for another fourteen (14) days, or until judgment is entered in this matter." The District Court continued to extend the TRO in fourteen (14) day increments via successive text-only orders.

14. On April 29, 2024, Hayward filed a complaint in Union County, North Carolina, captioned *Hayward Industries, Inc. v. Blueworks Corporation and Zhoujing "Gina" Lu*, 24-CVS-1379, (the "State Court Lawsuit")[5] alleging a single claim for fraudulent transfer and seeking "a judgment against Blueworks and Lu in the amount of the Transfers, which amount exceeds $25,000[.]"

15. In the District Court Lawsuit, on May 21, 2024, the District Court entered a text-only order, extending the TRO for another fourteen (14) days. On May 28, 2024, the District Court entered judgment, adding treble damages and prejudgment interest to the jury verdict's damages, for a total amount of $16,021,736.30, and formalizing its oral directed verdict in the Judgment (Doc. No. 448): "Because the four Defendants are alter egos, Defendants are jointly and severally liable for this amount." In addition to the Judgment, the District Court entered an order dissolving the automatic thirty (30) day enforcement stay provided by Rule 62(a) of the Federal Rules of Civil Procedure. That same day, May 28, 2024, counsel for the Debtor and its codefendants filed notices of appeal, seeking, *inter alia*, Fourth Circuit review of the Judgment.

16. On May 30, 2024, Hayward filed its Writ of Execution against the Debtor, directing the United States Marshal to satisfy the Judgment out of the personal property of the Debtor. (Doc. No. 461). On May 31, 2024, Hayward filed its Writ of Execution against co-defendant Ningbo

---

[5] The Motion will refer to Zhoujing Lu individually as "Ms. Lu" and collectively with the Non-Debtor District Court Defendants as the "Non-Debtor Defendants".

C.F. Electronic Tech. Co., Ltd. ("NBCF") directing the United States Marshal to satisfy the Judgment out of the personal property of NBCF. (Doc. No. 463). On June 3, 2024, the District Court entered another text-only order, extending the TRO for another two weeks. That same day, the United States Court of Appeals for the Fourth Circuit issued a letter to the clerk of the District Court, noting that the appeal would be docketed after disposition of the Parties' post-judgment motions. On June 3, 2024, the District Court entered another text-only order, extending the TRO for another two weeks.

17. Contemporaneously with the filing of this Complaint, the Debtor filed its bankruptcy case (the "Chapter 11 Case").

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – Section 362 Automatic Stay)**

18. The Debtor realleges and incorporates herein by reference the preceding allegations of this Complaint.

19. The Debtor seeks a judgment, both preliminarily and permanently, declaring that any continued prosecution of the District Court Lawsuit pursuant to the Judgment or the TRO against NBCF, Blueworks Innovation Corporation ("Innovation"), Ningbo Yishang Import and Export Co., Ltd., ("NYIE"), Zefeng (Richard) Chen ("Mr. Chen") and Zhoujing "Gina" Lu ("Ms. Lu" and with NBCF, Innovation, NYIE, and Mr. Chen, the "Non-Debtor Defendants") along with the State Court Lawsuit against Ms. Lu violates the automatic stay under Section 362(a) of the Bankruptcy Code, which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and also prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]"

20. Pursuant to the Bankruptcy Code and bankruptcy law, the State Court Lawsuit alleges a fraudulent transfer action that is property of the Debtor's estate under Section 544 of the Bankruptcy Code to be pursued by the Debtor on behalf of all creditors. Therefore, Defendant's continued prosecution of the State Court Lawsuit against Ms. Lu is an act to exercise control over property of the Debtor's estate in violation of Section 362(a).

21. In the District Court Lawsuit, the District Court has entered Judgment, ruling that the Debtor, NBCF, Innovation, and NYIE are alter egos of each other and holding each entity jointly and severally liable for the Judgment. Therefore, Defendant's continued prosecution of the District Court Lawsuit and collection of the Judgment against the Non-Debtor Defendants pursuant to the Judgment or TRO would result in the liquidation and recovery of claims against the Debtor outside the Chapter 11 Case in violation of the automatic stay.

22. Therefore, the Debtor respectfully requests that the Court issue a declaration that the automatic stay applies to the Non-Debtor Defendants.

## SECOND CLAIM FOR RELIEF
### (Preliminary and Permanent Injunctions - Section 105(a))

23. The Debtor realleges and incorporates herein by reference the preceding allegations of this Complaint.

24. The Debtor also seeks preliminary and permanent injunctions staying the District Court Lawsuit and State Court Lawsuit pursuant to Section 105(a) of the Bankruptcy Code.

25. Section 105(a) authorizes this Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Courts have stayed actions against non-debtors in unusual circumstances wherein actions taken against the non-debtor outside a bankruptcy case will be in effect an action taken against the debtor. Unusual circumstances also exist if a debtor and non-debtor are bound such that the non-debtor's liability is imputed to the

debtor by the operation of law because such circumstances would frustrate the purpose of the Bankruptcy Code by allowing indirectly what is expressly prohibited by the Bankruptcy Code.

26. Execution on the Judgment in the District Court Lawsuit and continued prosecution of the State Court Lawsuit pose such unusual circumstances, allowing the Court to issue a preliminary and permanent injunction against Hayward, barring the continued prosecution of both actions against the Non-Debtor Defendants. The Debtor and Non-Debtor Defendants share such an identity of interest that actions taken against the Non-Debtor Defendants will be actions taken against the Debtor, frustrating the purpose of this Chapter 11 Case by permitting Hayward to indirectly accomplish that which is barred by the Bankruptcy Code—the enforcement and collection of claims which this Chapter 11 Case will address holistically.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

A. Declaring, preliminarily and permanently, that the automatic stay applies to actions taken against the Non-Debtor Defendants in the District Court Lawsuit and State Court Lawsuit;

B. Entering preliminary and permanent injunctions, pursuant to Section 105(a) of the Bankruptcy Code, enjoining Defendant from prosecuting the District Court Lawsuit and State Court Lawsuit against the Non-Debtor Defendants as well as from enforcing the Judgment against the Non-Debtor Defendants; and

C. Granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

This the 11th day of June, 2024.

                                      RAYBURN COOPER & DURHAM, P.A.

                        By:    /s/ Matthew L. Tomsic
                              Matthew L. Tomsic
                              N.C. State Bar No. 52431
                              Natalie E. Kutcher
                              N.C. State Bar No. 54888
                              Ashley B. Oldfield
                              N.C. State Bar No. 56552
                              Suite 1200, The Carillon
                              227 West Trade Street
                              Charlotte, NC  28202
                              (704) 334-0891

                              *Proposed Counsel to the Debtor*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Blueworks Corporation | DEFENDANTS<br>Hayward Industries, Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Matthew L. Tomsic, Rayburn Cooper & Durham, P.A.<br>227 W. Trade St., Ste. 1200, Charlotte, NC 28202, (704) 334.0891 | **ATTORNEYS** (If Known)<br>Russ Ferguson, Chad Ewing, Womble Bond Dickinson (US) LLP<br>One Wells Fargo Ctr., 301 S. College St., Ste. 3500, Charlotte, NC 28202 |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Judgment - Section 362 Automatic Stay
Preliminary and Permanent Injunctions

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☒ 72-Injunctive relief – other  [2]

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment  [1]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Blueworks Corporation | | BANKRUPTCY CASE NO.<br>24-30494 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of N.C. | DIVISIONAL OFFICE<br>Charlotte | NAME OF JUDGE<br>Judge Beyer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>6/11/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew L. Tomsic | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.
**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.