

FILED & JUDGMENT ENTERED
Christine F. Winchester

June 28 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| IN RE: | |
|---|---|
| BLUEWORKS CORPORATION, | Chapter 11 |
| Debtor.[1] | Case No. 24-30494 |

**INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING
(I) MAINTENANCE OF THE DEBTOR'S PREPETITION BANK ACCOUNTS;
(II) CONTINUED USE OF EXISTING BUSINESS FORMS; AND
(III) PAYMENT OF CERTAIN PREPETITION OBLIGATIONS TO AMAZON**

Upon review of the motion (the "Motion")[2] [Docket No. 4] of Blueworks Corporation (the "Debtor"), debtor and debtor-in-possession in the above-captioned case, for entry of an order pursuant to Sections 105, 345, 353, 364, 1107 and 1108 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), authorizing the (i) maintenance of the Debtor's existing bank accounts and cash management system; (ii) continued use of existing business forms; and (iii) payment of prepetition charges and fees associated with the Amazon transactions; and due and sufficient notice of the Motion having been given under the circumstances; and upon the record

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.
[2] Capitalized terms not otherwise defined herein shall have the definition given to them by the Motion.

{00390498 v 1 }

therein; and upon the Bowers Affidavit; and upon the objection filed by Hayward Industries, Inc. [Docket No. 33] (the "Hayward Objection"); and based upon the record therein and the arguments of counsel at the hearing on June 17, 2024; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate, its creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore;

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent below.

2. The Debtor is hereby authorized to maintain existing pre-petition bank accounts, provided that the Debtor shall ensure that the signature cards for each account shall indicate "Debtor-in-Possession" and further provided that no deposits in or payments or withdrawals out shall occur from any Debtor pre-petition bank accounts (including, but not limited to that certain bank account at Merrill Lynch/Bank of America in the name of Zhuojing Lu) except as provided for by this Order.

3. The Debtor is authorized to create a new, post-petition bank account (the "Post-Petition Account" and together with the BofA Accounts, the "Accounts"), provided that the Debtor shall ensure that the signature cards for any such account shall indicate "Debtor-in-Possession," with Chief Restructuring Officer Michael Bowers to be the sole signatory on the Post-Petition Account.

4. The Debtor is authorized to maintain and use its existing business forms, including existing physical checks and other similar physical forms related to the BofA Account, without reference to its debtor-in-possession status.

5. The Debtor is authorized, but not directed, to continue the Amazon transactions during the interim period ending July 10, 2024. The Debtor is accordingly authorized, but not

{00390498 v 1 }

directed, to satisfy any outstanding prepetition obligations on account of the Amazon transactions and other related obligations during the interim period ending July 10, 2024; except that the Debtor shall not be permitted to make any payments or transfers exceeding $5,000.00 in aggregate to Insiders, Affiliates, Non-Debtor Codefendants, or any related parties (collectively, the "Related Parties"), including any current or former officers, agents, employees, or representatives of Related Parties, and any spouses of current or former officers, agents, employees, and/or representatives of Related Parties (collectively, the "Additional Related Parties") unless otherwise ordered by this Court. For the avoidance of doubt, the Debtor is authorized to pay $2,000.75 for payroll to its employee Dongfang Yu and $2,000 to the call center, Six Eleven Global, utilized by the Debtor to process warranty requests, returns, refunds, and other customer questions and complaints.

6. The requirements of Rule 6003 of the Bankruptcy Rules are satisfied, and the relief requested is necessary to avoid immediate and irreparable harm.

7. Notwithstanding Rule 6004(h) of the Bankruptcy Rules, this Order shall be effective and enforceable immediately upon the entry hereof.

8. As described in the Motion, for the interim period ending July 10, 2024, BofA and the bank at which the Debtor opens its Post-Petition Account., ("Post-Petition Bank") are authorized and directed to refuse to honor checks, drafts, wires, and automated clearing house transfers issued or drawn on the Accounts prior to the Petition Date by the holders or makers thereof, as the case may be, unless explicitly directed by the Debtor to honor such items except that the Debtor shall not be permitted to direct BofA or the Post-Petition Bank to honor any check, draft, wire, or automated clearing house transfer to any Related Parties and/or Additional Related Parties unless otherwise ordered by this Court. For the avoidance of doubt, BofA's honoring of a prepetition check or other item drawn on any of the Accounts at the direction of the Debtor,

including any check or other item payable to or for the benefit of any Related Parties and/or Additional Related Parties, shall not cause BofA to be liable to Debtor, its estate or any creditor thereof.

9. As described in the Motion, for the interim period ending July 10, 2024, each of the BofA and any Post-Petition Bank is authorized and directed to (i) continue to service and administer the Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course; (ii) receive, process, honor, and pay any and all checks, drafts, wires, and ACH transfers issued, payable through, or drawn on the Accounts after the Petition Date by the holders, makers, or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that Debtor will promptly instruct BofA or the Post-Petition Bank as to any checks, drafts, wire transfers (excluding any wire transfers or ACH transactions that such bank is obligated to settle), or other items presented, issued, or drawn that should not be honored and Bank will follow said instructions, and provided further that the Debtor shall not be permitted to direct BofA or the Post-Petition Bank to honor any check, draft, wire, or automated clearing house transfer to any Related Parties and/or Additional Related Parties unless otherwise ordered by this Court; (iii) charge and collect out of the Accounts such fees and charges authorized under the agreements governing the use of the Accounts; and (iv) accept, hold, and invest the Debtor's funds in accordance with the Debtor's instructions, documents governing the Accounts, and any further orders of this Court.

10. The Debtor is authorized, but not directed, to (i) pay, or cause to be paid, prepetition amounts outstanding and postpetition amounts as they are incurred, if any, owed to BofA as service charges for the maintenance and administration of the BofA Account; and (ii) reimburse, or cause to be reimbursed, BofA for any fees or service charges arising before or after the Petition Date in

connection with Debtor checks deposited with BofA that have been dishonored or returned as a result of insufficient funds in the BofA Account, to the same extent the Debtor was responsible for such items prior to the Petition Date.

11. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12. Except as expressly provided herein, the BofA Account is in compliance with Section 345(b) of the United States Bankruptcy Code, codified at 11 U.S.C. § 101, *et seq*.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

14. A further hearing on the Motion shall be held on July 10, 2024, at 9:30 a.m. (the "Final Hearing") in the Courtroom 2A, United States Federal Courthouse, 401 West Trade Street, Charlotte, North Carolina 28202.

15. Objections to final approval of the Motion shall be filed on or before July 3, 2024. Unless it has been resolved, the Hayward Objection shall be considered at the Final Hearing without the need for Hayward to file a further objection.

16. The Debtor shall serve a copy of this Order upon (a) the Bankruptcy Administrator, (b) Bank of America, (c) the Debtor's twenty largest unsecured creditors, and (e) those parties that have requested notice pursuant to Bankruptcy Rule 2002 and shall file a certificate of service specifying the manner and method of service.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

{00390498 v 1 }