FILED & JUDGMENT ENTERED
Christine F. Winchester

July 3 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BLUEWORKS CORPORATION, | Case No. 24-30494 (LTB) |
| Debtor. | |

### CONSENT ORDER RELATING TO HAYWARD INDUSTRIES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion ("Motion") of Hayward Industries, Inc. ("Hayward") for Relief from the Automatic Stay (Docket No. 34); and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of the Motion is proper pursuant to 28 U.S.C. § 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and all objections, formal or informal, having been overruled, withdrawn, or resolved; and the Debtor and Hayward (collectively, the "Consenting Parties") agreeing to the relief set forth below; and the Court having found that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and after due deliberation; and with the permission and consent of the Court:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Relief from the automatic stay requested in the Motion[1] is GRANTED to the extent set forth herein.

2. The automatic stay set forth in 11 U.S.C. §362(d)(1) is modified to permit the continuation of all docketed proceedings in the District Court Action[2] including any related motions, appeals, and trials (e.g., trial(s) pursuant to a remand and/or trial(s) ordered pursuant to an existing motion filed for a new trial); *provided, however*, that:

   a. Hayward may not collect from the Debtor on account of the Judgment or otherwise seek to enforce the Judgment against the Debtor without further order from this Court or the District Court;

   b. In the event Hayward seeks to file a new post-Judgment motion against the Debtor in the District Court Action, it shall seek consent from the Debtor to file such motion (a "Hayward Request"). Within two (2) business days of receipt of a Hayward Request, the Debtor may object to the request by email to counsel for Hayward. In the event of an objection, Hayward may request an emergency hearing (via e-mail to Chambers) which shall be heard on shortened notice at the Court's earliest convenience. If no objection to a Hayward Request is timely made, the automatic stay is modified to permit the filing of the requested post-Judgment motion; and

   c. In the event the Debtor seeks to file a new post-Judgment motion in the District Court Action, it shall seek consent from Hayward to file such motion (a "Debtor Request"). Within two (2) business days of receipt of a Debtor Request, Hayward may object to the request by email to counsel for the Debtor. In the event of an objection, the Debtor may request an emergency hearing (via e-mail to Chambers) which shall be heard on shortened notice at the Court's earliest convenience. If no objection to a Debtor Request is timely made, the automatic stay is modified to permit the filing of the requested post-Judgment motion.

---

[1] This Order does not address the request in the Motion for the District Court (as defined in the Motion) to withdraw the reference.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

3. This consent order is without prejudice to (a) the Debtor seeking, in its Adversary Proceeding Complaint (Adv. Pro. No. 24-03029, Dkt No. 1) or Motion for a Preliminary Injunction (Adv. Pro. No. 24-03029, Dkt No. 2), an order staying collection on account of the Judgement as to the non-Debtor Defendants (as defined in the Motion for a Preliminary Injunction), and (b) Hayward opposing same; *provided, however,* that this consent order shall otherwise be a final order permitting the continuation of the District Court Action as ordered herein as to all defendants (including related appeals and/or trials) and such relief cannot be challenged by the Consenting Parties.

4. This Order shall be effective immediately upon entry. The fourteen-day stay of Rule 4001(a)(3) of the Federal Rule of Bankruptcy Procedure is hereby waived.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Agreed to and Accepted:**

| **WOMBLE BOND DICKINSON (US) LLP** | **RAYBURN COOPER & DURHAM, P.A.** |
|---|---|
| */s/ Russ Ferguson* <br> Russ Ferguson <br> N.C. State Bar No. 39671 <br> 301 S. College Street <br> Suite 3500 <br> Charlotte, NC 28202 <br> (704) 331-4900 <br><br> *Counsel for Hayward Industries, Inc.* | */s/ Matthew L. Tomsic* <br> Matthew L. Tomsic <br> N.C. State Bar No. 52431 <br> 227 West Trade Street <br> Suite 1200, The Carillon <br> Charlotte, NC 28202 <br> (704) 334-0891 <br><br> *Proposed Counsel to Blueworks Corporation* |

This Order has been signed electronically.  United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of the Order.