

FILED & JUDGMENT ENTERED
Christine F. Winchester

July 11 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

| | |
|---|---|
| IN RE:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 |

### SECOND INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING (I) MAINTENANCE OF THE DEBTOR'S PREPETITION BANK ACCOUNTS; (II) CONTINUED USE OF EXISTING BUSINESS FORMS; AND <u>(III) PAYMENT OF CERTAIN PREPETITION OBLIGATIONS TO AMAZON</u>

This cause first came before the Court on June 17, 2024, upon the motion (the "Motion")[2] [Docket No. 4] of Blueworks Corporation (the "Debtor"), debtor and debtor-in-possession in the above-captioned case, for entry of an order pursuant to Sections 105, 345, 353, 364, 1107 and 1108 of title 11of the United States Code (as amended, the "Bankruptcy Code"), authorizing the (i) maintenance of the Debtor's existing bank accounts and cash management system; (ii) continued use of existing business forms; and (iii) payment of prepetition charges and fees associated with

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.
[2] Capitalized terms not otherwise defined herein shall have the definition given to them by the Motion or the First Interim Order (defined below).

{00390668 v 3 }

the Amazon transactions. Following the hearing held June 17, 2024, the Court entered the *Interim Order Granting Debtor's Motion for Order Authorizing (I) Maintenance of the Debtor's Prepetition Bank Accounts; (II) Continued Use of the Existing Business Forms; and (III) Payment of Certain Prepetition Obligations to Amazon* [Docket No. 69] (the "First Interim Order"), providing interim relief through and including July 10, 2024, the date of a further hearing scheduled by the Court (the "Second Hearing"). In advance of the Second Hearing, the Debtor, Hayward Industries, Inc., ("Hayward"), and the Bankruptcy Administrator conferred, agreeing to the relief below; and based upon the record, the Court finds and concludes that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors, and good cause exists to grant the Motion on a second interim basis.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent below.

2. The Debtor is hereby authorized to transfer all funds in the BofA Accounts to its debtor in possession bank account ending in 9311 (the "DIP Account") held by United Bankshares, Inc., ("United Bank"), and is directed do so no later than July 22, 2024, at which time BofA is authorized to close any BofA Accounts. The Debtor shall ensure that the signature cards for the DIP Account shall indicate "Debtor-in-Possession," with Chief Restructuring Officer Michael Bowers to be the sole signatory on the DIP Account and further provided that no deposits in or payments or withdrawals out shall occur from the DIP Account, BofA Accounts (while they remain open), or any Debtor pre-petition bank accounts (including, but not limited to that certain bank account at Merrill Lynch/Bank of America in the name of Zhuojing Lu) , except as provided for by this Order or any other order by this Court for the second interim period ending August 7, 2024.

{00390668 v 3 }

3. Until such time as the BofA Accounts are closed, the Debtor is authorized to maintain and use its existing business forms, including existing physical checks and other similar physical forms related to the BofA Account, without reference to its debtor-in-possession status.

4. Notwithstanding the closing of the BofA Accounts, access to the BofA Accounts' historical records and documents shall remain available to the Debtor, its representatives, and other authorized persons or entities, consistent with the Debtor's existing account agreements with BofA. Furthermore, nothing under the terms of this Order shall be construed as limiting the Debtor, its representatives, or other authorized persons or entities from seeking access to those records, and the Court shall retain jurisdiction to consider any dispute that arises in connection with such a request for access, including any request initiated, if necessary, under the Federal Rules of Bankruptcy Procedure.

