UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 |

### *EX PARTE* APPLICATION TO EMPLOY PLATINUM INTELLECTUAL PROPERTY, PC AS SPECIAL CORPORATE COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE

Blueworks Corporation (the "Debtor"), debtor and debtor-in-possession in the above-captioned case, hereby applies (the "Application") to the Court for entry of an order authorizing the Debtor to employ and retain Platinum Intellectual Property, PC ("Platinum IP" or the "Firm") as special corporate counsel effective as of the commencement of this chapter 11 case, pursuant to sections 327(e), 330, 331, and 1195 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 9013(f) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"). The facts and circumstances supporting this Application are set forth in the Declaration of Michelle Dunn (the "Declaration"), a copy of which is attached hereto as **Exhibit A**.

In further support of this Application, the Debtor respectfully states as follows:

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina, 28173.

{00390386 v 1 }

**JURISDICTION, BACKGROUND, AND BASIS FOR RELIEF**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On June 11, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Debtor is operating its business and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has yet been appointed in this Chapter 11 Case.

3. The statutory bases for the relief requested herein are sections 327(e), 330, 331, 1195 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

4. Under section 327(e) of the Bankruptcy Code, a debtor-in-possession may employ one or more attorneys for a specified special purpose provided that it is in the best interest of the estate and such attorneys do not hold or represent an interest adverse to the estate with respect to the matter with which they are to be employed.

**RETENTION OF PLATINUM INTELLECTUAL PROPERTY, PC**

5. The Debtor seeks to retain Platinum IP as special corporate counsel for the Debtor because of Platinum IP's experience and knowledge in the field of corporate, business, and intellectual property law and because of its historical knowledge of the Debtor's business.

6. Since February 22, 2023, the Debtor has employed Platinum IP and/or its attorneys with respect to certain corporate and intellectual property matters, and during that time Platinum IP has represented the Debtor and provided legal services. In addition, Platinum IP is currently representing the Debtor in the Western District of North Carolina in Civil Action No. 3:20-CV-

710-MOC-SCR, Hayward Industries, Inc. v. Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd; Ningbo Yishang Import and Export Co., Ltd. (the "District Court Litigation"). Platinum IP also represents the remaining defendants in the District Court Litigation. During the time that Platinum IP has represented the Debtor and provided legal services, Platinum IP has acquired substantial institutional knowledge and familiarity with the Debtor's business and legal affairs. Platinum IP has become critical to the Debtor's business operations, and Platinum IP is well-qualified and able to represent the Debtor as special corporate counsel in the Chapter 11 Case.

7. The Debtor anticipates that Platinum IP will continue to render legal services to the Debtor in the District Court Litigation, as well as on various corporate and intellectual property matters, including, without limitation, the following:

   a. Providing corporate advice to the Debtor regarding the impact of the Chapter 11 Case on the corporate affairs of the Debtor;

   b. Representing the Debtor regarding various corporate governance matters;

   c. Providing advice and legal services related to intellectual property matters;

8. The Debtor believes that it is crucial that Platinum IP be retained as its special corporate counsel given Platinum IP's knowledge and expertise representing the Debtor. Platinum IP's services will be necessary notwithstanding the imposition of the automatic stay under Section 362 of the Bankruptcy Code because the Debtor anticipates that the stay will be lifted, in part, to allow the work noted above to be completed.[2] If the Court does not authorize Debtor's employment and retention of Platinum IP in the Chapter 11 Case, the Debtor, its estate, and all parties in interest

---

[2] The Debtor reserves all rights to argue the automatic stay should apply to any action taken in the District Court Litigation during the pendency of this Chapter 11 Case, and the application for employment of Platinum IP is not a waiver of those rights.

would be unduly prejudiced by the time and related expense for other counsel to familiarize themselves with the matters described above.

9. The services of Platinum IP pursuant to the terms of this Application are necessary to enable the Debtor to execute its duties as debtor and debtor-in-possession. Platinum IP has informed the Debtor that its billing rates for 2024 vary from $350/hr for partners, $325/hr for associates, and $195/hr for paralegals. The partner primarily involved in the representation bills at $350 per hour. Platinum IP will apply for fees on an hourly basis for its professional services based upon its current hourly rates for 2024, plus reimbursement of actual, necessary expenses and other charges that Platinum IP incurs in this representation. The Debtor is informed and believes that the 2024 hourly rates are consistent with the rates charged by Platinum IP in matters of this type. Platinum IP adjusts its billing rates from time to time on a firm-wide basis. If such an adjustment occurs, Platinum IP will provide notice to the Debtor, the Bankruptcy Administrator, and the Notice Parties as defined in the Administrative Order under 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Compensation Procedures Order"). After any adjustment and notice, Platinum IP will request compensation at the adjusted rates.

