FILED & JUDGMENT ENTERED
Christine F. Winchester

July 26 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re: )
)  Case No.: 24-30494
BLUEWORKS CORPORATION, )
)  Chapter 11
Debtor. )

## CONSENT ORDER APPOINTING
## LIMITED POWERS CHAPTER 11 TRUSTEE

THIS MATTER came before the Court with the consent of the undersigned parties. The above-captioned debtor and debtor-in-possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 11, 2024 (the "Petition Date"). Michael Bowers signed the Debtor's petition as its Chief Restructuring Officer, having been retained shortly prior to the bankruptcy case filing. The undersigned parties desire Michael Bowers ("Bowers") to serve as the chapter 11 trustee of the Debtor's estate with limited powers as delineated herein, subject to possible future order further expanding such powers if agreed by the parties or otherwise ordered by the Court.

{00391231 v 1 }

Bowers is experienced in tracing funds, investigating fraud, and recovering transfers in bankruptcy cases. His fees set forth in the retention application filed by Middleswarth, Bowers & Co., LP [Docket No. 84] are reasonable. Bowers' investigation will not unreasonably delay the administration of this bankruptcy case and will assist the Court (and the parties) in determining whether this case should eventually be dismissed, converted to Chapter 7, or proceed to plan confirmation. The best interests of creditors will be served by appointing Bowers as the chapter 11 trustee of the Debtor's estate with limited powers as delineated herein

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

A.      Michael Bowers is appointed as the chapter 11 trustee in the Debtor's case pursuant to 11 U.S.C. § 1104 with limited powers as set forth herein (the "Chapter 11 Trustee").

B.      Except as set forth in paragraph E below, the Chapter 11 Trustee shall have all the powers and rights and shall perform the duties set forth in 11 U.S.C. § 1106(a), including §§ 544, 547, 548, 549 and all state law equivalents, and § 704(a)(4). For avoidance of doubt, the Chapter 11 Trustee shall investigate and, if appropriate, may (a) commence, prosecute and, subject to approval of the Court, compromise any and all claims or causes of action belonging to the Debtor or its estate, and (b) object to any claim asserted against the Debtor or its estate.

C.      The Chapter 11 Trustee shall be the sole signatory on any and all Debtor bank accounts consistent with the prior orders of this Court [ECF No. 69, 80].

D. The Debtor's professionals shall act at the direction of the Chapter 11 Trustee except with respect to the proposal of a plan under sections 1121 and 1129 of the Bankruptcy Code or possible sale of substantially all of its assets under section 363 of the Bankruptcy Code.

E. The Chapter 11 Trustee's powers shall not include the filing of a plan under sections 1121 and 1129 of the Bankruptcy Code or proposing a sale of substantially all of its assets under section 363 of the Bankruptcy Code, provided, however, nothing herein shall prevent him from offering his input on such matters.

F. Nothing herein shall be deemed to limit or otherwise alter the rights of any party-in-interest, including Hayward Industries, Inc., (a) to seek standing in this Chapter 11 case to assert claims on behalf of the Debtor and its estate and (b) object or otherwise challenge any action (or inaction) taken (or not taken) by the Chapter 11 Trustee or any other party.

G. Upon further Order of the Court, the Chapter 11 Trustee's powers may be expanded or otherwise modified.

H. The Chapter 11 Trustee's bond will be set in an amount determined by the Bankruptcy Administrator.

I. Notwithstanding Rule 6004(h) of the Bankruptcy Rules, this Order shall be effective and enforceable immediately upon entry hereof.

J. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

K. The Debtor shall serve this order on all parties in interest within three business days of its entry.

L. Any party may request that the Court reconsider the relief granted herein by filing an objection within 14 days of service of this Order, which, if filed, will be considered by the Court on August 21, 2024, at 9:30 a.m. in the Courtroom 2A, United States Federal Courthouse, 401 West Trade Street, Charlotte, North Carolina 28202.

*This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.*

*United States Bankruptcy Court*

CONSENTED AND AGREED TO BY:

| /s/ Matthew L. Tomsic | /s/ Shelley K. Abel | / s/ B. Chad Ewing |
|---|---|---|
| Matthew L. Tomsic | Shelley K. Abel | B. Chad Ewing |
| NC Bar No. 52431 | NC Bar No. 34370 | NC Bar No. 54129 |
| Rayburn Cooper & Durham, P.A. | U.S Bankruptcy Administrator | Womble Bond |
| 227 W. Trade St., Suite 1200 | 401 W. Trade Street, Suite 2400 | 301 S. College St., Suite 3500 |
| Charlotte, NC 28202 | Charlotte, NC 28202-1633 | Charlotte, NC 28202 |
| Tel: (704) 334-0891 | Tel: (704) 350-7587 | Tel: (704) 331-4900 |
| mtomsic@rcdlaw.net | shelley_abel@ncwba.uscourts.gov | chad.ewing@wbd-us.com |
| *Attorney for the Debtor* | *U.S. Bankruptcy Administrator* | *Attorney for Hayward Industries, Inc.* |