IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BLUEWORKS CORPORATION,** | ) | Case No. 24-30494 |
| | ) | |
| Debtor. | ) | |

### NOTICE OF REMOVAL
**(Union County, NC Case No. 24-CVS-1379)**

Zhoujing "Gina" Lu ("Ms. Lu") submits this Notice of Removal of that action entitled *Hayward Industries, Inc. v. Blueworks Corporation and Zhoujing "Gina" Lu* (Case No. 24-CVS-1379) (the "State Action") from the Superior Court of Union County, North Carolina to the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") in accordance 28 U.S.C. § 157, 28 U.S.C. § 1452(a), and Federal Rule of Bankruptcy Procedure 9027. Ms. Lu respectfully states as follows:

### BACKGROUND

1.      Blueworks Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 11, 2024 (the "Petition Date"), which is currently pending before this Court, Case No. 24-30494.

2.      Hayward Industries, Inc. ("Hayward"), a judgment creditor of the Debtor, filed the State Action prepetition on April 26, 2024. The State Action is not a civil proceeding before the United States Tax Court nor an action by a governmental unit to enforce such governmental unit's police or regulatory power.

3.      The plaintiff alleges in the State Action that Ms. Lu received voidable transfers from the Debtor in excess of $25,000.00, which Hayward should be entitled to recover as a creditor of the Debtor pursuant to North Carolina General Statute § 39-23.5.

**BASES FOR REMOVAL**

4.      The bankruptcy trustee is the only party permitted to pursue such fraudulent conveyance actions under 11 U.S.C. § 544(b).  The filing of a bankruptcy petition stays "any act to collect a debt of the debtor,"  *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 616 (W.D.N.C. 2012), as well as "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3). Actions taken in violation of the stay are void and without effect.  3 COLLIER ON BANKRUPTCY ¶ 362.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

5.      Actions that are "similar in object and purpose to claims that the trustee could bring in bankruptcy court" are likewise stayed pursuant to Section 362.  *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).  *See also In re Employee-Services.Net, Inc.*, Case 14-30584 (Bankr. W.D.N.C. Oct. 30, 2014) (enforcing 11 U.S.C. § 362 to stay lawsuits against non-debtors on, *inter alia*, fraudulent transfer theories).

6.      Allowing creditors to pursue actions similar in object and purpose as those which are property of the bankruptcy estate, like Hayward's fraudulent transfer claim against Ms. Lu, "would unravel the bankruptcy process and undermine the ordered distribution of the bankruptcy estate."  *Ruppert Landscaping Co.*, 187 F.3d at 442 (citing *Litchfield Co. v. Anchor Bank (In re Litchfield Co.)*, 135 B.R. 797, 804 (W.D.N.C. 1992)).  The stay of such actions is necessary so that "individual creditors cannot hijack the bankruptcy process."  *Id.  See also Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988).

7.      Accordingly, the Debtor or its trustee is entitled to the "first crack" at those claims.  *Ruppert Landscaping*, 187 F.3d at 442; *Employee-Services.Net*, Inc., Case 14-30584, (Bankr. W.D.N.C. Oct. 30, 2014).

8.      Not only are such actions stayed, but creditors are also divested of standing to pursue them and cannot reacquire standing unless and until the actions are abandoned by the

bankruptcy estate.  *Ruppert Landscaping*, <u>187 F.3d at 442</u> (citing *Steyr-Daimler-Puch of Am.*
*Corp.*, <u>852 F.2d at 136</u>).

9.      The United States District Court for the Western District of North Carolina has
original jurisdiction over the claims asserted in the State Action pursuant to <u>28 U.S.C. § 1334(b)</u>.
Specifically, such claims entail the determination, avoidance, and recovery of fraudulent
conveyances; involve the liquidation of the Debtor's assets; and necessarily impact the
administration of the bankruptcy estate.

10.     Ms. Lu states that the claims at issue in the State Action are core proceedings
pursuant to <u>28 U.S.C. § 157</u>.  Alternatively, to the extent the Court finds the claims in the State
Action are not core, Ms. Lu consents to the entry of final orders or judgment by the bankruptcy
judge in such non-core matters.

## ATTACHMENT OF PROCESS AND PLEADINGS

11.     Copies of all process and pleadings in the State Action are attached as exhibits to
this Notice of Removal.  If additional documents related to the State Action are required, the
same will be submitted at the direction of the Court.

## NOTICE

12.     Pursuant to Bankruptcy Rule 9027(b)-(c), the Debtor has furnished written notice
of this Notice of Removal to all parties to the State Action and will file and serve a copy of this
Notice of Removal with the Clerk of the Superior Court for Union County, North Carolina.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the State Action be removed from
the Superior Court of Union County, North Carolina, and that the Court grant such other and
further relief as is just and proper.

Dated: Charlotte, North Carolina
         August 23, 2024

                              **MOON WRIGHT AND HOUSTON, PLLC**

                              _____*/s/ Richard S. Wright*_____
                              Richard S. Wright (NC Bar No. 24622)
                              212 North McDowell Street, Suite 200
                              Charlotte, North Carolina 28204
                              Telephone: (704) 944-6560
                              Facsimile:  (704) 944-0380
                              *Counsel for Zhoujing "Gina" Lu*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing NOTICE OF REMOVAL has this date been served upon the persons named below by depositing a copy of the same in the United States Mail, first class postage prepaid, addressed as follows:

B. Chad Ewing
Russ Ferguson
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

Matthew L. Tomsic
Natalie E. Kutcher
Rayburn Cooper & Durham, PA
227 West Trade Street, Suite 1200
Charlotte, NC 28202-1672

Dated: Charlotte, North Carolina
August 23, 2024

**MOON WRIGHT AND HOUSTON, PLLC**

_____/s/ Richard S. Wright_____
Richard S. Wright (NC Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile:  (704) 944-0380
*Counsel for Zhoujing "Gina" Lu*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BLUEWORKS CORPORATION,** | ) | Case No. 24-30494 |
| | ) | |
| Debtor. | ) | |

### INDEX TO EXHIBITS TO NOTICE OF REMOVAL
**(Union County Case No. 24-CVS-1379)**

Exhibit A:    Summons

Exhibit B:    Complaint

Exhibit C:    Motion/Order for Defendant Lu to Respond to Complaint

Exhibit D:    Motion/Order for Defendant Blueworks Corporation to Answer

# EXHIBIT A

# STATE OF NORTH CAROLINA

_____UNION_____ County

*File No.*
24-CVS- **1379**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

*Name Of Plaintiff*
HAYWARD INDUSTRIES, INC.

*Address*

*City, State, Zip*

FILED
2024 APR 26  A 11:49
UNION CO., C.S.C.
BY _____ Zip

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

*Name Of Defendant(s)*
BLUEWORKS CORPORATION and ZHOUJING "GINA" LU

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

### To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| BLUEWORKS CORPORATION<br>C/O HAOQI SUN, REGISTERED AGENT<br>8408 CHANNEL WAY<br>WAXHAW                    NC    28173-7070 | ZHOUJING "GINA" LU<br>8408 CHANNEL WAY<br><br>WAXHAW                    NC    28173-7070 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, **DO NOT throw these papers out!** You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 4-26-24 | *Time* 11:49 ☒ AM ☐ PM |
|---|---|---|
| B. Chad Ewing / Russ Ferguson<br>WOMBLE BOND DICKINSON (US) LLP<br>301 South College Street, Suite 3500<br>Charlotte                    NC    28202-7038 | *Signature* *Angela Pasley* | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# **<u>EXHIBIT B</u>**

STATE OF NORTH CAROLINA

COUNTY OF UNION

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-1399

2024 APR 26  A 11: 50

UNION CO., C.S.C.

BY

HAYWARD INDUSTRIES, INC.

Plaintiff,

v.

BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

NOW COMES Plaintiff, Hayward Industries, Inc. ("Hayward"), complaining of the acts

of Defendants Blueworks Corporation ("Blueworks") and Zhoujing "Gina" Lu, and alleges and

states as follows:

### PARTIES AND JURISDICTION

1.     Hayward is a corporation organized and existing under and by virtue of the laws of

the State of New Jersey and is a resident of Mecklenburg County, North Carolina.

2.     Blueworks is a corporation organized and existing under and by virtue of the laws

of the State of North Carolina and is a resident of Union County, North Carolina.

3.     Upon information and belief, Zhoujing "Gina" Lu is a resident of Union County,

North Carolina, and is neither an infant nor an incompetent person, nor in the military service of

the United States.  Lu may be served at her residence located at 8408 Channel Way, Waxhaw,

North Carolina.

4.     This Court has subject matter jurisdiction over the claims contained in this

Complaint.

5.      Venue is proper in this Court over the claims contained in this Complaint.

6.      This Court has personal jurisdiction over the Defendants because they both reside in Union County and the incidents giving rise to the claims contained in this Complaint occurred in Union County.

## FACTUAL BACKGROUND

7.      Hayward is a leading manufacturer of equipment for swimming pools, such as pumps, heaters, filters, and chlorination systems.

8.      Lu is the wife of Zefeng "Richard" Chen.  Chen is a co-owner and the CEO of Blueworks Corporation ("Blueworks") and several related companies.

9.      On May 12, 2020, Hayward sent a cease-and-desist notice to Blueworks demanding that it stop infringing Hayward's trademarks and falsely advertising its products at issue (known as "salt cells") as, *inter alia*, "compatible with" Hayward's salt chlorination systems or "direct replacements for" Hayward's genuine salt cells.  Blueworks advertisements at that time (and thereafter) also falsely stated, and/or misled customers into believing, that, its salt cells (or components thereof known as "cell plates") were made by a USA company when, in fact, the salt cells and all components were made in China.  A true and accurate copy of the May 12, 2020 notice is attached hereto as **Exhibit A**.

10.     Although Blueworks received Hayward's May 12, 2020, notice, it ignored the notice and continued selling its salt cells using false and deceptive advertisements and trademark infringement.

11.     Hayward sent a second cease-and-desist notice to Blueworks on June 25, 2020, and repeated its demand.  Again, although Blueworks received Hayward's June 25, 2020, notice, it

2

ignored the notice. A true and accurate copy of the June 25, 2020, notice is attached hereto as
**Exhibit B**.

12.    On December 18, 2020, Hayward filed a complaint in the United States District
Court for the Western District of North Carolina, Case No. 3:20-CV-710, against Blueworks and
three related entities. Among other claims, Hayward alleged that Blueworks and the related
companies violated the Lanham Act (15 U.S.C. § 1051 *et seq*) and the North Carolina Unfair and
Deceptive Trade Practices Act (N.C. GEN. STAT. § 75-1.1) by falsely advertising that its salt cells
were "compatible with" Hayward's salt cells, among other false claims. Hayward also alleged
infringement of several of Hayward's registered trademarks.

13.    After receiving the cease-and-desist letters, and again after receiving the complaint,
Blueworks made certain transfers ("Transfers") to Lu even though she was not performing any
services for Blueworks.

14.    Shortly after Blueworks was served with the Summons and Complaint in Case
No. 3:20-CV-710, Lu posted the following information on a publicly available "Ask a Lawyer"
website:

> From July 2017 and July 2018, I holding shares for my husband, He is the actual
> owner of the company. From startup of the company and till 2019, I used to help
> my husband for his business. My daily work includes process payroll, sales report
> and online stores.
> I leave the company in 2019 because I give birth to the baby, and stays at home
> since then. Even though I did not helping my husband, I continued to receive
> payroll check till the 12/26/2020.
> Recently my husband received a lawsuit against the company, he is currently not
> in the country. So he told me I am liable for the lawsuit. Because I used to help him
> in the online store. And one of the listing content violates the trademark law.
> I argued with him and saying that I went home in 2019, and now I am even not an
> employee of his company.
> I want to know, do I liable for this lawsuit, and can I reject to attend the court for
> his company?

3

A true and accurate copy of Lu's "Ask a Lawyer" post is attached hereto as **Exhibit C**.

15.    After almost three-years of litigation and delays caused by Chen, Blueworks, and their affiliated companies, on March 1, 2024, a jury entered a verdict in favor of Hayward on its claims that Blueworks violated the Lanham Act and the North Carolina Unfair and Deceptive Trade Practices Act by making false or misleading statements in commercial advertising that deceived consumers or were likely to deceive consumers in a material way that caused harm to Hayward.  Because of Blueworks' false, unfair and deceptive advertising, the jury found that Hayward had been actually damaged in the amount of $4,900,000.  A true and accurate copy of the Jury Verdict Form is attached hereto as **Exhibit D**.

16.    After the jury returned its verdict, the trial judge, the Honorable Max O. Cogburn, Jr.,  trebled the damages award, as provided in North Carolina's Unfair and Deceptive Trade Practices Act.

17.    Although a formal judgment has not yet been entered against Blueworks as of the date of this complaint, based upon statements by Judge Cogburn, Hayward expects that a judgment will be entered within a few weeks.  In addition to recovering treble its actual damages, Hayward has also filed motions to recover some of its attorneys' fees incurred in prosecuting the lawsuit against Blueworks.   Hayward will also seek prejudgment interest.  Because Judge Cogburn has already determined that Hayward's actual damages will be trebled, the judgment will be in an amount at least equal to $14,700,000 and potentially will approach or exceed $20,000,000 if prejudgment interest and attorneys' fees are added to the judgment.

4

CLAIM FOR RELIEF
FRAUDULENT TRANSFER
PURSUANT TO N.C. GEN. STAT. § 39-23.5

18.　The allegations contained in paragraphs 1 through 17 are hereby realleged and incorporated herein by reference.

19.　Hayward's claims against Blueworks arose prior to the date of the Transfers.

20.　Lu received Transfers from Blueworks after the dates of the cease-and-desist letters and after the complaint was filed and served.

21.　On March 1, 2024, Blueworks, by and through its counsel, told the jury in Case No. 3:20-CV-710 that a damages award of $24,000,000 would put Blueworks out of business.

22.　On April 23, 2024, Blueworks, by and through its counsel, represented to Hayward's counsel that Blueworks and Chen have $5,000,000 with which to settle Case No. 3:20-CV-710 and that Hayward would be unsuccessful in collecting any judgment against Blueworks and its co-defendants because of Blueworks' lack of assets and because the assets of the other co-defendants are beyond the reach of the United States Courts.

23.　Given the allegations above, and upon information and belief, Blueworks was insolvent, pursuant to N.C. GEN. STAT. §39-23.2, when it made Transfers to Lu.

24.　Transfers received by Lu were to an "insider" in accordance with the definition of N.C. GEN. STAT. § 39-23.1(7) and within the meaning of N.C. GEN. STAT. § 39-23.4(b)(1).

25.　Blueworks made Transfers to Lu without receiving a reasonably equivalent value within the meaning of N.C. GEN. STAT. § 39-23.4(b)(12). By her own admission, Lu received Transfers but did nothing in exchange for them.

5

26.     Pursuant to the provisions of N.C. GEN. STAT. §§ 39-23.5 and 39-23.7, Hayward

is entitled to recover a judgment against Lu in the amount of the Transfers to the extent necessary

to satisfy its claims against Blueworks.

