**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE: | Chapter 11 |
| BLUEWORKS CORPORATION, | Case No. 24-30494 |
| Debtor.[3] | |

## PLAN OF REORGANIZATION OF BLUEWORKS CORPORATION

Dated: Charlotte, North Carolina
October 4, 2024

RAYBURN, COOPER & DURHAM, P.A.
Matthew L. Tomsic
N.C. State Bar No. 52431
Natalie E. Kutcher
N.C. State Bar No. 54888
Ashley B. Oldfield
N.C. State Bar No. 56552
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC 28202
(704) 334-0891
Counsel to the Debtor and Debtor-in-Possession

---

[3] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina, 28173.

## PREAMBLE

Blueworks Corporation hereby submits the following Plan of Reorganization of Blueworks Corporation pursuant to Section 1121(a) of the United States Bankruptcy Code.

**PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE, NOTHING CONTAINED IN THIS PLAN SHOULD BE CONSTRUED AS CONSTITUTING A SOLICITATION OF ACCEPTANCES OF THIS PLAN UNTIL SUCH TIME AS THE DEBTOR'S DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT AND DISTRIBUTED WITH APPROPRIATE BALLOTS TO ALL HOLDERS OF IMPAIRED CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR'S ESTATE WHO ARE ENTITLED TO VOTE ON THE PLAN. THE DEBTOR RESERVES THE RIGHT TO FILE AMENDMENTS AND/OR MODIFICATIONS TO THE PLAN AND DISCLOSURE STATEMENT FROM TIME TO TIME UNTIL A DISCLOSURE STATEMENT AND PLAN PROPOSED BY THE DEBTOR IS APPROVED BY THE BANKRUPTCY COURT. PLEASE SEE THE DISCLOSURE STATEMENT FOR A DISCUSSION OF VOTING INSTRUCTIONS, RECOVERY INFORMATION, CLASSIFICATION, THE DEBTOR'S HISTORY, BUSINESS, PROPERTY, AND A SUMMARY AND ANALYSIS OF THIS PLAN. ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS ARE HEREBY ADVISED AND ENCOURAGED TO READ THE DISCLOSURE STATEMENT AND THIS PLAN IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN.**

**THIS PLAN AND THE DISCLOSURE STATEMENT HAVE NOT BEEN REQUIRED TO BE PREPARED IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER APPLICABLE NON-BANKRUPTCY LAW. PERSONS OR ENTITIES TRADING IN OR OTHERWISE PURCHASING, SELLING, OR TRANSFERRING SECURITIES, WHETHER DEBT OR EQUITY, OF THE DEBTOR SHOULD EVALUATE THIS PLAN IN LIGHT OF THE PURPOSES FOR WHICH IT WAS PREPARED.**

**AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS, AND OTHER ACTUAL, THREATENED, OR POTENTIAL ACTIONS, THIS PLAN AND THE DISCLOSURE STATEMENT SHALL NOT BE DEEMED OR CONSTRUED AS AN ADMISSION, STIPULATION, OR WAIVER OF ANY RIGHTS OR CLAIMS OF THE DEBTOR.**

**NO REPRESENTATIONS ARE MADE OR INTENDED REGARDING THE PARTICULAR TAX CONSEQUENCES OF THE PLAN TO ANY HOLDER OF A CLAIM OR INTEREST. HOLDERS OF CLAIMS OR EQUITY INTERESTS ARE URGED TO CONSULT WITH THEIR OWN TAX ADVISORS WITH RESPECT TO ANY TAX CONSEQUENCES OF THE PLAN AND THE TREATMENT OF DISTRIBUTIONS UNDER THE PLAN.**

# ARTICLE I
## DEFINITIONS

  1.1  <u>Scope of Definitions</u>. For purposes of the Plan, all capitalized terms not otherwise defined shall have the meaning ascribed to them in this Article I of the Plan, except as expressly provided or unless the context clearly requires otherwise. Any term initially used in capitalized form in the Plan that is not defined herein but that is used in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code.

  1.2  <u>Definitions</u>. As used in this Plan, the following terms shall have the respective meanings specified below.

  1.  <u>Administrative Claim</u>. Any cost or expense of administration of the Chapter 11 Case (a) required to be asserted by filing an application with the Bankruptcy Court on or before the Administrative Claims Bar Date, or (b) allowed under Section 503(b) of the Bankruptcy Code, except to the extent the Holder of such Claim agrees to be treated differently. Administrative Claims include, but are not limited to, (a) any actual and necessary expenses of preserving the Estate incurred during the Chapter 11 Case; (b) any actual and necessary expenses of the Debtor's business incurred during its Chapter 11 Case; (c) any indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of its business as a debtor-in-possession, or for the acquisition or lease of property by, or for the rendition of services to, the Debtor as debtor-in-possession, excluding obligations under assumed executory contracts and unexpired leases that are not cure payments; (d) obligations pursuant to executory contracts assumed by the Debtor pursuant to an order of the Bankruptcy Court; (e) all Claims as provided by Section 507(b) of the Bankruptcy Code; (f) all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court, including any amounts owed to the Trustee; (g) any Allowed Claims that are granted administrative priority status by Final Order of the Bankruptcy Court; (h) all fees payable and unpaid under Section 1930 of Title 28, United States Code; and (i) any fees or charges assessed against the Estate pursuant to any provision of the United States Code.

  2.  <u>Administrative Claims Bar Date</u>. The date sixty (60) days after the Effective Date or such other date(s), if any, as determined by order of the Bankruptcy Court, by which all requests for allowance of Administrative Claims must be filed with the Bankruptcy Court. The Administrative Claims Bar Date shall <u>not</u> apply to fees and expenses of Professionals and the Trustee incurred after the Confirmation Date.

  3.  <u>Allowed Administrative Claim</u>. All or that portion of any Administrative Claim that is or has become an Allowed Claim.

  4.  <u>Allowed Claim</u>. Any Claim against the Debtor (a) proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claims against the Debtor or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor in its Schedules, as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or

the Bankruptcy Court, or (b) in favor of any Person arising from a judgment against such Person in any Avoidance Action (if the effect of such judgment gives such Person an Allowed General Unsecured Claim). A Disputed Claim shall be an Allowed Claim if, and only to the extent that, a Final Order has been entered allowing such Disputed Claim. The term "Allowed," when used to modify a reference in this Plan to any Claim or Class of Claims, shall mean a Claim (or any Claim in any such Class) that is allowed (e.g., an Allowed Secured Claim is a Claim that has been Allowed to the extent of the value of any interest in property of the Estate securing such Claim, as determined by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code). Unless otherwise specified in this Plan or in the Final Order of the Bankruptcy Court allowing such Claim, "Allowed Claim" shall not include interest on the amount of such Claim from and after the Petition Date.

5.      Allowed Judgment Claim. The Claim of Hayward in the amount of $16,021,736.30 plus the $1,195,000.28 awarded by the Attorneys' Fees Order unless such amounts are reduced on appeal.

6.      Allowed NBCF Claim. The Claim of Ningbo C.F. Electronic Tech Co., Ltd., in the amount of $0.00, calculated by offsetting (a) the trade payable due from the Debtor of $3,481,068.49 against NBCF's one-third (1/3) of attorneys' fees paid by the Debtor on behalf of NBCF in the District Court Case then (b) NBCF's one-third (1/3) share of the Judgment due to the Debtor pursuant to the proposed resolution of the alter ego causes of action and damages, reducing the Allowed NBCF Claim to $0.00.

