IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON

| | |
|---|---|
| IN RE:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 |

**STIPULATION WTH RESPECT TO DEBTOR'S MOTION TO ENFORCE THE
AUTOMATIC STAY AND AWARD SANCTIONS FOR
<u>VIOLATION OF THE AUTOMATIC STAY</u>**

1. On June 11, 2024, Blueworks Corporation (the "Debtor") commenced the above-captioned bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code in this Court.

2. On July 29, 2024, the Debtor filed the *Debtor's Motion to Enforce the Automatic Stay and Award Sanctions for Violation of the Automatic Stay* [Docket No. 102] (the "Stay Enforcement Motion").

3. On August 13, 2024, Hayward Industries, Inc. ("Hayward") filed its *Emergency Motion for Continuance so that Debtor can be Compelled to Respond to Discovery* [Docket No. 119]. A day later, the Debtor filed the *Debtor's Objection to Hayward Industries, Inc.'s Emergency Motion for Continuance so that Debtor can be Compelled to Respond to Discovery* [Docket No. 124].

4. On August 20, 2024, the Court entered its *Order Granting Emergency Motion for Continuance so that Debtor can be Compelled to Respond to Discovery* [Docket No. 126], setting a hearing for September 25, 2024, (the "Stay Enforcement Hearing") regarding the Stay

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.

{00394270 v 1 }

Enforcement Motion and directing the Debtor and Hayward to confer as to the need for a special setting.

5. The Debtor and Hayward did so confer, obtaining a special setting for the Stay Enforcement Hearing scheduled for October 15, 2024. As the Stay Enforcement Hearing approached, the Debtor and Hayward conferred again and agreed to further continue the Stay Enforcement Hearing to allow the parties time to consider a consensual resolution to the Stay Enforcement Motion.

6. To resolve the Stay Violation Motion, the Debtor and Hayward stipulate as follows:

   a. Within three (3) business days of the filing of this Stipulation, Hayward will file a document in the Washington Case to remove the Debtor as a party from the Washington Case and will file a document in the Washington Case declaring any judgment entered in the Washington Case against Debtor null and void;[2]

   b. Within two (2) business days of Hayward's filings as required in Section 6(a), the Debtor will withdraw with prejudice the Stay Enforcement Motion.

   c. Should Hayward domesticate the Judgment in any forum from and after the date of the entry of this Stipulation and for so long as the automatic stay protects the Debtor, Hayward shall not list the Debtor in the case caption or otherwise include the Debtor as a party.

   d. Should Hayward domesticate the Judgment as to any other defendants in any forum Hayward shall include a disclaimer on (i) all pleadings filed with any court from and after the date of the entry of this Stipulation and for so long as the automatic stay protects the Debtor, and (ii) all communications and documents sent to any

---

[2] Unless otherwise defined herein, capitalized terms shall have the definition given to them by the Stay Enforcement Motion.

    third party, from and after the date of the entry of this Stipulation and for so long as the automatic stay protects the Debtor, whether or not such communication or document is filed with any court, including but not limited to any writs of garnishment, that Hayward is not attempting to domesticate the Judgment against the Debtor or enforce any remedies against the Debtor.

e. Hayward will not file a sanctions motion against the Debtor or any other party, non-party or representative of the Debtor for the Debtor's pursuit of the Stay Enforcement Motion.

f. Hayward and the Debtor shall each bear their own attorneys' fees and costs in connection with the Stay Enforcement Motion and Washington Case, and Hayward shall not object to time entries related to the Stay Enforcement Motion and Washington Case in fee applications filed by Rayburn, Cooper & Durham, P.A., on the basis that the Stay Enforcement Motion lacked merit and/or did not provide value to the Debtor's bankruptcy estate.

g. Neither Hayward's entry into this Stipulation nor the acts that it will take or omit to take to fulfil its obligations pursuant to this Stipulation constitutes a concession that Hayward violated the automatic stay in any way, including by naming of the Debtor as a party in the Washington Case, that Hayward obtained a judgment against the Debtor in the Washington case, or that the Stay Enforcement Motion was meritorious or provided value to the Debtor's bankruptcy estate. Likewise, the Debtor's entry into this Stipulation is not a concession that the Stay Enforcement Motion lacked merit and/or did not provide value to the bankruptcy estate.

h. This Stipulation is without prejudice to the Debtor's rights to assert future stay

violations, if any; Hayward's rights to oppose the same; and Hayward's rights to seek stay relief by motion before this Court.

AGREED AND STIPULATED:

| RAYBURN, COOPER & DURHAM, P.A. | WOMBLE BOND DICKINSON (US) LLP |
|---|---|
| /s/ Matthew L. Tomsic | /s/ B. Chad Ewing |
| Matthew L. Tomsic | B. Chad Ewing (N.C. Bar No. 27811) |
| N.C. State Bar No. 52431 | **Womble Bond Dickinson (US) LLP** |
| Suite 1200, The Carillon | One Wells Fargo Center |
| 227 West Trade Street | 301 South College Street, Suite 3500 |
| Charlotte, NC 28202 | Charlotte, NC 28202 |
| Telephone: (704) 334-0891 | Telephone: (704) 331-4900 |
| Facsimile: (704) 377-1897 | Facsimile: (704) 331-4955 |
| Email: mtomsic@rcdlaw.net | Email: chad.ewing@wbd-us.com |