5. The Debtor is authorized, but not directed, to continue the Amazon transactions during the second interim period ending August 7, 2024. The Debtor is accordingly authorized, but not directed, to satisfy any outstanding prepetition obligations on account of the Amazon transactions and other related obligations during the second interim period ending August 7, 2024; except that the Debtor shall not be permitted to make any payments or transfers exceeding $5,000.00 in aggregate to Insiders, Affiliates, Non-Debtor Codefendants, or any related parties (collectively, the "Related Parties"), including any current or former officers, agents, employees, or representatives of Related Parties, and any spouses of current or former officers, agents, employees, and/or representatives of Related Parties (collectively, the "Additional Related Parties") unless otherwise ordered by this Court. For the avoidance of doubt, the Debtor is authorized to pay $2,000.75 for each bimonthly payroll to its employee Dongfang Yu and federal and state payroll taxes associated with this Order and the First Interim Order; $2,500 to the call

{00390668 v 3 }

center, Six Eleven Global, utilized by the Debtor to process warranty requests, returns, refunds, and other customer questions and complaints; amounts due to Rayburn, Cooper & Durham, P.A., ("RCD") pursuant to any interim fee application filed by RCD and approved by this Court; and amounts due to Middleswarth, Bowers, & Co. L.L.P., ("MBC") pursuant to any interim fee application filed by MBC and approved by this Court.

6. The requirements of Rule 6003 of the Bankruptcy Rules are satisfied, and the relief requested is necessary to avoid immediate and irreparable harm.

7. Notwithstanding Rule 6004(h) of the Bankruptcy Rules, this Order shall be effective and enforceable immediately upon the entry hereof.

8. As described in the Motion, for the interim period ending August 7, 2024, United Bank is authorized and directed to refuse to honor checks, drafts, wires, and automated clearing house transfers issued or drawn on the DIP Account prior to the Petition Date by the holders or makers thereof, as the case may be, unless explicitly directed by the Debtor to honor such items except that the Debtor shall not be permitted to direct United Bank to honor any check, draft, wire, or automated clearing house transfer to any Related Parties and/or Additional Related Parties unless otherwise ordered by this Court. For the avoidance of doubt, United Bank's honoring of a prepetition check or other item drawn on any of the Accounts at the direction of the Debtor, including any check or other item payable to or for the benefit of any Related Parties and/or Additional Related Parties, shall not cause United Bank to be liable to Debtor, its estate or any creditor thereof.

9. As described in the Motion, for the interim period ending August 7, 2024, United Bank is authorized and directed to (i) continue to service and administer the DIP Account as an account of the Debtor as debtor-in-possession, without interruption and in the ordinary course; (ii)

receive, process, honor, and pay any and all checks, drafts, wires, and ACH transfers issued, payable through, or drawn on the DIP Account after the Petition Date by the holders, makers, or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that Debtor will promptly instruct United Bank as to any checks, drafts, wire transfers (excluding any wire transfers or ACH transactions that such bank is obligated to settle), or other items presented, issued, or drawn that should not be honored and United Bank will follow said instructions, and provided further that the Debtor shall not be permitted to direct United Bank to honor any check, draft, wire, or automated clearing house transfer to any Related Parties and/or Additional Related Parties unless otherwise ordered by this Court; (iii) charge and collect out of the DIP Account such fees and charges authorized under the agreements governing the use of the Accounts; and (iv) accept, hold, and invest the Debtor's funds in accordance with the Debtor's instructions, documents governing the DIP Account, and any further orders of this Court.

10. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

12. A further hearing on the Motion shall be held on August 7, 2024, at 9:30 a.m. (the "Final Hearing") in the Courtroom 2A, United States Federal Courthouse, 401 West Trade Street, Charlotte, North Carolina 28202.

13. Objections to final approval of the Motion shall be filed on or before July 31, 2024. Unless it has been resolved, the Hayward Objection (as that term is defined in the First Interim Order) shall be considered at the Second Hearing without the need for Hayward to file a further objection.

{00390668 v 3 }

14. The Debtor shall serve a copy of this Order upon (a) the Bankruptcy Administrator, (b) Bank of America, (c) the Debtor's twenty largest unsecured creditors, and (e) those parties that have requested notice pursuant to Bankruptcy Rule 2002 and shall file a certificate of service specifying the manner and method of service.

| | |
|---|---|
| This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |

{00390668 v 3 }