10. Platinum IP provided substantial legal services to the Debtor prior to the filing of the Debtor's bankruptcy petition. The Debtor incurred legal fees with Platinum IP of $308,942.50 for professional services rendered in the one-year period prior to the Petition Date, including $108,525.00 for professional services rendered during the ninety (90) days prior to the Petition Date. Platinum IP incurred costs of $90,180.46 in the one-year period prior to the Petition Date, including $7,410.83 for costs during the ninety (90) days prior to the Petition Date. Before the filing of the petition on June 11, 2024, Platinum IP received a $126,100.00 retainer (the

"Retainer"). Platinum IP holds the Retainer to secure payment of professional services rendered and expenses incurred prior to the Petition Day. As of the Petition Date, Platinum IP was owed approximately $10,456.05 for services rendered prepetition, exclusive of the $126,100.00 that was paid to Platinum IP's operating account and moved to trust earmarked for payment of Platinum IP's invoices prepetition but is not disqualified for employment solely due to the prepetition amounts owed pursuant to 11 U.S.C. § 327(e).

11. The attorneys at Platinum IP regularly practice in the areas of intellectual property law, business litigation and corporate governance.

12. To the best of the Debtor's knowledge, information and belief, and except to the extent disclosed herein and in the Declaration, Platinum IP (i) does not hold any interest materially adverse to the Debtor's estate with respect to the matters on which it will be employed, and (ii) has no connection with the Debtor, its creditors, equity security holders, employees or related parties herein other than as disclosed in the Declaration. The Debtor's knowledge, information and belief regarding the matters set forth herein are based upon, and made in reliance of, the Declaration.

13. Neither Platinum IP nor any of its partners hold any equity interest in the Debtor.

14. Platinum IP employs four attorneys in California. Except as otherwise stated herein, Platinum IP will not represent any other client in matters related in any manner to the Debtor during the pendency of the Chapter 11 Case. If any new relevant facts or relationships are discovered or arise, Platinum IP will use reasonable efforts to identify such further developments and will promptly file a supplemental statement pursuant to Bankruptcy Rule 2014(a). Additionally, Platinum IP will periodically review its files during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise.

15. The Debtor requests authority to employ and retain Platinum IP to render legal services relating to the Debtor and to continue to advise and represent the Debtor in special corporate matters in which Platinum IP represented the Debtor before the Chapter 11 Case.

## NO DUPLICATION OF SERVICES/SPECIAL PURPOSE

16. Platinum IP understands that the Debtor has retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtor to ensure no duplication of efforts between professionals.

## NOTICE

17. Notice of this Application has been given to the following parties: (i) the holders of the twenty largest general unsecured claims against Debtor; (ii) the Internal Revenue Service; and (iii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina. Pursuant to the *ex-parte* procedure set forth in Local Rule 9013-1(f)(8) and considering the nature of the relief requested, the Debtor submits that no further notice need be given.

18. No previous application for the relief sought herein has been made to this or any other court.

19. Attached hereto as **Exhibit B** is a proposed Order approving the engagement of Platinum IP.

**WHEREFORE**, the Debtor respectfully requests that the Court:

A. Enter an Order pursuant to sections 327(e), 328, 330, 331, and 1195 of the Bankruptcy Code authorizing the employment of Platinum IP under the terms specified to represent it as special litigation counsel for the Debtor in this Chapter 11 Case and approving its employment as set forth herein as of the Petition Date;

B. Allowing compensation to be paid to Platinum IP by the Debtor for professional services rendered and reimbursement for expenses incurred by it as determined by this Court upon monthly and final applications pursuant to the Bankruptcy Code and the Compensation Procedures Order; and

C. Grant the Debtor such other and further relief as is just and proper.

This the 11th day of July, 2024.

                BLUEWORKS CORPORATION

             By: /s/ Michael T. Bowers
                Michael T. Bowers
                Chief Restructuring Officer

# Exhibit A

## DECLARATION OF MICHELLE DUNN

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE:

BLUEWORKS CORPORATION,

Debtor.[1]

Chapter 11

Case No. 24-30494

**DECLARATION OF MICHELLE DUNN ON BEHALF OF PLATINUM INTELLECTUAL PROPERTY, PC IN SUPPORT OF APPLICATION TO EMPLOY PLATINUM INTELLECTUAL PROPERTY, PC AS SPECIAL CORPORATE COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE**

I, Michelle Dunn, declare that:

1. I am an attorney at law duly admitted to practice in the State of California and before the U.S. Patent and Trademark Office. I have been admitted pro hac vice in the Western District of North Carolina in Civil Action No. 3:20-CV-710-MOC-SCR, Hayward Industries, Inc. v. Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd; Ningbo Yishang Import and Export Co., Ltd. I am a member and partner in Platinum Intellectual Property, PC ("Platinum IP"). Platinum IP maintains offices for the practice of law at 3031 Tisch Way, Ste. 110 PW, San Jose, California. I am authorized to make this declaration on Platinum IP's behalf.