<u>RESERVATION AND NON-WAIVER</u>

HAYWARD'S REQUEST FOR JUDGMENT HEREIN IS WITHOUT PREJUDICE TO
HAYWAYRD'S RIGHT TO PURSUE ANY AND ALL OTHER REMEDIES AVAILABLE AT
LAW AND IN EQUITY, INCLUDING ITS RIGHT TO ENFORCE ITS JUDGMENTS
AGAINST BLUEWORKS AND PROCEED AGAINST ANY OR ALL COLLATERAL AT
ANY TIME OR FROM TIME TO TIME. HAYWARD EXPRESSLY RESERVES, AND DOES
NOT WAIVE, ANY SUCH RIGHT OR REMEDY, AND RESERVES THE RIGHT TO AMEND
OR SEEK AMENDMENT TO THIS COMPLAINT IN ACCORDANCE WITH APPLICABLE
LAW.

WHEREFORE, Hayward Industries, Inc. prays this honorable court for the following

relief:

1.      That the Court avoid and set aside Transfers from Blueworks Corporation to

Defendant Zhoujing "Gina" Lu pursuant to N.C. GEN. STAT. § 39-23.7(a) and other

applicable law;

2.      That Hayward recover a judgment against Blueworks and Lu in the amount of the

Transfers, which amount exceeds $25,000; and

3.      That the Court allow such other and further relief as it deems just and proper.

This 26th day of April, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

B. Chad Ewing (N.C. State Bar No. 27811)
Russ Ferguson (N.C. Bar No. 39671)
301 South College Street, Suite 3500
Charlotte, North Carolina  28202-6037
Telephone:  (704) 331-4996
Facsimile:  (704) 338-7854
Email:  Chad.Ewing@wbd-us.com
Email:  Russ.Ferguson@wbd-us.com

*Attorney for Plaintiff Hayward Industries, Inc.*

7

# EXHIBIT A



Erik Paul Belt
Partner
T. 617-449-6506
F. 617-607-6035

abelt@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
www.mccarter.com

May 12, 2020

BlueWorks Corporation d/b/a blueworkspool.com
c/o Haoqi Sun
12245 Nations Ford Road, Suite 501,
Pineville, NC 28134

BlueWorks Corporation d/b/a blueworkspool.com
c/o Haoqi Sun
303 Albemarle Street,
Lexington, NC 27292

**Re:   False Advertising, False Designation of Origin, False
Association and Trademark Infringement**

Dear Haogi Sun,

My firm and I represent Hayward Industries, Inc. ("Hayward"), in connection
with its intellectual property and litigation matters.  Hayward is the leading
manufacturer of equipment for commercial and residential swimming pools
worldwide. As detailed below, Hayward has recently discovered that
BlueWorks Corporation ("BlueWorks") is falsely advertising and selling a
number of products on Amazon.com and on its own website,
www.blueworkspool.com, that violate Hayward's trademark rights and that
unfairly cause confusion in the marketplace.  Thus, Hayward demands that
BlueWorks immediately stop these violations or else risk further legal action.

* * *

Hayward owns a family of HAYWARD-formative marks, including the
federally-registered HAYWARD® mark, Reg. No. 3,969,301, claiming use in
commerce since 1956 in connection with a variety of pool-related products,
including, for example, salt chlorination systems, and since 1996, in
connection with numerous other products, including, for example, "electronic
control systems comprised of a electrolytic chlorine generator and multi-
purpose controller for controlling the operation, sanitization, and
maintenance of swimming pools." This trademark was registered on May 31,
2011, and, through years of continuous and uncontested use, has become

May 12, 2020
Page 2

incontestable under 15 U.S.C. § 1065. In addition to this registration and numerous other HAYWARD-formative marks, Hayward owns common law rights, federal registrations, and/or pending applications for federal registrations of the following marks relevant to this matter:

- AQUA RITE®, Reg. No. 3,704,835, claiming use in commerce since at least as early as 1997 in connection with electrolytic chlorine generators.

- GOLDLINE®, Reg. No. 5,726,797, claiming use in commerce since 2000 in connection with "salt and chlorine generators for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water." The mark was registered on April 16, 2019.

- TURBO CELL®, Reg. No. 3,156,434, claiming use in commerce since 1999 in connection with "electrolytic chlorine generators for use with swimming pools and spas." The mark was registered on October 17, 2006.

- SWIMPURE®, Reg No. 5,932,470, claiming use in commerce since 2006 in connection with electronic chlorine generators and parts and fittings therefor that produce chlorine from salt for use in swimming pools and other recreational bodies of water. The mark was registered on December 10, 2019.

- T-CELL-3™ Serial No. 88,705,817, claiming use in commerce since 2009 in connection with electrolytic chlorine generators for swimming pools and spas. The application for this mark was recently allowed, and the registration will issue soon.

- T-CELL-9™ Serial No. 88,705,864, claiming use in commerce since 2009 in connection with electrolytic chlorine generators for swimming pools and spas. The application for this mark was recently allowed, and the registration will issue soon.

- T-CELL-15™ Serial No. 88,705,891, claiming use in commerce since 2009 in connection with electrolytic chlorine generators for swimming pools and spas. The application for

May 12, 2020
Page 3

this mark was recently allowed, and the registration will issue soon.

- BLUE ESSENCE™, used in connection with salt chlorine generators and other pool-related equipment.

For purposes of this letter, the HAYWARD-formative marks and the other marks listed above are called the "Hayward Marks." Copies of the registrations and allowed applications for these marks are included in **Exhibit A.**

* * * *

## INFRINGEMENT

### Amazon.com

It has recently come to our attention that when a consumer searches on Amazon.com for a HAYWARD® salt cell or salt chlorine generator, advertisements for BlueWorks salt cells appear among the top search results.  Indeed, BlueWorks is improperly advertising and selling salt cell systems that use without authority the HAYWARD®, GOLDLINE®, AQUA RITE®, TURBO CELL®, SWIMPURE®, and T-CELL™ trademarks.   For example, shown below is an excerpt from an Amazon search for "Hayward Aquarite T Cell 15."

May 12, 2020
Page 4



May 12, 2020
Page 5

https://www.amazon.com/s?k=Hayward+aquarite+tcell15&ref=nb_sb_noss
(accessed May 7, 2020).

Clicking on the Blue Works salt cell in the search results brings up the following advertisement and product description.  As seen below, the ad uses a mark, "T-15-Cell," that is intentionally and confusingly similar to Hayward's T-Cell-15™ mark.  The ad also uses without authority other Hayward Marks.



https://www.amazon.com/BlueWorks%C2%AE-T-Cell-9-compatible-replacement-Hayward%C2%AE/dp/B06XT9T8TT/ref=sr_1_1?dchild=1&keywords=Blue+Works+t-cell-9&qid=1588895384&sr=8-1 (accessed May 7, 2020).

Because BlueWorks' salt cells appear prominently in the search for Hayward salt cells, consumers are more likely to confuse them for genuine Hayward salt cells or, at least, products that are somehow authorized or sponsored by, or affiliated with, Hayward. That false association is particularly likely given that BlueWorks deceptively and confusingly advertises the salt cells as "compatible" with, for example, "Hayward Goldline AquaRite Systems," as seen above, or, as seen below, with various other Hayward brands, like "SwimPure."



Through these ads and product descriptions, BlueWorks is falsely or misleadingly suggesting to consumers that the product is a genuine Hayward product or, because the product is supposedly "compatible with" the Hayward systems, is somehow authorized or sponsored by Hayward. As more fully detailed below, consumers will thus mistakenly believe that BlueWorks salt cells originate from, are affiliated with, and/or are sponsored, authorized or approved by Hayward. This will cause confusion in the marketplace.

As seen in the examples aboe, these advertisements also include a statement that these supposed Hayward products include a "2 Full years warranty," which adds to the confusion.  Consumers might purchase this product thinking it is a Hayward product and then seek to have Hayward honor the warranty on the salt cells even though they are not authorized Hayward products.  In that case, Hayward would be made to suffer from unwarranted consumer dissatisfaction, thus tarnishing its brand.  As a result, BlueWorks' actions are causing irreparable and ongoing harm to Hayward. BlueWorks' continued use of the Hayward marks with knowledge of Hayward's trademark rights constitutes willful infringement and may subject you to additional liability, including reimbursement of Hayward's attorneys' fees.