7.      Allowed Other Priority Claim. Any Other Priority Claim that is an Allowed Claim.

8.      Allowed Priority Claim. Any Priority Claim that is an Allowed Claim.

9.      Allowed Professional Claims. The SLK Claim and Platinum Claim, both of which are Allowed Claims.

10.     Allowed Professional Deficiency Claims. Any Professional Deficiency Claim that is an Allowed Claim.

11.     Appellate Award. A final, non-appealable order of the Fourth Circuit Court of Appeals, not subject to any stay, adjudicating any appeal of the Judgment or other orders by the District Court in the District Court Case, entered as a mandate on the docket of the District Court Case.

12.     Assumed Agreement. Each of the Debtor's unexpired leases or executory contracts described in Section 4.1 of the Plan, which are being assumed by the Debtor on the Effective Date pursuant to Section 365(a) of the Bankruptcy Code.

13.     Attorneys' Fees Order. The Order entered by the Honorable Max O. Cogburn in the District Court Case at Docket Entry 522.

14.        Avoidance Action. Any and all actions which a trustee, debtor-in-possession, or other appropriate party in interest may assert on behalf of the Estate under the Bankruptcy Code, including actions pursuant to Sections 542, 543, 544, 545, 546, 547, 548, 549, 550, and/or 551 of the Bankruptcy Code.

15.        Ballot. The document used in voting on the Plan that must be executed and delivered by Holders of Allowed Claims entitled to vote on the Plan.

16.        Bankruptcy Administrator. The United States Bankruptcy Administrator for the Western District of North Carolina.

17.        Bankruptcy Code. The United States Bankruptcy Code as reflected in Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

18.        Bankruptcy Court. The United States Bankruptcy Court for the Western District of North Carolina, having jurisdiction over the Chapter 11 Case.

19.        Bankruptcy Rules. The Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as applicable to the Chapter 11 Case.

20.        Bar Date. The deadline for filing proofs of claim, established as October 8, 2024, by order of the Bankruptcy Court.

21.        Business Day. Any day other than a Saturday, Sunday, or other day on which commercial banks in the State of North Carolina are authorized or required by law to close.

22.        Cash. Cash and readily marketable securities or instruments including, without limitation, readily marketable direct obligations of the United States of America or agencies or instrumentalities thereof, time certificates of deposit issued by any bank, and commercial paper.

23.        Cause of Action. Any claim, actions, cause of action, chose in action, suit, debt, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims, whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted, existing as of the Confirmation Date.

24.        Chapter 11 Case. The bankruptcy case under Chapter 11 of the Bankruptcy Code that is pending before the Bankruptcy Court in which the Debtor is the debtor-in-possession, Case No. 24-30494.

25.        Chen. Zefeng "Richard" Chen, thirty percent (30%) shareholder of the Debtor.

26.        Chen Claim. The Claim of Zefeng "Richard" Chen in the Priority Unsecured Amount of $15,150.00 and the General Unsecured Amount of $197,350.00 with all rights to assert such claim as an offset to or defense to any Cause of Action brought by the Debtor against Chen.

27.        Class. A classification of Allowed Claims for the purposes of treatment and Distributions under this Plan.

28.        Confirmation. A judicial determination that the Plan meets the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

29.        Confirmation Date. The date the Bankruptcy Court enters the Confirmation Order.

30.        Confirmation Hearing. The hearing conducted by the Bankruptcy Court regarding confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code.

31.        Confirmation Order. An order of the Bankruptcy Court, in form and substance satisfactory to the Debtor, confirming this Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

32.        Contingent Claim. A Claim that was scheduled by the Debtor in its Schedules as either disputed, contingent, or unliquidated.

33.        Creditor. Any Person that holds a Claim against the Estate.

34.        Debtor. Blueworks Corporation, the debtor and debtor-in-possession in this Chapter 11 Case.

35.        Disclosure Statement. The "Disclosure Statement for the Plan of Reorganization of Blueworks Corporation" filed with the Bankruptcy Court with respect to the Plan, pursuant to Section 1125 of the Bankruptcy Code, either in its present form or as may be altered, amended, or modified from time to time.

36.        Disputed Claim. A Claim which is the subject of a timely objection interposed by the Debtor or scheduled as disputed, contingent, or unliquidated by the Debtor, if at such time such objection remains unresolved; provided, however, that the Bankruptcy Court may determine the amount of a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code; provided, further, that the Debtor, in its sole discretion, may elect to treat the portion of a Disputed Claim, if any, that is not in dispute as an Allowed Claim, with the disputed portion remaining a Disputed Claim.

37.        Distribution. The payment, distribution, or assignment under the Plan by the Reorganized Debtor of property or interests in property to any Holder of an Allowed Claim.

38.       <u>Distribution Date</u>. With respect to any Allowed Claim, each date on which a Distribution of Cash or other assets is to be or was made by the Estate with respect to such Allowed Claim, including the Effective Date.

39.       <u>District Court</u>. The United States District Court, Western District of North Carolina.

40.       <u>District Court Case</u>. The lawsuit captioned *Hayward Industries, Inc. v. Blueworks Corporation, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd., Ningbo Yishang Import and Export Co., Ltd.*, No. 3:20-cv-710-MOC-DSC filed in the United States District Court, Western District of North Carolina, Charlotte Division.

41.       <u>Effective Date</u>. The Business Day on which all of the conditions set forth in Section 10.1 of this Plan shall have been satisfied or waived.

42.       <u>Equity Interests</u>. Any interests in the Debtor represented by any shares in the Debtor held on the Petition Date.

43.       <u>Estate</u>. The bankruptcy estate of the Debtor, including all interests in property that the Debtor holds. The property of the Estate shall be vested in the Reorganized Debtor upon the occurrence of the Effective Date of the Plan.

44.       <u>Exculpated Claim</u>. A Claim arising out of or related to any act or omission in connection with or relating to (a) the formulation, preparation, solicitation, dissemination, negotiation, or filing of the Disclosure Statement or Plan or any contract, instrument, release, or other agreement or document created or entered into in connection therewith including, but not limited to, the Disclosure Statement or the Plan; (b) the filing and prosecution of the Chapter 11 Case; (c) the pursuit of Confirmation; (d) the pursuit of consummation of the Plan; (e) the administration and implementation of the Plan; and/or (f) the Distribution of property under the Plan.

45.       <u>Exculpated Party</u>. Collectively: the Debtor and its affiliates, subsidiaries, and shareholders, and each of their respective current and former members, managers, professionals, attorneys and financial advisors, agents, directors and officers, and other persons and entities.

46.       <u>H. Sun</u>. Haoqi Sun, seventy percent (70%) shareholder of the Debtor.

47.       <u>Holder</u>. A Person holding an Interest or a Claim.

48.       <u>Judgment</u>. The Judgment entered by the Honorable Max O. Cobgurn in the District Court Case at Docket Entry 448.

49.       <u>NBCF</u>. Ningbo C.F. Electronic Tech Co., Ltd.

50.       Net Income. The Debtor's annual income in a calendar year remaining after deducting the cost of goods sold, expenses, and taxes, according to generally accepted accounting principles to be calculated by the Trustee.

51.       Non-Debtor Defendants. Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co., Ltd., and Ningbo Yishang Import and Export Co., Ltd.

52.       Other Priority Claim. Any Claim to the extent entitled to priority in payment under Section 507(a) of the Bankruptcy Code other than Claims that are entitled to priority treatment pursuant to Section 507(a)(8) of the Bankruptcy Code.