2. I submit this declaration in support of the Debtor's *Ex Parte* Application to Employ Platinum IP as Special Corporate Counsel for Debtor and Debtor-in-Possession as of the Petition Date (the "Application")[2], and in compliance with and to provide disclosure pursuant to

---

[1] Debtor is the following entity (the last four digits of their taxpayer identification numbers follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina, 28173.
[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Application.

{00390386 v 1 }9

Bankruptcy Code Section 328 and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein may require amendment or modification upon Platinum IP's completion of further analysis or as additional creditor information becomes available to it or if any new relevant facts or relationships are discovered by Platinum IP or made known to us or arise herein, a supplemental declaration will be submitted to the Court.

3. The Debtor has requested that Platinum IP agree to be employed and provide professional services to the Debtor subject to Court approval.

4. Since February 22, 2023, the Debtor has employed Platinum IP and/or its attorneys with respect to certain corporate and intellectual property matters, and during that time Platinum IP has represented the Debtor and provided legal services. In addition, Platinum IP is currently representing the Debtor in the Western District of North Carolina in Civil Action No. 3:20-CV-710-MOC-SCR, Hayward Industries, Inc. v. Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd; Ningbo Yishang Import and Export Co., Ltd. (the "District Court Litigation"). Platinum IP also represents the remaining defendants in the District Court Litigation. During the time that Platinum IP has represented the Debtor and provided legal services, Platinum IP has acquired substantial institutional knowledge and familiarity with the Debtor's business and legal affairs. Platinum IP has become critical to the Debtor's business operations, and Platinum IP is well-qualified and able to represent the Debtor as special corporate counsel in the Chapter 11 Case.

20. The Debtor anticipates that Platinum IP will continue to render legal services to the Debtor in the District Court Litigation, as well as on various corporate and intellectual property matters, including, without limitation, the following:

    a. Providing corporate advice to the Debtor regarding the impact of the Chapter 11 Case on the corporate affairs of the Debtor;

    b. Representing the Debtor regarding various corporate governance matters;

    c. Providing advice and legal services related t intellectual property matters;

5. The services of Platinum IP pursuant to the terms of this Application are necessary to enable the Debtor to execute its duties as debtor and debtor-in-possession. Platinum IP has informed the Debtor that its billing rates for 2024 vary from $350/hr for partners, $325/hr for associates, and $195/hr for paralegals. The partner primarily involved in the representation bills at $350 per hour. Platinum IP adjusts its billing rates from time to time on a firm-wide basis.

6. Based upon such review, to the best of my knowledge, information and belief, neither I, Platinum IP, any member of the firm, nor associate thereof, insofar as I have been able to ascertain at this time, has any connection with the Debtor or any of its creditors, the United States Bankruptcy Administrator, or any other party in interest in the above-captioned case, or their respective attorneys except as disclosed here:

    a. Platinum IP provided substantial legal services to the Debtor prior to the filing of the Debtor's bankruptcy petition. The Debtor incurred legal fees with Platinum IP of $308,942.50 for professional services rendered in the one-year period prior to the Petition Date, including $108,525.00 for professional services rendered during the ninety (90) days prior to the Petition Date. Platinum IP incurred costs of $90,180.46 in the one-year period prior to the Petition Date, including $7,410.83

for costs during the ninety (90) days prior to the Petition Date. Before the filing of the petition on June 11, 2024, Platinum IP received a $126,100.00 retainer (the "Retainer"). Platinum IP holds the Retainer to secure payment of professional services rendered and expenses incurred prior to the Petition Day. As of the Petition Date, Platinum IP was owed approximately $10,456.05 for services rendered prepetition, exclusive of the $126,100.00 that was paid to Platinum IP's operating account and moved to trust earmarked for payment of Platinum IP's invoices prepetition, but is not disqualified for employment solely due to the prepetition amounts owed pursuant to 11 U.S.C. § 327(e).

b. Platinum IP currently represents the remaining Defendants in the District Court Litigation.

c. Further, I, or Platinum IP through its attorneys:

   i. May appear in the future, in matters, cases or controversies where one or more of the parties in interest of the Debtor may be involved;

   ii. May represent or have represented certain of the Debtor's insiders, affiliates, creditors, contract counter-parties, potential investors, or lessors in matters unrelated to this case; and

   iii. May have, directly or indirectly, investments in publicly held business entities that may include various parties in interest.