Further, as seen in the examples below, the product descriptions in these advertisements also include a number of trademark violations and false or misleading statements.  For example, BlueWorks falsely advertises that BlueWorks is a "direct replacement for Haywards T-Cell-15." That statement is false.  This ad suggests, deceptively and confusingly, that the salt chlorinators are genuine Hayward products, or products approved by Hayward, that may be generic to, or compatible with Hayward's salt chlorination systems (that is, made with Hayward's approval).

To further emphasize this false association, the ads use, without Hayward's permission, images of Hayward's AQUA RITE® salt chlorine generation system and a Hayward TURBO CELL® T-CELL-15™ salt cell.  BlueWorks even calls its own salt cell a "T-15" which is deceptively and confusingly similar to Hayward's T-CELL-15™ salt cell.

These uses of the Hayward Marks and images of Hayward products suggest, misleadingly or falsely, that Hayward has approved of the BlueWorks' salt cells.  That is not the case.

ME1 33307045v.1

May 12, 2020
Page 8





**Reliable Performance**

The BlueWorks T-15 cell has been tested and proven to perform at peak even under harsh conditions. 2.1lb/day's chlorine output and the self

**Universal Compatibility**

Compatible with Hayward Goldline Systems AquaRite, AquaLogic, ProLogic, SwimPure and Mineral Springs systems. It requires software r1.5-

**Easy Installation**

The installation requires no changes to your current setup or plumbing. Simply remove your old cell and install this one!

https://www.amazon.com/BlueWorks%C2%AE-T-Cell-9-compatible-replacement-Hayward%C2%AE/dp/B06XT9T8TT/ref=sr_1_1?dchild=1&keywords=Blue+Works+t-cell-9&qid=1588895384&sr=8-1 (accessed May 7, 2020).

There is no other reason to use the Hayward name and Hayward Marks other than to capitalize on Hayward's good will. Use of the Hayward Marks causes confusion, and thus sales of the BlueWorks' salt cells could be enjoined by a federal court. *See, e.g., Samick Music Corp. v. Garrett Gordon,* SACV20-395-GW-JDEX (C.D. Cal., March 2, 2020) (granting temporary restraining order and finding that defendants incorporated plaintiff's marks into their marketing materials in which several customers

May 12, 2020
Page 9

made purchases from defendants believing they were purchasing products from plaintiff, which caused a likelihood of confusion).

BlueWorks' unfair use of the Hayward Marks and marks confusingly similar to the Hayward Marks constitutes trademark infringement, false designation of organ, false association, counterfeiting, false advertising, unfair competition, and other violations of the Lanham Act, 15 U.S.C. §1051 et seq., as well as related violations of state and common law. *See Anton/Bauer, Inc., v. Energex Sys. Corp.*, 839 F. Supp. 243 (S.D.N.Y 1993) (enjoining defendant from selling replacement products advertised as compatible with or equivalent to the plaintiff's trademarked products and finding that such replacement products "may or may not function as valid generic equivalents to the [plaintiffs] items they are designed to replace").

### Blueworkspool.com

BlueWorks also deceptively and falsely advertises purported Hayward replacement salt cells on its own website, www.blueworkspool.com, These salt cells are not replacements for Hayward products, and Hayward has not authorized or sponsored these products.  For instance, in the example below, BlueWorks calls its product a "T-Cell-15" and then claims that the product is a "compatible replacement for Hayward® Goldline AquaRite Systems."



https://www.blueworkspool.com/hayward-replacement-cells/item/59-blt15
(accessed May 7, 2020).

That ad infringes Hayward's rights in a number of ways. First, the product is called a T-Cell-15, which is Hayward's long-used and soon-to-be registered mark.  Second, the ad claims that the salt cell is a "compatible replacement Hayward® Goldline AquaRite Systems."  That cannot be correct because Hayward's systems include more than just the salt cell, and thus a salt cell alone cannot be suitable replacement of the entire system.

Again, BlueWorks is falsely advertising this product with the Hayward marks deceptively suggesting that its compatible with, or a replacement for, Hayward's products.  As explained above, consumers will mistakenly believe that BlueWorks salt cells originate from, are affiliated with, and/or are sponsored, authorized or approved by Hayward, which they are not. BlueWorks is capitalizing on Hayward's good will.  Consequently, Hayward will continue to be harmed by BlueWorks' improper conduct.

Finally, upon clicking the link in the above ad for "Manual Download," a consumer is directed to ta "User Guide" that contains additional false and misleading statements. For example, as seen below, Blueworks states that its salt cell "meet or exceeds all original specifications" and is "a perfect replacement for Hayward, Goldline, Aqua Right, Swim Pure, . . . Blue Essence" is not only false but falsely and misleadingly suggests to consumers that the products are comparable to or compatible with Hayward. Hayward has not authorized, sponsored, or approved these products and has certainly not authorized the use of the Hayward marks in connection with any BlueWorks products. Such statements, including the comparisons with Hayward products, constitute false advertising.

*BLT series Replacement Cell*

# User Guide

Congratulations on your purchase of a new BLT series Replacement Cell! Cells were designed to meet or exceed original specifications, for optimal performance and reliability. BLBLT series and generic equivalents like this cell require software revision 1.5 for AquaRite or 4.2 for AquaLogic or newer to be compatible. These revisions started in 2009.It is the perfect replacement for Hayward Goldline Aqua Rite, AquaLogic, Pro Logic, SwimPure, Mineral Springs, NatureSoft, AquaPlus, LeverEdge Guardian, Blue Essence, H40 systems and more.

## Installation & Operation

- IMPORTANT: Always make sure the input power is completely disconnected and all pool equipment is shut off before attempting any service procedures. All service should be performed by a qualified professional.

- Remove the old Cell from the plumbing by loosening the threaded collars on both ends of the Cell. Disconnect the Cell Cord from the control panel.

- Inspect the O-Rings on the plumbing unions. If damaged or worn, replace before installing the new Cell.

- Position the new BLT series Replacement Cell between the plumbing unions. Tighten the two threaded collars by hand for a water-tight seal, do not over-tighten. Plug the Cell Cord into the control panel.

- Once power is restored to the control panel (concurrently with the pump and filter), the system can now be operated as instructed in the original manufacturer's product manual.

## Sale terms

TERMS OF SALE: If, after receiving this item you discover that it was not the one you wanted, simply return it for a full refund within 30 days. You will have to pay for the return shipping charges. Refund is void if you have installed, used or damaged the item in any way. Item must be returned with its original box, packing materials and instructions (if applicable) in the same perfect brand new condition. Cleared Payment via PayPal must be received within 3 days of transaction and prior to shipping.

## Maintenance

The BLT series Replacement Cell operates in the same way as your original Cell. As with your prior system, it may occasionally be necessary to remove the mineral deposits which can form inside. Cleaning frequency is entirely dependent on your pool's water chemistry, which depending on environment and chemicals added, can change to become more or less scale forming. Follow the cleaning instructions in the original manufacturer's product manual.

## Warranty

**BLT series Replacement Cells** carry the following Limited Warranty should failure occur due to faulty manufacture or materials, during normal use and service. For residential use, we warrants to the original purchaser that the equipment shall be free of manufacturer's defects at the time of sale, and upon examination shall provide replacement parts in accordance with the following schedule:
5 Year Wrranty - 2 Full+3 Pro-rate

BlueWorks conduct, as summarized above, is causing irreparable and ongoing harm to Hayward. BlueWorks' willful and continued use of the Hayward Marks with knowledge of Hayward's trademark rights constitutes violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, including trademark infringement, false designation of origin, false

MEI 33507045v.1

advertising, counterfeiting, and unfair competition, as well as related violations of state and common law.