53.       Petition. The voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, filed by the Debtor on June 11, 2024.

54.       Petition Date. The date of the commencement of the Debtor's Chapter 11 Case, June 11, 2024.

55.       Plan. This Chapter 11 Plan of Reorganization of Blueworks Corporation either in its present form or as it may be amended or modified from time to time by the Debtor in any manner permitted by the Bankruptcy Code or Bankruptcy Rules.

56.       Platinum. Platinum Intellectual Property, PC.

57.       Platinum Claim. The Claim of Platinum Intellectual Property, PC, in the amount of $136,556.05, an Allowed Claim.

58.       Priority Tax Claim. Any Claim of a Governmental Unit of the kind specified in Section 507(a)(8) of the Bankruptcy Code.

59.       Professional. Any attorney, accountant, appraiser, or other professional person retained and employed by the Estate in the Chapter 11 Case in accordance with Sections 327 and/or 328 of the Bankruptcy Code.

60.       Reorganized Debtor. The Debtor, as reorganized, discharged, and re-vested with all of the assets of the Estate pursuant to this Plan.

61.       Schedules. The Schedules of Assets and Liabilities and Statements of Financial Affairs, and any amendments thereto, filed by the Debtor with the Bankruptcy Court in accordance with Section 521(a)(l) of the Bankruptcy Code.

62.       SLK. Shumaker, Loop & Kendrick, LLP.

63.       SLK Claim. The Claim of Shumaker, Loop & Kendrick, LLP, in the amount of $250,175.17, an Allowed Claim.

64.     Trustee. The Limited Powers Chapter 11 Trustee, Michael T. Bowers, who was appointed in the Bankruptcy Court pursuant to the *Consent Order Appointing Limited Powers Chapter 11 Trustee* [Docket No. 98] in the Chapter 11 Case.

65.     Unimpaired. Classes of Creditors whose Claims or Interests are unaltered by the Plan, or who will receive under the Plan the allowed amount of their Claims in Cash as of the Effective Date are Unimpaired.

66.     Unsecured Claim. A Claim not secured by a charge against or interest in property in which the Estate has an interest, including any Claim arising at any time under Bankruptcy Rule 3002(c)(3).

67.     Voting Deadline. The date set in an order of the Bankruptcy Court as the deadline for the return of Ballots accepting or rejecting the Plan.

1.3     Other Definitions. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in this Plan but that is defined in the Bankruptcy Code or Bankruptcy Rules shall have the meaning set forth therein. Wherever it appears appropriate from the context, each term stated in either of the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, the feminine, and the neuter. The words "herein," "hereof," "hereto," "hereunder," and others of similar inference refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan. The word "including" shall mean "including without limitation."

## ARTICLE II
## PROVISIONS FOR PAYMENT OF ALLOWED ADMINISTRATIVE CLAIMS; ADMINISTRATIVE CLAIMS BAR DATE; PROVISIONS FOR PAYMENT OF ALLOWED PRIORITY TAX CLAIMS

2.1     Administrative Claims and Priority Tax Claims Are Not Classified in this Plan. The treatment of and consideration to be received by Holders of Allowed Administrative Claims and Allowed Priority Tax Claims pursuant to Article II of the Plan shall be in full and complete satisfaction, settlement, release, and discharge of such Claims. The Debtor's obligations with respect to such Allowed Administrative and Priority Tax Claims shall be satisfied in accordance with the terms of this Plan.

2.2     Administrative Claims Bar Date. Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims, including all applications for final allowance of compensation and reimbursement of expenses of Professionals incurred before the Confirmation Date, must be filed and served on counsel for the Debtor and the Bankruptcy Administrator no later than sixty (60) days after the Effective Date. Any Person required to file and serve a request for payment of an Administrative Claim who fails to timely file and serve such request, shall be forever barred, estopped, and enjoined from asserting such Claim or participating in Distributions under the Plan on account thereof. The Administrative Claims Bar Date shall not apply to quarterly fees owing pursuant to 28 U.S.C. § 1930, fees and expenses of

Professionals incurred after the Confirmation Date, parties seeking payment of post-petition ordinary course trade obligations, and amounts arising under agreements approved by the Bankruptcy Court or the Plan. The Debtor shall continue paying quarterly fees owing pursuant to 28 U.S.C. § 1930 until the Chapter 11 Case is closed.

2.3    <u>Treatment of Administrative Claims and Priority Tax Claims</u>. Administrative Claims and any Priority Tax Claims pursuant to Sections 503, 506, and 507 of the Bankruptcy Code are not classified in the Plan. These claims shall be paid in full on the later of (a) the Effective Date or (b) as soon as practicable after such claims are allowed by the Bankruptcy Court. Any provision of the Plan notwithstanding, the Holder of an Allowed Administrative Claim may otherwise agree with the Debtor or Reorganized Debtor to receive other, less favorable treatment than provided in the Plan. The Debtor currently estimates that Allowed Administrative Claims will be approximately $196,500.00 and does not believe there are any material Allowed Priority Tax Claims. The Debtor's estimate of the Allowed Administrative Claims is based on the following assumptions:

| | |
|---|---|
| $25,000.00 | Estimated administrative claim of the Trustee for fees and expenses incurred but unpaid as of the Effective Date |
| $75,000.00 | Estimated administrative claim of Rayburn, Cooper & Durham, P.A., for fees and expenses incurred but unpaid as of the Effective Date |
| $35,000.00 | Estimated administrative claim of Shumaker, Loop & Kendrick, LLP, for fees and expenses incurred but unpaid as of the Effective Date |
| $20,000.00 | Estimated administrative claim of Platinum Intellectual Property, PC, for fees and expenses incurred but unpaid as of the Effective Date |
| $4,000.00 | Estimated administrative claim of KJ Accounting Services, Inc., for fees and expenses incurred but unpaid as of the Effective Date |
| $37,500.00 | Estimated administrative claim of Zefeng "Richard" Chen for payroll and wages earned but unpaid as of the Effective Date |

**ARTICLE III**
**DESIGNATION OF AND PROVISIONS FOR**
**TREATMENT OF CLAIMS AND INTEREST HOLDERS**

A Claim or Equity Interest is included in a particular Class or designation only to the extent that such Claim or Equity Interest qualifies within the description of that Class or designation, and is in a different Class or designation to the extent that the remainder of such Claim or Equity Interest qualifies within the description of such different Class or designation. Any provision of the Plan notwithstanding, the Holder of an Allowed Claim may otherwise agree with the Debtor or Reorganized Debtor to receive other, less favorable treatment than provided in the Plan. The Claims against and Equity Interests in the Debtor are designated, and shall be treated, as follows:

3.1    <u>Class 1 – Allowed Priority Unsecured Claims</u>. Class 1 consists of Allowed Priority Unsecured Claims asserted pursuant to Section 507(a) of the Bankruptcy Code. These claims shall be paid in full on the later of (a) the Effective Date or (b) as soon as practicable after such claims are allowed by the Bankruptcy Court and are not Impaired under the Plan.

Class 1 is Unimpaired and not entitled to vote to accept or reject the Plan.

3.2 <u>Class 2 – Allowed Professional Claims</u>. Class 2 consists of the Allowed Professional Claims. The Holders of the Allowed Professional Claims shall be paid two-thirds (2/3) of their respective Allowed Professional Claims by applying funds held for the benefit of the Debtor by SLK and Platinum, respectively. The application shall occur on the later of (a) the Effective Date or (b) five (5) Business Days following the transfer to the Debtor or Reorganized Debtor of monies held for the benefit of the Debtor by SLK and Platinum in excess of the two-thirds (2/3) payment to be made. Any Allowed Professional Deficiency Claim of SLK and Platinum shall be treated in Class 5 of the Plan.