7. Neither Platinum IP nor any of its shareholders hold any direct equity interest in the Debtor.

8. Platinum IP employs four attorneys located in California. Except as stated herein, Platinum IP will not represent any other client in matters related in any manner to the Debtor

during the pendency of the Chapter 11 Case. If any new relevant facts or relationships are discovered or arise, Platinum IP will use reasonable efforts to identify such further developments and will promptly file a supplemental statement pursuant to Bankruptcy Rule 2014(a).

9. Based upon the foregoing, neither I, Platinum IP nor any of its attorneys, insofar as I have been able to ascertain, represent any interest adverse to the Debtor or to the Debtor's estate in the matters upon which Platinum IP is to be engaged.

10. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court, Platinum IP intends to apply for compensation for professional services in connection with its representation of the Debtor as counsel, plus reimbursement of certain actual, necessary expenses and other charges incurred by Platinum IP during this representation. For the calendar year 2024, Platinum IP will apply fees on an hourly basis for its professionals, plus reimbursement of actual, necessary expenses and other charges that Platinum IP incurs in this representation. The 2024 hourly rates are consistent with the rates charged by Platinum IP in matters of this type.

11. Platinum IP commonly bills its clients, and will bill the Debtor, in tenths of an hour and issue statements for fees and expenses on a monthly basis. Platinum IP does not bill for certain rudimentary expenses such as postage and regular copying, but if a significant expense arises, Platinum IP will advance such costs and include a category for cost reimbursement in its monthly billing statement. Should the Debtor terminate Platinum IP's representation, the Debtor is obligated to pay all legal services rendered and costs advanced before the date of termination, subject to approval of the Bankruptcy Court.

12. No promises have been received by Platinum IP as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13. Platinum IP further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive in this case with any other party or person, other than with partners, shareholders, counsel and associates of Platinum IP or (b) any compensation another party or person has received or may receive.

By: _Michelle Dunn_

Sworn to and subscribed before me,
A notary public for the state of California,
County of _____,
This the ____ day of _____ 2024.

**SEE ATTACHED NOTARY CERTIFICATE**

_____
Notary Public

My Commission Expires: _____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Santa Clara
Subscribed and sworn to (or affirmed) before me on this 10th day of July, 2024, by Michelle Chen Dunn, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(Seal) Signature _Alba Luz Chavez_

ALBA LUZ CHAVEZ
Commission # 2374981
Notary Public - California
Santa Clara County
My Comm. Exp: SEP. 13, 2025

{00390386 v 1 }14

## Exhibit B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 |

### *EX PARTE* ORDER APPROVING APPLICATION TO EMPLOY PLATINUM INTELLECTUAL PROPERTY, PC AS SPECIAL CORPORATE COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE

THIS MATTER coming before the Court on the *Ex Parte* Application to Employ Platinum Intellectual Property, PC as Special Corporate Counsel for Debtor and Debtor-in-Possession as of the Petition Date (the "Application")[2] filed by Blueworks Corporation (the "Debtor"), as debtor and debtor-in-possession in the above-captioned case seeking entry of an order authorizing the Debtor to employ and retain Platinum Intellectual Property, PC ("Platinum IP") as special corporate counsel effective as of the commencement of this chapter 11 case, pursuant to section 327(e), 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follows in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina, 28173.
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

{00390386 v 1 }

Local Rules 2014-1 and 9013-1(f) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"). The Court, having reviewed the Application, finding that the relief requested therein is in the best interests of the Debtor's estate and creditors, and finding good cause for granting the relief sought in the Application:

IT IS HEREBY ORDERED THAT:

1. The Application is APPROVED.

2. Pursuant to 327(e) of the Bankruptcy Code, the Debtor is authorized to employ Platinum IP effective as of the Petition Date as special corporate counsel in accordance with the terms and conditions set forth in the Application.

3. The compensation to be paid to Platinum IP by the Debtor for professional services rendered and reimbursement for expenses incurred shall be determined by this Court upon monthly and final applications pursuant to the Bankruptcy Code, including, without limitation, Sections 328, 330, and 331, and such other procedures as may be fixed by order of this Court.

4. Pursuant to Rule 9013-1(f) of the Local Rules, any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a Motion for Reconsideration within fourteen (14) days of service of this Order.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

{00390386 v 1 }