* * * *

## HAYWARD'S DEMAND TO STOP INFRINGING

Hayward has built a significant, worldwide reputation as the source of Hayward pool products and equipment and has earned the substantial good will that is associated with the Hayward brand.  As a result of Hayward's long, continuous, and widespread promotion and sale in commerce of products bearing the Hayward Marks, these marks have achieved broad recognition among consumers and the trade as signifying high quality products originating exclusively from Hayward. Hayward views its trademarks and other intellectual property rights as important and valuable corporate assets.  Indeed, the success of Hayward's products is due not only to their high quality, but also to the Hayward Marks, other Hayward trademarks, and name brand recognition.

BlueWorks' conduct is an example of bad faith, intentional, and willful infringement.  Such bad faith and willfulness supports Hayward's entitlement to collect its attorneys' fees from BlueWorks,  See 15 U.S.C. § 1117(a) (allowing attorney's fees in exceptional cases); *Oviedo Medical Center, LLC v. Adventis Health System/Sunbelt, Inc.*, 6:19-cv-1711-ORL-78EJK,(M.D. Fla. March 26, 2020) (noting that, for purposes of trademark infringement and unfair competition, courts may consider a defendant's intent to redirect consumers to an different website from the trademark's owner's site).

Hayward is prepared to take legal action but first prefers to resolve this matter out of court. Hayward is prepared to resolve this matter if BlueWorks: (1) abandons and ceases any and all advertising and promotion of its products that use the HAYWARD marks; (2) stops selling the infringing and unauthorized products; (3) removes any statement or representation that falsely designates or describes the BlueWorks' salt cells as authorized, certified, or sponsored by, or associated with, Hayward or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such salt cells; (4) notifies all customers that these products are in no way related, comparable, or compatible to any HAYWARD product; (5); issues a recall notice to all purchasers of the BlueWorks' salt cell that advertise with the

May 12, 2020
Page 13

Hayward Marks in the United States and offering a full refund to any customers who purchased the cells; (6) compensates Hayward for past infringement; and (7) pays Hayward's attorneys' fees to date. We fully expect reimbursement for damages suffered by Hayward as a result of BlueWorks' infringement. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 540 (D.N.J. 2008) (Plaintiff brought action against defendant for various violations under the Lanham Act. Court granted plaintiff $2,248,624.00 in statutory damages, attorney's fees in the amount of $15,257.00, investigative fees in the amount of $6,175.00 and $325.00 in costs and enjoined defendants for further violations of plaintiff's trademark rights).

Please note that we have also contacted Amazon and have initiated Amazon's formal "take-down" procedure to remove these ads. But we request that you remove such ads from any websites, social media, and any other sales or marketing platforms.

Hayward views BlueWorks' actions with grave concern, not the least of which are the violations of the Lanham Act by BlueWorks' use of the Hayward Marks. Please contact us about this matter by close of business, **Friday, May 22, 2020,** and provide us with written assurance that BlueWorks, as well as any related entity and individuals in the chain of distribution of these products, will agree to the above terms. If we do not receive these written assurances, we will be forced to assume that BlueWorks has decided to continue with its present course of conduct, and we will thus take appropriate action. Please do not contact Hayward directly.

This letter is sent without prejudice and is not intended as a complete statement of the facts or law as they pertain to this matter. Hayward reserves all rights and remedies.

Sincerely,

Erik Paul Belt

cc.   Steve Halpern, Hayward
      Anne E. Shannon, Esq.

ME1 33507045v.1

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# HAYWARD

**Reg. No. 3,969,301**

**Registered May 31, 2011**

**Int. Cls.: 7, 9 and 11**

**TRADEMARK**

**PRINCIPAL REGISTER**

HAYWARD INDUSTRIES, INC. (NEW JERSEY CORPORATION)
620 DIVISION STREET
ELIZABETH, NJ 07207

FOR: PUMPS, PARTS AND FITTINGS THEREFOR FOR USE IN SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, AND OTHER RECREATIONAL BODIES OF WATER; AUTOMATIC SWIMMING POOL CLEANERS; UNDERWATER SWIMMING POOL CLEANING MACHINES FOR CLEANING THE SURFACE OF A SWIMMING POOL; SUCTION OUTLETS FOR REMOVING WATER FROM SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, AND OTHER RECREATIONAL BODIES OF WATER, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 6-0-1956; IN COMMERCE 6-0-1956.

FOR: ELECTRONIC CONTROLS FOR USE IN SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, AND OTHER RECREATIONAL BODIES OF WATER; AUTOMATED WATER CHEMISTRY CONTROLLERS; REMOTE CONTROL UNITS, INCLUDING WIRELESS CONTROLS ACCESSIBLE VIA GLOBAL AND LOCAL COMPUTER NETWORKS, FOR CONTROLLING WATER MANAGEMENT AND TREATMENT SYSTEMS CONSISTING OF TIMERS, CHLORINATORS, HEATERS, PUMPS, AND ACTUATORS OF SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, WATER FEATURES AND OTHER RECREATIONAL BODIES OF WATER; MULTI-PURPOSE CONTROLLERS FOR SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, WATER FEATURES, AND OTHER RECREATIONAL BODIES OF WATER FOR AUTOMATICALLY CONTROLLING WATER CHLORINATION, FILTER PUMP TIMING, TEMPERATURES, ACTUATORS, AND WATER MANAGEMENT AND TREATMENT SYSTEMS; ELECTRONIC CONTROL PANEL WITH DIGITAL DISPLAYS FOR THE COMPLETE MONITORING AND AUTOMATION OF FILTRATION, PURIFICATION, AND SOLAR HEATING SYSTEMS OF SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, AND OTHER RECREATIONAL BODIES OF WATER; ELECTRONIC CONTROLLERS FOR SOLAR HEATING SYSTEM FOR SWIMMING POOLS AND SPAS, INCLUDING SOLAR POWERED ELECTRONIC CONTROLLERS FOR CONTROLLING THE TEMPERATURE OF SWIMMING POOLS AND SPAS; AUTOMATIC TIMERS FOR CONTROLLING OPERATION OF FILTERS FOR SWIMMING POOLS AND SPAS; REMOTE CONTROL UNITS, INCLUDING WIRELESS AND WIRED CONTROLS FOR CONTROLLING COMPONENTS OF SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, WATER FEATURES, AND OTHER RECREATIONAL BODIES OF WATER; ELECTRIC VALVE ACTUATORS; ELECTRONIC CONTROL SYSTEMS COMPRISED OF AN ELECTROLYTIC CHLORINE GENERATOR AND MULTI-PURPOSE CONTROLLER FOR CONTROLLING THE OPERATION, SANITIZATION AND MAINTENANCE OF SWIMMING POOLS, SPAS AND OTHER RECREATIONAL BODIES OF WATER, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1996; IN COMMERCE 11-0-1996.

FOR: FILTERS AND PARTS AND FITTINGS THEREFOR, HEATERS AND PARTS AND FITTINGS THEREFOR, SALT AND CHLORINE GENERATORS AND PARTS AND FITTINGS



David J. Kappos
Director of the United States Patent and Trademark Office

**Reg. No. 3,969,301**  THEREFOR, LIGHTS AND VALVES AND PARTS AND FITTINGS THEREFOR; ALL FOR USE IN SWIMMING POOLS, SPAS, HOT TUBS, WHIRLPOOLS, AND OTHER RECREATION-AL BODIES OF WATER, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 6-0-1956; IN COMMERCE 6-0-1956.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,058,211, 3,469,508 AND OTHERS.

SER. NO. 85-070,946, FILED 6-24-2010.

BARNEY CHARLON, EXAMINING ATTORNEY



# United States of America

### United States Patent and Trademark Office

# AQUA RITE

**Reg. No. 3,704,835**
Registered Nov. 3, 2009

HAYWARD INDUSTRIES, INC. (NEW JERSEY CORPORATION)
620 DIVISION STREET
ELIZABETH, NJ 07207

**Int. Cl.: 11**

FOR: ELECTROLYTIC CHLORINE GENERATOR FOR USE WITH SWIMMING POOLS AND SPAS FOR WATER PURIFICATION, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

**TRADEMARK**
**PRINCIPAL REGISTER**

FIRST USE 2-5-1997; IN COMMERCE 2-5-1997.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,199,560.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AQUA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-700,176, FILED 3-26-2009.