Class 2 is Impaired by the Plan. The Holders of the Class 2 Claims are entitled to vote to accept or reject the Plan.

3.3 <u>Class 3 – Allowed NBCF Claim</u>. Class 3 consists of the Allowed NBCF Claim in the amount of $0.00, calculated by offsetting (a) the trade payable due from the Debtor of $3,481,068.49 against NBCF's one-third (1/3) of attorneys' fees paid by the Debtor on behalf of NBCF in the District Court Case then (b) NBCF's one-third (1/3) share of the Judgment due to the Debtor pursuant to the proposed resolution of the alter ego causes of action and damages, reducing the Allowed NBCF Claim to $0.00.

Class 3 is Impaired by the Plan. The Holder of the Class 3 Claim is entitled to vote to accept or reject the Plan.

3.4 <u>Class 4 – Allowed Judgment Claim</u>. Class 4 consists of the Allowed Judgment Claim. Unless otherwise agreed by the Holder of the Allowed Judgment Claim and the applicable Debtor or Reorganized Debtor, the Holder of the Allowed Judgment Claim shall receive treatment in accordance with Option A or B below at the sole option of the applicable Debtor or Reorganized Debtor as applicable.

**Option A**: In the case of an Appellate Award, the Holder of the Allowed Judgment Claim shall be paid by the Reorganized Debtor such Holder's Pro Rata Share based on the Appellate Award of the Reorganized Debtor's Net Income upon each Distribution Date *in pari passu* with Class 5 in annual installments for the years ending in 2025, 2026, and 2027, with payments being made on or before June 30, 2026; June 30, 2027; and June 30, 2028, unless the Allowed Judgment Claim is paid in full prior to such Distribution Date.

Should the Debtor or Reorganized Debtor pursue any appellate rights and should a Distribution Date or Distribution Dates occur before any Appellate Award, the Reorganized Debtor shall escrow an amount equal to the Allowed Judgment Claim Holder's Pro Rata Share (based on the Allowed Judgment Claim) of the Reorganized Debtor's Net Income upon such Distribution Date to be reconciled against any Appellate Award and paid to the Holder of the Allowed Judgment Claim thirty (30) days following such reconciliation.

**Option B**: Should the Debtor decline to appeal the Judgment and decline to defend a Hayward appeal of the Judgment or of any other order entered in the District Court Case with such decision to be made before the first Distribution Date, the Holder of the Allowed Judgment Claim shall be paid by the Reorganized Debtor such Holder's Pro Rata Share of the Reorganized Debtor's Net Income upon each Distribution Date *in pari passu* with Class 5 in annual installments for the years ending in 2025, 2026, and 2027 with        payments being made on or before June 30, 2026; June 30, 2027; and June 30, 2028; unless the Allowed Judgment Claim is paid in full prior to such Distribution Date.

Class 4 is Impaired by the Plan. The Holder of the Class 4 Claim is entitled to vote to accept or reject the Plan.

3.5    Class 5 – Allowed Unsecured Claims. Class 5 consists of Allowed Unsecured Claims. Each Holder of an Allowed Unsecured Claim shall be paid by the Reorganized Debtor such Holder's Pro Rata Share of the Reorganized Debtor's Net Income upon each Distribution Date *in pari passu* with Class 4 in annual installments for the years ending in 2025, 2026, and 2027 with payments being made on or before June 30, 2026; June 30, 2027; and June 30, 2028; unless the Allowed Unsecured Claims are paid in full prior to such Distribution Date.

Class 5 is Impaired by the Plan. Holders of Class 5 Claims are entitled to vote to accept or reject the Plan.

3.6    Class 6 – Equity Interests. Class 6 consists of Equity Interests. In return for waiving the Chen Claim and agreeing to a two-thirds (2/3) reduction of his annual salary until all payments have been made pursuant to this Plan, Chen will retain his Equity Interest in the Reorganized Debtor. The H. Sun Equity Interest shall be deemed cancelled on the Effective Date, and H. Sun shall not receive or retain any property, rights, or interests of any nature whatsoever under the Plan on account of the H. Sun Equity Interest.

Class 6 is Impaired by the Plan. Holders of Class 6 claims are entitled to vote to accept or reject the Plan.

**ARTICLE IV**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

4.1    Assumption of Certain Executory Contracts and Unexpired Leases.

(a)    As of the Effective Date, all unexpired leases of non-residential real property and other executory contracts that have not previously been assumed or rejected, and which are not the subject of a motion to reject pending the Confirmation Date, shall be deemed assumed by the Debtor, and the Confirmation Order shall constitute an order under Section 365 of the Bankruptcy Code authorizing the approval of the assumption of such agreements as of the Effective Date. This Section shall be, and shall be deemed to be, a motion to assume any such unexpired leases and other executory contracts including, without limitation, the following lease and executory contracts (each an "Assumed Agreement," and, collectively, the "Assumed

Agreements"):

    (i)      Any and all insurance policies;

    (ii)     Oral lease for portion of property located at 2210 Legacy Oak Drive,     Waxhaw, North

    (iii)    Amazon Business Solutions Agreement;

    (iv)    Any and all engagement agreements for legal services;

    (v)     Oral lease for the Debtor's 2018 Tesla Model 3; and

    (vi)    Oral lease for the Debtor's 2018 Lexus RX 450 H.

(b)    The amount of any cure payment, if any, that may be required in order for the Debtor to assume any Assumed Agreement shall be deemed to be $0.00. To the extent any counterparty to an executory contract or unexpired lease disagrees with the proposed cure amount or otherwise objects to the Reorganized Debtor's assumption of its executory contract or unexpired lease, such counterparty shall file with the Bankruptcy Court an objection to confirmation of the Plan setting forth the reason for such objection on or before the deadline to object to the Plan. Failure to object to any proposed cure amount prior to confirmation of the Plan shall bar any such counterparty from thereafter asserting any right to any cure amount or from objecting to the assumption of its executory contract or unexpired lease by the Reorganized Debtor. **Further, any Claim filed or scheduled in the Debtor's Schedules arising from an Assumed Agreement shall be disallowed in full and expunged from the claims register in this Chapter 11 Case upon payment of the cure amount, if any, or as allowed by order of the Bankruptcy Court.**

(c)    The Debtor may reach agreements with parties to certain Assumed Agreements providing for the deferral of cure payments that would otherwise be due by reason of such assumption and for the payment of interest on such deferred amounts.

4.2    <u>Indemnification Obligations Assumed</u>. For purposes of the Plan, any obligation of the Debtor to indemnify its respective former and present shareholders, directors, or officers, in such capacity or as plan administrators, or any person serving at the request of the Debtor as a director or officer of any other entity pursuant to the Debtor's Articles of Incorporation or Bylaws, or pursuant to applicable state law or specific agreement, or any combination of the foregoing, shall be deemed to be executory contracts, shall be assumed by the Reorganized Debtor, effective as of the Effective Date, in accordance with the provisions of Sections 365 and 1123 of the Bankruptcy Code, and shall survive Confirmation of the Plan, remain unaffected thereby, shall not be discharged, and shall pass unaltered to the Reorganized Debtor irrespective of whether such indemnification is owed in connection with an event occurring before, on, or after the Petition Date.

4.3    <u>Executory Contract and Lease Rejection Damages Bar Date</u>. If the rejection of any executory contract or unexpired lease under the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 5; <u>provided</u>, <u>however</u>, that the Unsecured Claim

arising from such rejection shall be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor, their successors, or properties, unless a proof of such Claim is filed and served on the Reorganized Debtor on or before the date that is the later of (a) the Bar Date or (b) thirty (30) days after the date of the order of the Bankruptcy Court rejecting the executory contract or unexpired lease which may include, if applicable, the Confirmation Order.