ZACHARY BELLO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# GOLDLINE

**Reg. No. 5,726,797**

**Registered Apr. 16, 2019**

**Int. Cl.: 9, 11**

**Trademark**

**Principal Register**

Hayward Industries, Inc. (NEW JERSEY CORPORATION)
620 Division Street
Elizabeth, NEW JERSEY 07207

CLASS 9: Electronic controls for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water

FIRST USE 12-31-2000; IN COMMERCE 12-31-2000

CLASS 11: Salt and chlorine generators for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water

FIRST USE 9-1-2004; IN COMMERCE 9-1-2004

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3455440, 1600619

SER. NO. 88-094,043, FILED 08-27-2018



Director of the United States
Patent and Trademark Office

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31 and 34

**United States Patent and Trademark Office**

Reg. No. 3,156,434

Registered Oct. 17, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# TURBO CELL

HAYWARD INDUSTRIES, INC. (NEW JERSEY CORPORATION)
620 DIVISION STREET
ELIZABETH, NJ 07207

FOR: ELECTROLYTIC CHLORINE GENERA-
TORS FOR USE WITH SWIMMING POOLS AND
SPAS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 2-0-1999; IN COMMERCE 2-0-1999.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CELL", APART FROM THE MARK
AS SHOWN.

SEC. 2(F).

SER. NO. 78-574,210. FILED 2-24-2005.

CHARLES L. JENKINS, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# SWIMPURE

**Reg. No. 5,932,470**

**Registered Dec. 10, 2019**

**Int. Cl.: 11**

**Trademark**

**Principal Register**

Hayward Industries, Inc. (NEW JERSEY CORPORATION)
620 Division Street
Elizabeth, NEW JERSEY 07207

CLASS 11: Electronic chlorine generators and parts and fittings therefor that produce chlorine from salt for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water

FIRST USE 1-1-2006; IN COMMERCE 1-1-2006

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3280886, 3280894

SER. NO. 87-449,312, FILED 05-15-2017



Director of the United States
Patent and Trademark Office

3/31/2020                                    Trademark Electronic Search System (TESS)


United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Mar 31 03:22:23 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# T-CELL-3

| | |
|---|---|
| **Word Mark** | T-CELL-3 |
| **Goods and Services** | IC 011. US 013 021 023 031 034. G & S: Electrolytic chlorine generators for use with swimming pools and spas. FIRST USE: 20091231. FIRST USE IN COMMERCE: 20091231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88705817 |
| **Filing Date** | November 25, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 7, 2020 |
| **Owner** | (APPLICANT) Hayward Industries, Inc. CORPORATION NEW JERSEY 400 Connell Drive, Suite 6100 Berkeley Heights NEW JERSEY 07922 |
| **Attorney of Record** | Michael R. Friscia |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

3/31/2020  Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Mar 31 03:22:23 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# T-CELL-9

| **Word Mark** | T-CELL-9 |
|---|---|
| **Goods and Services** | IC 011. US 013 021 023 031 034. G & S: Electrolytic chlorine generators for use with swimming pools and spas. FIRST USE: 20091231. FIRST USE IN COMMERCE: 20091231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88705864 |
| **Filing Date** | November 25, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 7, 2020 |
| **Owner** | (APPLICANT) Hayward Industries, Inc. CORPORATION NEW JERSEY 400 Connell Drive, Suite 6100 Berkeley Heights NEW JERSEY 07922 |
| **Attorney of Record** | Michael R. Friscia |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

3/31/2020                                          Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Mar 31 03:22:23 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# T-CELL-15

| | |
|---|---|
| **Word Mark** | T-CELL-15 |
| **Goods and Services** | IC 011. US 013 021 023 031 034. G & S: Electrolytic chlorine generators for use with swimming pools and spas. FIRST USE: 20091231. FIRST USE IN COMMERCE: 20091231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88705891 |
| **Filing Date** | November 25, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 7, 2020 |
| **Owner** | (APPLICANT) Hayward Industries, Inc. CORPORATION NEW JERSEY 400 Connell Drive, Suite 6100 Berkeley Heights NEW JERSEY 07922 |
| **Attorney of Record** | Michael R. Friscia |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:8dqt28.4.1                                          1/1

# EXHIBIT B



Erik Paul Belt
Partner
T. 617-449-6506
F. 617-607-6035
ebelt@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110-3113
www.mccarter.com

June 25, 2020

*Via Overnight mail*

BlueWorks Corporation d/b/a blueworkspool.com
c/o Haoqi Sun
12245 Nations Ford Road, Suite 501,
Pineville, NC 28134

BlueWorks Corporation d/b/a blueworkspool.com
c/o Haoqi Sun
303 Albemarle Street,
Lexington, NC 27292

Re:   *False Advertising, False Designation of Origin, False
        Association and Trademark Infringement*

Dear Haoqi Sun,

As you know, we represent Hayward Industries, Inc., in connection with its
intellectual property matters.  On May 12, 2020, Hayward sent BlueWorks a
cease and desist letter outlining BlueWorks' violations of Hayward's
trademark rights.  The letter was delivered at both locations on May 13 and
signed for by you and G. Gilbert.

In that cease and desist letter, Hayward asked that BlueWorks respond by
Friday, May 22.  BlueWorks did not respond by then or at any time since,
and, as Hayward has confirmed, the infringement is continuing. Hayward
continues to suffer harm from BlueWorks' actions.  Accordingly, Hayward
reiterates its demands stated in that May 12th letter.

Given that May 12th notice of infringement and this second warning,
BlueWorks' continuing infringement constitutes intentional, willful, and bad
faith conduct that will entitle Hayward to recover from BlueWorks its legal
fees and multiple damages should this matter proceed to litigation.

Although Hayward prefers to resolve this matter through a business
resolution, this will be Hayward's last warning.  Thus, if we do not hear from

June 25, 2020
Page 2

you by **close of business on Thursday, July 2, 2020,** we will be forced to file and serve a complaint in United States District for the District of New Jersey asserting claims under the Lanham Act, as well as under other federal, state, and common laws.

To avoid litigation, please contact me by **July 2** with written assurances that BlueWorks will (1) abandon and cease any and all advertising and promotion of its products that use the HAYWARD marks; (2) stop selling the infringing and unauthorized products; (3) removes any statement or representation that falsely designates or describes the BlueWorks' salt cells as authorized, certified, or sponsored by, or associated with, Hayward or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such salt cells; (4) notifies all customers that these products are in no way related, comparable, or compatible to any HAYWARD product; (5); issues a recall notice to all purchasers of the BlueWorks' salt cell that advertise with the Hayward Marks in the United States and offering a full refund to any customers who purchased the cells; (6) compensates Hayward for past infringement; and (7) pays Hayward's attorneys' fees to date.

Sincerely,


Erik Paul Belt


cc. Steven Halpern, Esq.
    Anne E. Shannon, Esq.

# EXHIBIT C



Ask a lawyer / Ask a Family Law expert

# My husband has a company, and he told me that I will receive a court notice in the following weeks regarding the lawsuit

Expert's Assistant chat

**Customer:** Hi.

My husband has a company, and he told me that I will receive a court notice in the following weeks regarding the lawsuit the company receives from one of its competitor for the trademark violation issue. I have some general questions about it. I want to know if I am liable or not liable for this lawsuit. Do your offer this kind of service, and how much is that.

Below is the shareholder change history about the company.