4.4     Reservation of Rights. Nothing contained in the Plan, shall constitute an admission by the Debtor that any contract or lease is in fact an executory contract or that the Reorganized Debtor has any liability thereunder.

## ARTICLE V
## ACCEPTANCE OR REJECTION OF THIS PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES

5.1     Impaired Classes to Vote. Except as otherwise required by the Bankruptcy Code or the Bankruptcy Court, any Holder of a Claim in any of Classes 2, 3, 4, 5, and 6 that is Impaired under this Plan is entitled to vote to accept or reject this Plan if, at any time prior to the voting deadline, its Claim is an Allowed Claim. Notwithstanding the foregoing, a Holder of a Disputed Claim which has not been temporarily allowed as provided above may nevertheless vote such Disputed Claim in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated, and undisputed in the Debtor's Schedules or the proposed allowed amount, if any, set forth in any objection to such Claim filed with the Bankruptcy Court. Any entity holding two or more duplicate claims shall be entitled to vote only one claim.

5.2     Acceptance by Class of Creditors. Consistent with Section 1126(c) of the Bankruptcy Code, and except as provided in Section 1126(e) of the Bankruptcy Code, a Class of Claims shall have accepted the Plan if the Plan is accepted by Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of that Class that have timely and properly voted to accept or reject the Plan.

5.3     Confirmation Hearing. The Court has set [***********], 202[*] as the date for a hearing on the confirmation of the Plan to determine whether the Plan has been accepted by the requisite number of Creditors and whether the other requirements for confirmation of the Plan have been satisfied.

5.4     Modification, Amendment, or Withdrawal. The Debtor reserves the right to seek confirmation of a different plan of reorganization if this Plan is not confirmed. The Debtor reserves the right to alter, modify, amend, revoke, or withdraw the Plan as set forth herein. The Debtor specifically reserves the right to propose modifications to the Plan at the hearing on confirmation of the Plan, provided that such modifications (if any) would only effect treatment under the Plan of Creditors represented at the Confirmation Hearing.

5.5     Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code. To the extent that any Impaired Class rejects the Plan or is presumed to have rejected the Plan, the Debtor hereby requests confirmation of the Plan under Section 1129(b) of the Bankruptcy Code.

## ARTICLE VI
## DISPUTED CLAIMS AND AVOIDANCE ACTIONS

6.1     Filing Objections to Claims after the Effective Date. Following the Effective Date, the Reorganized Debtor at the direction of the Trustee shall be authorized to object to, or to succeed or otherwise join any objection filed by the Debtor on or prior to the Effective Date, to Claims, so as to have the Bankruptcy Court determine the amounts to be allowed, if any, of such Claims and thus paid pursuant to the Plan. Objections to Claims shall be filed with the Bankruptcy Court and served upon the Holders of such Claims no later than sixty (60) days after the Effective Date; provided, however, that this deadline may be extended by the Bankruptcy Court upon the entry of an order by the Bankruptcy Court extending such deadline. An objection to the allowance of a Claim by the Reorganized Debtor must be filed with the Bankruptcy Court and served upon the Holder of the Claim and all parties who have requested notice.

Notwithstanding the foregoing, unless an order of the Bankruptcy Court specifically provides for a later date, any proof of claim for pre-petition debts of the Debtor filed after the Bar Date shall be automatically disallowed as a late-filed claim without any action by the Reorganized Debtor, unless and until the party filing such Claim obtains (a) the written consent of the Reorganized Debtor to file such Claim late, or (b) an order entered by the Bankruptcy Court permitting the late filing of such Claim, after notice to the Reorganized Debtor and a hearing, in which event the Reorganized Debtor shall have sixty (60) days from the date of such written consent or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Reorganized Debtor.

6.2     Prosecutions of Objections to Claims Prior to the Effective Date. Prior to the Effective Date, the Debtor shall litigate to judgment, propose settlements of, or withdraw objections to such Disputed Claims asserted against it as the Debtor may choose. From and after the Effective Date, the Reorganized Debtor shall litigate to judgment, propose settlements of, or withdraw objections to all Disputed Claims. The Reorganized Debtor will act in accordance with its fiduciary duties as a reorganized debtor in the claims resolution process. Proposed settlements of Disputed Claims greater than $25,000.00 in amount shall be subject to the approval of the Bankruptcy Court after notice and opportunity for a hearing (as that term is used in Section 102(1) of the Bankruptcy Code). Objections to Claims shall not be subject to any defense based on confirmation of the Plan, including, without limitation, res judicata, estoppel, or any other defense, and the right to object to any Claim is expressly preserved and reserved by the Plan.

6.3     Payment or Distribution upon Resolution of Disputed Claims. Except as the Debtor or the Reorganized Debtor, as applicable, may otherwise agree with respect to any Disputed Claim, no payments or Distributions shall be made with respect to any portion of a Disputed Claim unless and until (a) all objections to such Disputed Claim have been resolved or overruled by a Final Order of the Bankruptcy Court, or (b) the Bankruptcy Court shall have entered a Final Order treating any portion of a Disputed Claim as an Allowed Claim. Payments and Distributions to each Holder of a Disputed Claim to the extent that it ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Claims to which such Allowed Claim belongs. A Disputed Claim that is estimated for

purposes of allowance and Distribution pursuant to Section 502(c) of the Bankruptcy Code and which is estimated and Allowed at a fixed amount by Final Order of the Bankruptcy Court shall thereupon be an Allowed Claim for all purposes in the amount so estimated and Allowed.

6.4     _Avoidance Actions and Estate Causes of Action_. After the Effective Date, the Reorganized Debtor shall have the sole right, in the name of the Debtor, to commence, continue, or settle any Avoidance Action, including any Avoidance Action brought by the Debtor prior to the Effective Date and which remains unsettled or otherwise unresolved as of the Effective Date, if any. Furthermore, the Trustee shall have sole authority to investigate and, if appropriate, commence, prosecute, and compromise any and all claims or causes of action belonging to the Debtor or its Estate. A preliminary analysis of Avoidance Actions is set forth in Article IV, Section 3 of the Disclosure Statement.

## ARTICLE VII
### DISTRIBUTIONS

7.1     _Disbursing Agent_. Except as may otherwise be provided in the Plan, the Trustee shall serve as the "disbursing agent" and shall make all Distributions provided for under the Plan and shall file such reports with the Bankruptcy Court as required.

7.2     _Delivery of Distributions; Unclaimed Property_. Distributions and deliveries to Holders of Allowed Claims shall be made at the addresses set forth on the proofs of claim filed by such Holders (or at the last known addresses of such Holders if no proof of claim is filed or if the Reorganized Debtor and Trustee have been notified, in writing at the address set forth in Section 12.8 of the Plan, of a change of address). If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the Reorganized Debtor is notified, in writing at the address set forth in Section 12.8 of the Plan, of such Holder's then current address, at which time all missed Distributions shall be made to such Holder without interest (except to the extent that such missed Distributions have become unclaimed property as set forth immediately below).

In the event that any Distribution remains unclaimed for ninety (90) days after the original date of Distribution, such unclaimed Distribution will be deemed unclaimed property and shall revert to the Reorganized Debtor, and the Claim of any Holder with respect to such property shall be discharged and forever barred and shall no longer be deemed an Allowed Claim. **Checks issued by or on behalf of the Reorganized Debtor with respect to Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof.**

7.3     _Method of Payment_. Payments of Cash required pursuant to this Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank at the election of the Person making such payment.