1. 8/16/2016-7/30/2017

Name: Zefeng Chen Percentage: 100%

2. 7/31/2017-7/31/2018

Name: Zefeng Chen Percentage:10%

Name: Zhuojing Lu Percentage:90%

3. 7/31/2019-till now

Name: Zefeng Chen Percentage:80%

Name: Haoqi Sun Percentage:20%

From July 2017 and July 2018, I holding shares for my husband, He is the actual owner of the company. From startup of the company and till 2019, I used to help my husband for his business. My daily work includes process payroll, sales report and online stores.

I leave the company in 2019 because I give birth to the baby, and stays at home since then. Even though I did not helping my husband, I continued to receive payroll check till the 12/26/2020.

Recently my husband received a lawsuit against the company, he is currently not in the country. So he told me I am liable for the lawsuit. Because I used to help him in the online store. And one of the listing content violates the trademark law.

I argued with him and saying that I went home in 2019, and now I am even not an employee of his company.

I want to know, do I liable for this lawsuit, and can I reject to attend the court for his company?

**JA:** The Family Lawyer can help you determine if you have a case. Where are you located? These laws vary by state.

**Customer:** nc

**JA:** Anything else you want the Lawyer to know before I connect you?

**Customer:** Hi.

My husband has a company, and he told me that I will receive a court notice in the following weeks regarding the lawsuit the company receives from one of its competitor for the trademark violation issue. I have some general questions about it. I want to know if I am liable or not liable for this lawsuit. Do your offer this kind of service, and how much is that.

Below is the shareholder change history about the company.

My husband has a company, and he told me that I will receive a court notice in the following weeks regarding the lawsuit the company receives from one of its competitor for the trademark violation issue. I have some general questions about it. I want to know if I am liable or not liable for this lawsuit. Do your offer this kind of service, and how much is that.

Below is the shareholder change history about the company.

1. 8/16/2016-7/30/2017

Name: Zefeng Chen Percentage: 100%

2. 7/31/2017-7/31/2018

Name: Zefeng Chen Percentage:10%

Name: Zhuojing Lu Percentage:90%

3. 7/31/2019-till now

Name: Zefeng Chen Percentage:80%

Name: Haoqi Sun Percentage:20%

From July 2017 and July 2018, I holding shares for my husband, He is the actual owner of the company. From startup of the company and till 2019, I used to help my husband for his business. My daily work includes process payroll, sales report and online stores.

I leave the company in 2019 because I give birth to the baby, and stays at home since then. Even though I did not helping my husband, I continued to receive payroll check till the 12/26/2020.

Recently my husband received a lawsuit against the company, he is currently not in the country. So he told me I am liable for the lawsuit. Because I used to help him in the online store. And one of the listing content violates the trademark law.

I argued with him and saying that I went home in 2019, and now I am even not an employee of his company.

I want to know, do I liable for this lawsuit, and can I reject to attend the court for his company?

Answered by GlennM in 4 mins • 3 years ago



**GlennM**

10+ years of experience

★★★★★ 9670 Satisfied customers

**Expert in:** Family Law, Legal, Estate Law, Real Estate Law, Criminal Law, Employment Law, Business Law, Consumer Protection Law, Bankruptcy Law, Traffic Law, Personal Injury Law.

 GlennM, Expert

My name is***** am a 35+ year experienced attorney with a near 100% satisfaction rating on JustAnswer and am happy to respond to your inquiry today.

I'm sorry to hear that you are having these legal troubles. I know that can be frustrating. Hopefully, we can get this resolved quickly.

In the United States, owners of a corporation or limited liability company (LLC) are **not personally liable** for the debts of or legal claims against the company. The same is true for employees. And both corporations and LLCs can only appear in court through counsel, not by shareholders, officers or employees.

I hope that helped. Let me know if you have questions about my response. If you are satisfied with my assistance, please consider rating the quality of my service. Thank you.

**Customer**

Thanks for your answers Sir. So you said corporations can only appear in court through counsel, such as Lawyer right? My name is***** hold share for my husband from 2017 and 2018, and I working on the online store project. So I am not liable right?

 **GlennM, Expert**

Correct.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

HAYWARD INDUSTRIES, INC.,

Plaintiff/Counterclaim Defendant,

v .

Civil Action No. 3:20-cv-00710-MOC-DSC

BLUEWORKS CORPORATION,
BLUEWORKS INNOVATION
CORPORATION, NINGBO C.F.
ELECTRONIC TECH CO., LTD.;
NINGBO YISHANG IMPORT AND
EXPORT CO., LTD.,

Defendants/Counterclaim Plaintiffs.

## VERDICT FORM

Members of the jury, please answer the following questions as instructed:

1. Has Plaintiff Hayward proved that Defendant Blueworks infringed Plaintiff Hayward's
   trademarks HAYWARD, AQUARITE, GOLDLINE, SWIMPURE, TURBO CELL, PRO
   LOGIC?

   Yes  _____  ,  No  ___✓___

2. Has Plaintiff Hayward proved that Defendant Ningbo C.F. infringed Plaintiff Hayward's
   trademarks HAYWARD, AQUARITE, GOLDLINE, SWIMPURE, TURBO CELL,
   AND PRO LOGIC?

   Yes  _____  No  ___✓___

1

3. Has Plaintiff Hayward proved that Defendant Blueworks infringed Plaintiff Hayward's trademarks T-CELL-3, T-CELL-9, and T-CELL-15?

    Yes _____      No _____

4. Has Plaintiff Hayward proved that Defendant Ningbo C.F. infringed Plaintiff Hayward's trademarks T-CELL-3, T-CELL-9, and T-CELL-15?

    Yes _____      No _____

5. Have Defendants proved that its use of Plaintiff Hayward's marks was fair use?

    Yes _____      No _____

6. Has Plaintiff Hayward proved that Defendant Blueworks made false or misleading statements in commercial advertising that deceived consumers or were likely to deceive consumers in a material way that caused harm to Plaintiff Hayward?

    Yes _____      No _____

7. Has Plaintiff Hayward proved that Defendant Ningbo C.F. made false or misleading statements in commercial advertising that deceived consumers or were likely to deceive consumers in a material way that caused harm to Plaintiff Hayward?

    Yes _____      No _____

2

8. Has Plaintiff Hayward proved that Defendant Blueworks violated the North Carolina
Unfair or Deceptive Trade Practices Act?

Yes _____✓_____          No _____

9. Has Plaintiff Hayward proved that Defendant Ningbo C.F. violated the North Carolina
Unfair or Deceptive Trade Practices Act?

Yes _____✓_____          No _____

10. If you find for Plaintiff Hayward on its claim for trademark infringement, false
advertising, and/or the North Carolina Unfair and Deceptive Trade Practices Act what
amount of Plaintiff Hayward's lost profits do you find should be awarded to Plaintiff
Hayward?

$ 4,900,000 (enter an amount)

11. In the alternative, if you do not find Hayward is entitled to its lost profits, but you find for
Plaintiff Hayward on its claim for trademark infringement, false advertising, and/or the
North Carolina Unfair and Deceptive Trade Practices Act what amount of Defendants'
profits do you find should be awarded to Plaintiff Hayward?

$ N/A _____ (enter an amount)

12. Has Plaintiff Hayward proved Defendant Blueworks infringed Hayward's copyrighted
work entitled "AQUA RITE OPERATION AND INSTALLATION MANUAL"?

Yes _____          No _____✓_____

13. Has Plaintiff Hayward proved Defendant Ningbo C.F. infringed Hayward's copyrighted
work entitled "AQUA RITE OPERATION AND INSTALLATION MANUAL"?

3

Yes _____✓_____          No      _____

14. If you find that Hayward proved Defendants copied Hayward's copyrighted work, have Defendants proved the use of Hayward's copyrighted work was fair use?

    Yes      ___          No      _✓_____

15. What amount of damages, if any, do you find that Plaintiff Hayward is entitled to recover as a result of Defendants' infringement of its copyrighted work?

    $ 750_____ (enter an amount)

SO SAY WE ALL.