7.4     _Payment Dates_. Whenever any payment or Distribution to be made under this Plan shall be due on a day other than a Business Day, such payment or Distribution shall instead be made, without interest, on the immediately following Business Day.

7.5     Rounding. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent, with one-half cent being rounded up to the nearest whole cent.

7.6     *De Minimis* Distributions. If a Cash payment otherwise provided for by this Plan with respect to an Allowed Claim would be less than ten dollars ($10.00) (whether in the aggregate or on any Distribution Date provided for in this Plan), notwithstanding any contrary provision of this Plan, the Reorganized Debtor shall not be required to make such payment, and the Reorganized Debtor may make such payment on the next scheduled payment date when the aggregate amount to be paid is greater than $10.00.

7.7     Setoff. The Reorganized Debtor may, but shall not be required to, setoff against any Claim (and the Distributions to be made pursuant to this Plan with respect to such Claim), Causes of Action of any nature whatsoever that the Reorganized Debtor or its Estate may have against the Holder of such Claim. Notwithstanding the foregoing, the failure to effect such a setoff will not constitute a waiver or release by the Reorganized Debtor of any such Cause of Action against such Holder.

## ARTICLE VIII
## MEANS FOR IMPLEMENTING THE PLAN

8.1     Funding. The funds necessary for implementation of this Plan are expected to be obtained through Net Income from the ongoing business operations of the Reorganized Debtor.

8.3     Certificate of Incorporation and Bylaws of the Reorganized Debtor. As of the Effective Date, the Certificate of Incorporation and the Bylaws of the Reorganized Debtor will be in such form as the Debtor may determine. The initial Certificate of Incorporation and Bylaws of the Reorganized Debtor, among other things, shall prohibit the issuance of nonvoting equity securities to the extent required by Section 1123(a) of the Bankruptcy Code. After the Effective Date, the Reorganized Debtor shall be permitted to amend and restate its Certificate of Incorporation or Bylaws pursuant to applicable state law and the terms and conditions of such constituent documents.

8.4     Directors and Officers of the Reorganized Debtor. Subject to any requirement of Bankruptcy Court approval pursuant to Section 1129(a)(5) of the Bankruptcy Code, the initial directors and officers of the Reorganized Debtor shall be the directors and officers of the Debtor immediately prior to the Effective Date. Each such director and officer shall serve from and after the Effective Date until his or her successor is duly elected or appointed and qualified or until his or her earlier death, resignation, or removal in accordance with the terms of the Certificate of Incorporation and Bylaws of the Reorganized Debtor (as the same may be amended after the Effective Date) and applicable state law.

8.5     Corporate Action. Pursuant to Section 1142 of the Bankruptcy Code and Chapter 55 of the North Carolina General Statutes, the following (which shall occur and be deemed effective as of the date specified in the documents effectuating the same or, if no date is so specified, the Effective Date) shall be authorized and approved in all respects and for all

purposes without any requirement of further action by stockholders or directors of the Debtor or the Reorganized Debtor or by any other entity: (a) the initial Certificate of Incorporation and Bylaws of the Reorganized Debtor; (b) the initial directors and officers of the Reorganized Debtor; (c) the Distribution of Cash pursuant to the Plan; (d) other corporate actions that are necessary or appropriate to effectuate, implement, and consummate the provisions of the Plan; and (e) the adoption, execution, delivery, and performance of all contracts, instruments, releases, and other agreements and documents related to any of the foregoing.

       8.6    <u>Preservation of Estate Causes of Action</u>. Unless any Causes of Action against any Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or by a Final Order, in accordance with Section 1123(b) of the Bankruptcy Code, the Reorganized Debtor as directed by the Trustee shall retain and may enforce all rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, and the Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. No Person may rely on the absence of a specific reference in the Plan to any Causes of Action against them as any indication that the Debtor or the Reorganized Debtor will not pursue any and all available Causes of Action against them. The Debtor and Reorganized Debtor expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan. Unless any Causes of Action against any Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, including Avoidance Actions, the Reorganized Debtor expressly reserves all Causes of Action for later adjudication and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of Confirmation or Consummation.

       8.7    <u>Reporting Requirements</u>. Until the sooner of the final Distribution or all Claims in Classes 1, 2, 3, 4, and 5 are paid in full, the Reorganized Debtor shall transmit to the Trustee for each calendar month after the Effective Date a report consisting of (a) all bank account statements for the corresponding calendar month; (b) all credit card account statements for the corresponding calendar month; and (c) a profit and loss statement for the corresponding calendar month (collectively, the "Report"). Each Report shall be transmitted no later than twenty-one (21) days after the last day of the preceding calendar month. Additionally, the Debtor or Reorganized Debtor shall cooperate with the Trustee's reasonable requests for information.

       8.8    <u>Banking Requirements</u>. Until the sooner of the final Distribution or all Claims in Classes 1, 2, 3, 4, and 5 are paid in full, the Reorganized Debtor shall maintain its bank account at United Bank and shall maintain the Trustee as a signatory to the United Bank account with full access to all records, including but not limited to account statements and any online banking platform, of the United Bank account and to the account itself. Should the Reorganized Debtor open any additional bank or credit accounts, the Reorganized Debtor shall add the Trustee as a signatory to such accounts with full access to all records, including but not limited to account statements and any online banking platform, of such accounts.

## ARTICLE IX
## EFFECTS OF CONFIRMATION

9.1     <u>Discharge of Debtor</u>. The consideration distributed under this Plan shall be in exchange for, and in complete satisfaction, discharge, release, and termination of all Claims of any nature whatsoever against the Estate or the Debtor to the fullest extent provided in the Bankruptcy Code, including but not limited to Sections 524 and 1141. In addition, except as otherwise provided herein, upon the Effective Date, the Debtor shall be deemed discharged and released pursuant to Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including but not limited to demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under Section 502 of the Bankruptcy Code; or (c) the Holder of a Claim based upon such debt has accepted this Plan.

The Confirmation Order shall be a judicial determination of discharge and termination of all liabilities of and all Claims against the Estate and Debtor and all liens and security interests in the Debtor's personal property, except as otherwise specifically provided in this Plan. **On the Confirmation Date, as to every discharged Claim and other debt of the Debtor, the Holder of such Claim or other debt of the Debtor shall be permanently enjoined and precluded from asserting against the Reorganized Debtor, or against its assets or properties or any transferee thereof, any other or further Claim or other debt of the Debtor based upon any document, instrument, or act, omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date <u>except</u> as expressly set forth in this Plan.** In the event that, after the Confirmation Date, any Person asserts, against the Reorganized Debtor or any of its subsidiaries or affiliates, any right to payment or equitable remedy for breach of performance which gives rise to a right of payment, which right was not asserted prior to the Confirmation Date but is based on any act, fact, event, occurrence, or omission, by or relating to the Debtor, as the Debtor existed before the Confirmation Date, and in the further event that such right is determined by a court of competent jurisdiction not to have been discharged pursuant to the provisions of Bankruptcy Code Section 1141 and this Plan, and that such right may be asserted against the Reorganized Debtor, then, in such circumstances the holder of such right shall be entitled to receive from the Reorganized Debtor value equivalent to the value such holder would have received if such right had been asserted against the Debtor before the Confirmation Date and only to the extent such right would have been allowed or allowable as a Claim. Nothing in this Section 9.1 shall have the effect of excepting from discharge any Claim that is or would be discharged pursuant to Bankruptcy Code Section 1141 or this Plan.