DATE: 3-1-24

Foreperson's Signature

4

# **<u>EXHIBIT C</u>**

COPY

STATE OF NORTH CAROLINA         FILED         IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION
COUNTY OF UNION   2024 MAY 28  AM 10: 34          24-CVS-1379

HAYWARD INDUSTRIES, INC., CO., C.S.C.

         Plaintiff,   BY             )

vs.

BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

         Defendants.

               )
               )
               )
               )
               )
               )
               )
               )

## MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant Zhoujing "Gina" Lu (the "Defendant") by and through undersigned counsel, moves the Court pursuant to North Carolina Rule of Civil Procedure 6 for an extension of time to answer or otherwise respond to the Complaint filed by Plaintiff Hayward Industries, Inc., on the grounds that she requires additional time to investigate the allegations against her and to prepare an appropriate response. The Defendant was served with the Complaint and Summons on April 29, 2024; accordingly, her time to respond to the Complaint has not expired as of the date of this motion. The Defendant makes this motion in good faith and not for the purpose of unnecessary delay.

WHEREFORE, the Defendant requests that the Court enter an order extending the time for her to answer or otherwise plead in response to the Complaint for a period of thirty (30) days, through and including June 28, 2024.

[Remainder of Page Intentionally Left Blank]

This 28th day of May, 2024

MOON WRIGHT & HOUSTON, PLLC

Richard S. Wright (NC Bar No. 24622)
212 N. McDowell Steet, Suite 200
Charlotte, NC  28204
Telephone:  (704) 944-6560
Facsimile:  (704) 944-380
*Attorneys for Zhoujing Lu*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Extension of Time to

Respond to Complaint was served this date upon the persons named below via United

States mail, sufficient postage prepaid, addressed as follows:

B. Chad Ewing
Russ Ferguson
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

Blueworks Corporation
Haoqi Sun, Registered Agent
8408 Channel Way
Waxhaw, NC 28173-7070


This 28th day of May, 2024

MOON WRIGHT & HOUSTON, PLLC

Richard S. Wright (NC Bar No. 24622)
212 N. McDowell Steet, Suite 200
Charlotte, NC  28204
Telephone:  (704) 944-6560
Facsimile:  (704) 944-380
*Attorneys for Zhoujing Lu*

COPY

STATE OF NORTH CAROLINA

COUNTY OF UNION

FILED

2024 MAY 28  AM 10: 48

UNION CO. C.S.C.

BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-1379

HAYWARD INDUSTRIES, INC.,

    Plaintiff,

vs.

BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

**ORDER GRANTING EXTENSION OF TIME FOR ZHOUJING "GINA" LU TO
RESPOND TO COMPLAINT**

FOR GOOD CAUSE SHOWN, the time for Defendant Zhoujing "Gina" Lu to answer or otherwise respond to the Complaint of Hayward Industries, Inc. is hereby extended through and including June 28, 2024.

This 28 day of May, 2024

Tiffany Wallace-Asst.
Clerk of Superior Court

MWH: 10836.001; 00029921.1

COPY

STATE OF NORTH CAROLINA ~~FILED~~ IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF UNION          2024 MAY 28  AM 10: 40          24-CVS-1379

HAYWARD INDUSTRIES, INC. UNION CO., C.S.C

    Plaintiff,  BY     )

vs.

BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

    Defendants.

| |
|---|
| )<br>)<br>)<br>)<br>)  **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>) |

   I hereby certify that a copy of the Order Granting Extension of Time for Zhoujing

"Gina" Lu to Respond to Complaint and a copy of this Certificate of Service were served

this date upon the persons named below via United States mail, sufficient postage

prepaid, addressed as follows:

B. Chad Ewing
Russ Ferguson
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

Blueworks Corporation
Haoqi Sun, Registered Agent
8408 Channel Way
Waxhaw, NC 28173-7070

   This 28th day of May, 2024

         **MOON WRIGHT & HOUSTON, PLLC**

         Richard S. Wright (NC Bar No. 24622)
         212 N. McDowell Street, Suite 200
         Charlotte, NC  28204
         Telephone:  (704) 944-6560
         Facsimile:  (704) 944-380
         *Attorneys for Zhoujing Lu*

MWH: 10836.001; 00029922.1

# **<u>EXHIBIT D</u>**

STATE OF NORTH CAROLINA                      IN THE GENERAL COURT OF JUSTICE
                                             SUPERIOR COURT DIVISION
COUNTY OF UNION          FILED                    24-CVS-1379

HAYWARD INDUSTRIES, INC.        2024 MAY 29  A 10: 28

              Plaintiff,         UNION CO., C.S.C.

                                             **DEFENDANT BLUEWORKS**
       v.                   BY.   rsm        **CORPORATION'S MOTION FOR**
                                             **EXTENSION OF TIME TO ANSWER**
BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

              Defendants.

       Pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, Blueworks

Corporation ("Blueworks") through counsel, hereby respectfully moves this Court for a thirty-day

extension through and including Friday, June 28, 2024, of the time in which Blueworks must

answer the Complaint or otherwise serve its responsive pleading in this action. In support of this

motion, Blueworks shows the Court that:

       1.     The complaint was filed in this Court on April 26, 2024.

       2.     Blueworks received service of the Complaint and Summons on April 29, 2024.

       5.     Pursuant to Rule 12(a), Blueworks believes the current deadline to answer the

Complaint is Wednesday, May 29, 2024 which is thirty (30) days following service of the

summons and Complaint. Blueworks seeks a thirty-day enlargement of time through and including

Friday, June 28, 2024, in order to properly evaluate the allegations of the complaint and to prepare

an appropriate response.

       6.     The extension is sought in good faith and not merely for the sake of delay. No

previous extensions have been sought.

WHEREFORE, Defendant Blueworks Corporation prays that this Court extend the period within which Defendant Blueworks Corporation must answer or otherwise serve a responsive pleading to the complaint through and including Friday, June 28, 2024.

This the 29th day of May, 2024.

RAYBURN COOPER & DURHAM, P.A.

By: _____

Matthew L. Tomsic
N.C. State Bar No. 52431
Natalie E. Kutcher
N.C. State Bar No. 54888
Rayburn Cooper & Durham, PA
227 West Trade Street, Suite 1200
Charlotte, NC  28202-1672
(704) 334-0891 (tel.)
(704) 377-1897 (fax)
mtomsic@rcdlaw.net
nkutcher@rcdlaw.net

*Attorneys for Defendant Blueworks Corporation*

STATE OF NORTH CAROLINA

COUNTY OF UNION

HAYWARD INDUSTRIES, INC.

Plaintiff,

v.

BLUEWORKS CORPORATION and
ZHOUJING "GINA" LU,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-1379

FILED

2024 MAY 29  A 10: 31

UNION CO., C.S.C.

BY

**ORDER**

Upon the motion of Defendant Blueworks Corporation, and for good cause shown IT IS

HEREBY ORDERED that Defendant Blueworks Corporation is hereby granted a thirty (30) day

extension of time in which to answer or otherwise respond to the complaint in this action, through

and including Friday, June 28, 2024.

This the 29th day of _May_, 2024.

_____
Assistant Clerk of Superior Court

{00389471 v 2 }3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing MOTION FOR EXTENSION OF TIME and proposed ORDER was served on this date upon the parties in this action by first-class United States mail, postage prepaid, addressed as follows:

B. Chad Ewing
**Womble Bond Dickinson (US), LLP**
301 South College Street, Suite 3500
Charlotte, NC 28202
Chad.ewing@wbd-us.com
Russ.ferguson@wbd-us.com

*Attorneys for Plaintiff*

Richard Wright
**Moon Wright & Houston, PLLC**
212 N. McDowell Street
Charlotte, NC 28204
rwright@mwhattorneys.com

*Attorney for Zhoujing Lu*

This the 29th day of May, 2024

Natalie E. Kutcher