Prior to the Effective Date, the stay imposed by Section 362 of the Bankruptcy Code will remain effective.

9.2     <u>Cancellation of Certain Existing Securities and Agreements</u>. On the Effective Date, except with respect to Assumed Agreements the Debtor chooses to continue to pay in accordance with the terms of any pre-petition agreement, any and all notes, documents, agreements, or other evidence of indebtedness underlying any Claims shall be cancelled and

shall be null and void, and the obligations thereunder shall be discharged. The Debtor or Reorganized Debtor may file the Confirmation Order in any jurisdiction the Debtor or Reorganized Debtor deem appropriate to evidence the cancellation of securities and agreements as set forth herein. The holder of any such documents cancelled pursuant to this provision shall have no rights arising from or relating to such documents, including, without limitation, any subordination or subrogation rights, except the right to receive Distributions provided for in the Plan.

9.3     <u>Exculpation</u>. **To the fullest extent permitted by Section 1125(e) of the Bankruptcy Code, as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim, except for actual fraud, willful misconduct, or gross negligence, and in all respects, the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and the making of Distributions pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.**

9.4     <u>Re-vesting of Assets; No Further Supervision</u>. The assets of the Debtor and all property of the Debtor's Estate (including, without limitation, all rights of the Debtor to recover property under Sections 542, 543, 550, and 553 of the Bankruptcy Code, all avoiding powers under Sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, all proceeds thereof, and all claims and causes of action, including but not limited to all alter ego causes of action as well as Judgment collection against the Non-Debtor Defendants pursuant to the Judgment's alter ego findings, and damages, crossclaims, and counterclaims of any kind or nature whatsoever against third parties arising before the Confirmation Date that have not been expressly disposed of prior to the Confirmation Date) shall be preserved and re-vest in the Reorganized Debtor, in each case free and clear of all Claims and Equity Interests, but subject to the obligations of the Reorganized Debtor as specifically set forth in this Plan. This Plan does not contain any restrictions or prohibitions on the conduct of the business of the Reorganized Debtor. The Reorganized Debtor may use, operate, and deal with its assets, and may conduct and change its business, without any supervision by the Bankruptcy Court or the Bankruptcy Administrator, and free of any restrictions imposed on the Debtor by the Bankruptcy Code or by the Bankruptcy Court during this Chapter 11 Case.

9.5     <u>Injunction</u>. **Confirmation of this Plan shall have the effect of, among other things, permanently enjoining all Persons who have held, hold, or may hold or have asserted, assert, or may assert Claims against or Equity Interests in the Debtor or the Reorganized Debtor, or their assets, with respect to any such Claim or Equity Interest from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of**

any kind (including without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Estate, the Debtor, the Reorganized Debtor, or any of their then existing or subsequently acquired property or assets, including but not limited to Estate Causes of Action, such as alter ego claims and Judgment collection against the Non-Debtor Defendants on the basis of the Judgment's alter ego findings; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Estate, the Debtor, the Reorganized Debtor, or any of their then existing or subsequently acquired property or assets; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate, the Debtor, the Reorganized Debtor, or any of their then existing or subsequently acquired property or assets; (d) asserting any right of setoff or recoupment, directly or indirectly, against any obligation due or assets of the Estate, the Debtor, the Reorganized Debtor, or any of their then existing or subsequently acquired property or assets, except as contemplated or allowed by the Plan; (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (f) prosecuting or otherwise asserting any Claim or Equity Interest, including any Cause of Action, released pursuant to the Plan.

## ARTICLE X
## CONDITIONS PRECEDENT

10.1    Conditions Precedent. The Plan shall not be confirmed unless and until the Bankruptcy Court has entered the Confirmation Order in a form and substance satisfactory to the Debtor and eleven (11) days shall have passed after the Confirmation Order has been entered, without any modifications or alterations, and no stay of the Confirmation Order shall be in effect.

10.2    Notice of the Effective Date. On or before ten (10) Business Days after the Effective Date, which Effective Date shall not occur until the conditions precedent in Section 10.1 have been fulfilled, the Reorganized Debtor shall mail (or cause to be mailed) to all parties in interest in the Chapter 11 Case a form of notice that informs all Holders of Claims of the (a) entry of the Confirmation Order; (b) occurrence of the Effective Date; (c) assumption of the Assumed Agreement(s) pursuant to the Plan; (d) rejection of any executory contracts pursuant to the Plan, as well as the deadline for the filing of Claims arising from such rejection; (e) procedures for changing an address of record pursuant to this Plan; and (f) such other matters as the Debtor deems to be appropriate.

10.3    Non-Occurrence of the Effective Date. If the Confirmation Order is entered but the Effective Date does not occur within thirty (30) days thereafter, unless otherwise ordered by the Bankruptcy Court, (a) the Confirmation Order shall be deemed vacated; (b) all bar dates and deadlines established by the Plan or the Confirmation Order shall be deemed vacated; (c) the Chapter 11 Case will continue as if Confirmation of the Plan had not occurred; and (d) the Plan will be of no further force and effect, with the result that the Debtor and other parties in interest will be returned to the same position as if Confirmation had not occurred. The failure of the Effective Date to occur shall not affect the validity of any order entered in the Chapter 11 Case other than the Confirmation Order.

10.4    Consummation. Consummation of this Plan shall occur upon the occurrence of the Effective Date and the Reorganized Debtor having made any transfers and/or payments required to be made on or before thirty (30) days thereafter.

## ARTICLE XI
## RETENTION OF JURISDICTION

11.1    From and after the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes:

(a)    To determine any and all objections to the allowance of Claims and/or Equity Interests;

(b)    To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

(c)    To determine any and all applications for the rejection, assumption, or assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d)    To determine any and all applications for the determination of the priority of any Claim including Claims arising from any event that occurred prior to the Petition Date or from the Petition Date through the Effective Date and for payment of any alleged Administrative, Priority, Secured, or Unsecured Claims;

(e)    To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of this Plan or in connection with the obligations of the Debtor or the Reorganized Debtor under this Plan, and to enter such orders as may be necessary or appropriate to implement any Distributions to Holders of Allowed Claims;

(f)    To determine any and all applications, motions, adversary proceedings, and contested or litigated matters that may be pending on the Confirmation Date or filed thereafter;

(g)    To consider any modification, remedy any defect or omission, or reconcile any inconsistency in this Plan or any order of the Bankruptcy Court, including the Confirmation Order, all to the extent authorized by the Bankruptcy Code;

(h)    To issue such orders in aid of execution of this Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

(i)    To determine such other matters as may be set forth in the Confirmation

Order or as may arise in connection with this Plan or the Confirmation Order;

    (j)   To hear and determine any claim or controversy of any nature arising from or in connection with any agreement made a part of this Plan and to enter such orders as may be appropriate to enforce, modify, interpret, or effectuate such agreements;

    (k)  To determine all disputes regarding property of the Estate;

    (l)  To determine any suit or proceeding brought by the Debtor or the Reorganized Debtor on behalf of the Debtor's Estate to (a) recover property under Sections 542, 543, or 553 of the Bankruptcy Code or to avoid any transfer or obligation under Sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, or (b) otherwise collect or recover on account of any claim or Cause of Action that the Debtor may have (provided that the Bankruptcy Court's jurisdiction with respect to such matters shall be nonexclusive);

    (m)  To consider and act on the compromise and settlement of any Claim against or Cause of Action by or against the Debtor's Estate;

    (n)  To estimate Claims pursuant to Section 502(c) of the Bankruptcy Code;

    (o)  To hear and determine any dispute or controversy relating to any Allowed Claim or any Claim alleged or asserted by any Person to be an Allowed Claim;

    (p)  To administer and enforce the releases, exculpations, and injunctions contained in this Plan, and any related injunction or decree contained in the Confirmation Order; and

    (q)  To hear and determine any other matter related hereto and not inconsistent with the Bankruptcy Code.

## ARTICLE XII
### MISCELLANEOUS PROVISIONS

  12.1 <u>Modification of Payment Terms</u>. The Reorganized Debtor reserves the right to modify the treatment of any Allowed Claim in any manner adverse only to the Holder of such Claim at any time after the Effective Date upon the written consent of the Creditor whose Allowed Claim treatment is being adversely affected.

  12.2 <u>Filing of Additional Documents</u>. On or before the Effective Date, the Debtor shall file with the Bankruptcy Court such agreements and other documents, if any, as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan and the other agreements referred to herein.

  12.3 <u>Compliance with Tax Requirements</u>. In connection with this Plan, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by federal, state, local, and foreign taxing authorities and all Distributions hereunder shall be subject

to such withholding and reporting requirements. The Reorganized Debtor shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the Distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions, including, without limitation, requiring that the Holder of an Allowed Claim complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each Holder, or establishing any other mechanisms that the Reorganized Debtor believes to be appropriate. The Reorganized Debtor shall not be required to make Distributions on any Allowed Claim if the Holder thereof has not provided all documentation necessary to determine all tax withholding and reporting requirements for such Allowed Claim.

12.4    Payment of Certain Professional Fees/Expenses. The Reorganized Debtor shall assume responsibility for the payment of all fees and expenses of Professionals retained by the Estate and accruing after the Effective Date.

12.5    Computation of Time. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

12.6    Section Headings. The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of this Plan.

12.7    Waiver. The Debtor reserves the right, in its sole discretion, to waive any provision of this Plan to the extent such provision is for the sole benefit of the Debtor and the Estate.

12.8    Notices. Except as otherwise provided in the Bankruptcy Code, any notice required or permitted to be provided under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight courier service, freight prepaid, to be addressed as follows:

If to the Debtor:

Blueworks Corporation
8408 Channel Way
Waxhaw, NC 28173

With a copy to:

Matthew L. Tomsic
Rayburn Cooper & Durham, P.A.
227 West Trade Street, Suite 1200
Charlotte, NC 28202

and

Michael T. Bowers
Middleswarth, Bowers & Co., L.L.P.
219 A Wilmot Drive
Gastonia, NC 28054

12.9    <u>Severability</u>. If prior to or at the time of Confirmation, the Bankruptcy Court holds that any term or provision of the Plan is invalid, void, or unenforceable, the Debtor reserves the right to move the Bankruptcy Court to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as so altered or interpreted. In the event of any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan may, at the option of the Debtor, remain in full force and effect and not be deemed affected. However, the Debtor reserves the right not to proceed to Confirmation or consummation of the Plan if any such ruling occurs. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

12.10   <u>Plan Controls</u>. To the extent the Plan is inconsistent with the Disclosure Statement or any other document, agreement, pleading, or understanding, the provisions of this Plan shall control; <u>provided</u>, <u>however</u>, that the Confirmation Order shall control to the extent there is any inconsistency between the Plan and the Confirmation Order.

12.11   <u>Reservation of Rights</u>. If the Plan is not confirmed by the Bankruptcy Court or any other court of competent jurisdiction for any reason, the rights of all parties in interest in this Chapter 11 Case are and shall be reserved in full. Any concession reflected or provision contained herein, is made for the purposes of the Plan only, and if the Plan does not become effective, no party in interest in this Chapter 11 Case shall be bound or deemed prejudiced by any such concession.

12.12   <u>Controlling Law</u>. This Plan shall be read and construed and take effect in all respects in accordance with the law as set forth in the Bankruptcy Code and the Bankruptcy Rules.

12.13   <u>Exemption from Transfer Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or partnership securities under the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp tax or other similar tax.

12.14   <u>Termination of Subordination Rights</u>. The classification and manner of satisfying all Claims and Equity Interests under the Plan takes into consideration all contractual, legal, equitable subordination, and turnover rights, if any, whether arising under general principals of equitable subordination, Section 510(c) of the Bankruptcy Code, or otherwise, that a Holder of a Claim against or Equity Interests in the Debtor may have against any other Claim Holder(s) with respect to any Distribution made pursuant to this Plan. On the Effective Date, all contractual,

legal, equitable subordination, and turnover rights that a Holder of a Claim against or Equity Interest in the Debtor may have with respect to any Distribution to be made pursuant to this Plan will be discharged and terminated, and all actions related to the enforcement of such subordination rights, if any, will be permanently enjoined. Accordingly, Distributions pursuant to this Plan to Holders of Allowed Claims will not be subject to payment of a beneficiary of such terminated subordination rights, or to levy, garnishment, attachment, or other legal process by a beneficiary of such terminated subordination rights.

12.15    <u>Amendment of Plan</u>. This Plan may be amended by the Debtor before the Effective Date and by the Reorganized Debtor after the Effective Date as provided in Section 1127 of the Bankruptcy Code.

12.16    <u>Revocation of Plan</u>. The Debtor reserves the right to revoke and withdraw this Plan prior to entry of the Confirmation Order. If the Debtor revokes or withdraws this Plan, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

12.17    <u>Survival of Terms</u>. The covenants, representations, and agreements made in this Plan shall survive the Confirmation Date and the transactions contemplated herein.

12.18    <u>Successors Bound</u>. Upon consummation, this Plan shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Debtor, and the Holders of Claims and Equity Interests.

12.19    <u>Further Assurances</u>. If at any time, the Debtor shall consider, or be advised, that any further releases, assurances, or documents are reasonably necessary or desirable to carry out the provisions hereof, and the transactions contemplated herein, the Holders of Claims and the Holders of Equity Interests shall, upon reasonable request, execute and deliver any and all documents and assurances, and do all things necessary or appropriate to carry out fully the provisions hereof.

12.20    <u>Implementation</u>. The Debtor shall be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of this Plan, including, without limitation, any transaction contemplated by the Disclosure Statement approved by the Bankruptcy Court.

12.21    <u>Payment of Statutory Fees</u>. All fees payable pursuant to 28 U.S.C. § 1930(a) shall be paid by the Reorganized Debtor for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed, or a final decree is issued, whichever occurs first.

12.22    <u>Elimination of Vacant Classes</u>. Any Class of Claims that does not have a Holder of an Allowed Claim or a Claim temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of determining acceptance or rejection of the Plan by such Class pursuant to Section 1129(a)(8) of the

Bankruptcy Code.

12.23   Termination of Trustee. The Trustee shall be terminated upon discharge of the Trustee's duties required by this Plan.

### ARTICLE XIII
### CONFIRMATION REQUEST

The Debtor hereby requests confirmation of the Plan pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code.

Respectfully submitted, this the 4th day of October 2024.

RAYBURN COOPER & DURHAM, P.A.

By:    /s/ Matthew L. Tomsic
     Matthew L. Tomsic
     N.C. State Bar No. 52431
     Natalie E. Kutcher
     N.C. State Bar No. 54888
     Ashley B. Oldfield
     N.C. State Bar No. 56552
     Suite 1200, The Carillon
     227 West Trade Street
     Charlotte, NC 28202
     (704) 334-0891

     *Counsel to the Debtor and Debtor in Possession*

BLUEWORKS CORPORATION

Zefeng Chen
Zefeng "Richard" Chen
Secretary, Director, Shareholder

{00393300 v 3 }

27