IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>BLUEWORKS CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-30494 (LTB) |

**HAYWARD INDUSTRIES, INC.'S OBJECTION TO CLAIM OF
TURNER BOYD SERAPHINE LLP (CLAIM NO. 10) AND SCHEDULED CLAIM**

Hayward Industries, Inc. ("Hayward") hereby objects (the "Objection"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to Turner Boyd Seraphine LLP's ("Turner" or "Claimant") late filed proof of claim number 10 and the scheduled claim in Turner's favor (collectively, the "Claim")[2] against Blueworks Corporation (the "Debtor"), and respectfully represents as follows:

**JURISDICTION AND STANDING**

1. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested are sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 3007. Hayward, as a

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.

[2] Claim scheduled at Doc. No. 92, Schedule E/F at 3.20. While the filing of a proof of claim supersedes any scheduled claim pursuant to Fed. R. Bankr. P. 3003(c)(4), this objection extends to the scheduled claim in favor of Claimant out of an abundance of caution.

creditor of the Debtor is a party in interest and has standing to assert the Objection pursuant to section 502 of the Bankruptcy Code.[3]

## BACKGROUND

2. On June 11, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Western District of North Carolina (this "Court").

**Hayward's Claim**

3. Hayward is a judgment creditor of the Debtor on account of a money judgment entered on May 28, 2024 in the amount of $16,021,736.30 (the "Judgment") in the case titled *Hayward Industries, Inc. v. Blueworks Corporation; Blueworks Innovation Corporation; Ningbo C.F. Electronic Tech Co. Ltd.; and Ningbo Yishang Import and Export Co., Ltd.*,[4] pending in the United States District Court for the Western District of North Carolina (Charlotte Division) (the "District Court") before Judge Cogburn; Case No. 3:20-cv-710-MOC-DSC (the "District Court Action") [District Court Action Doc. No. 448]. Hayward's claim is evidenced by its proof of claim in the amount of $17,248,507.90[5] timely filed in the above-captioned bankruptcy case as Claim No. 8.

---

[3] *See also In re Team Sys. Int'l, LLC*, 2024 Bankr. LEXIS 2573, *3-4 (Bankr. D.Del. Oct. 21, 2024) (discussing a non-debtor's right to object to claims).

[4] The named defendants in the District Court Action are collectively referred to herein as the "Defendants." Debtor's co-defendants, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co. Ltd., and Ningbo Yishang Import and Export Co., Ltd. are collectively referred to herein as the "Non-Debtor Defendants."

[5] The substantial difference between the original Judgment amount and the proof of claim amount is $1,195,000.28 in attorneys' fees awarded by the District Court after the Judgment was entered [District Court Action Doc. No. 522].

**Payments Received by Turner**

4. Within two years of the Petition Date, Turner received at least the following payments from the Debtor: [6]

| Date | Amount |
|---|---|
| 4/10/2023 | $200,000.00 |
| 5/31/2023 | $50,000.00 |
| 6/5/2023 | $120,000.00 |
| 7/11/2023 | $121,105.00 |
| 8/4/2023 | $90,000.00 |
| 8/15/2023 | $90,000.00 |
| 9/8/2023 | $180,000.00 |
| 2/20/2024 | $95,000.00 |
| 2/26/2024 | $15,000.00 |
| 3/22/2024 | $50,000.00 |
| **Total** | **$1,011,105.00** |

5. The $50,000.00 payment on March 22, 2024 was received within 90 days of the Petition Date and was designated by the Debtor as a payment of "Legal and Professional Fees" [Doc. No. 91, Debtor's Statement of Financial Affairs Sec. 2].

**Defendants' Request for Pre-Petition Fees**

6. On June 11, 2024, the Defendants filed their *Motion For Attorneys' Fees And Non-Taxable Costs* (the "Defendants' Fee Motion") seeking payment of legal fees and costs as the purported prevailing party in certain aspects of the District Court Action and memorandum of law in support of same [District Court Action Doc. Nos. 472 and 473].

---

[6] These transfers are reflected as electronic transfers according to the Debtor's Bank of America bank statements for its account ending in 2409.

7. Included in the Defendants' Fee Motion was a request for fees and costs on account of work performed by Claimant totaling $1,379,402.45 for fees and costs invoiced from March 2023 through March 2024, all of which was paid by the Debtor for the benefit of the Defendants. District Court Action Doc. No. 473, Exhibit 2, Pg. 9 of 77 at ¶14; Exhibit 3, Pg. 5 of 6 and 6 of 6.

8. On August 6, 2024, Judge Cogburn denied the Defendants' Fee Motion in its entirety because "Defendants' 'prevailing party' argument is contrary to both law and common sense…." *Hayward Indus., Inc. v. Blueworks Corp.*, 2024 WL 3681466, at *9 (Bankr. W.D.N.C. Aug. 6, 2024).

**Disclosure Statement**

9. On October 4, 2024, the Debtor filed its Disclosure Statement [Doc. No. 147].

10. The Disclosure Statement, among other things, addressed potential Avoidance Actions impacting Claimant's fees as follows:

> The Debtor is also investigating certain transfers made on behalf of or otherwise benefiting third parties, including but not limited to the Debtor's historical payment of attorneys' fees for the Non-Debtor Defendants in the District Court Case along with the Non-Debtor Defendants shares of the Judgment due to the alter ego findings included in the Judgment. To recover such amounts for Ningbo C.F. Electronic Tech Co., Ltd., the Debtor has offset the Allowed NBCF Claim of $3,481,068.49 against NBCF's one-third (1/3) share of attorneys' fees, leaving an Allowed NBCF Claim amount totaling $2,702,194.28.[7]

Doc. No. 147 at IV(3).

---

[7] Based on this quote, Hayward calculates the portion of legal fees paid by Blueworks on behalf of the Non-Debtor Defendants at not less than $1,557,748.42, however, based on pleadings filed in the District Court Action, Hayward believes this figure may be understated. Hayward also questions the 1/3 allocation among the parties to the District Court Action where there were 4 total defendants, suggesting a 1/4 allocation is more appropriate. In addition, Claimant appeared as counsel in the District Court proceeding for Zefeng "Richard" Chen ("Chen") and Zhuoging "Gina" Lu ("Lu"). The Claimant does not delineate in the Claim which of its fees were incurred representing these individuals. As described *infra*, none of the Debtor's assets should be used to pay fees incurred representing Chen and/or Lu.

**The Claim**

11. The non-governmental general claims bar date on the above-captioned bankruptcy case is October 8, 2024 (the "Claims Bar Date") [Doc. No. 12]. On October 16, 2024, after the Claims Bar Date, Claimant filed the unsecured Claim in the amount of $457,295.76, asserting payment owed for "Legal services performed (Debtor possesses Invoice 7265 that supports this claim)." The Claim form did not include any proofs, including any engagement letter between Blueworks (and/or the Non-Debtor Defendants) and Claimant, so the terms of Claimant's retention are unknown.

12. According to the Debtor, the Non-Debtor Defendants are Codebtors on the Debtor's alleged obligation to Claimant [Doc. No. 91, Debtor's Schedule H].[8]

**BASIS FOR RELIEF REQUESTED**

13. Pursuant to section 502(a) of the Bankruptcy Code, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless a party in interest . . . objects.*" 11 U.S.C. § 502(a) (emphasis added). Upon an objection to a claim, the court shall determine the amount of such claim and allow such claim in that amount, except to the extent that "such claim is unenforceable against the debtor and property of the debtor under . . . applicable law." 11 U.S.C. § 502(b)(1).

14. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. *In re Harford Sands Inc.,* 372 F.3d 637, 640 (4th Cir. 2004) (citing 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f)). The burden then shifts to the objecting party to introduce evidence to rebut the claim's presumptive validity. *Id.* (citations omitted). If met, the

---

[8] While the Debtor scheduled the amount of the Claim in its Schedules, Hayward asserts the any claim filed by Claimant should be disallowed for the reasons set forth herein.

claimant must ultimately prove the amount and validity of a claim by a preponderance of the evidence. *Id.* (citations omitted).

## OBJECTIONS TO THE CLAIM

### I. Disallowance on Account of Late Filed Claim

15. The Claim should be disallowed because it was filed after the Claims Bar Date and without leave from the Court. Upon an objection to a claim, the court shall determine the amount of such claim and allow such claim in that amount, except to the extent that "proof of such claim is not timely filed…" 11 U.S.C. § 502(b)(9). Because the Claims Bar Date was prior to the date the Claim was filed, it was filed late and should be disallowed.

### II. Disallowance on Account of Insufficient Information, Documentation or Proof

16. The Claim should be denied because it is not supported by any documentation or proof. The Claim does not include any attachments, including any engagement letter, thus failing to provide support or evidence of the existence of any obligation or the allocation of responsibility among the Debtor and the Non-Debtor Defendants for Claimant's alleged legal fees. Without this evidence, Claimant cannot satisfy its burden of proof and the Claim should be disallowed.

### III. Amounts Claimed are Unreasonable and Should be Disallowed

17. Claimant has not established the reasonableness of its services, and the Claim should not be allowed to the extent the work conducted was unreasonable.

18. In the District Court Action, Judge Cogburn has denied Debtor's counsel's fees and noted the unreasonableness of their litigation tactics. For example, when Defendants' demanded attorneys' fees in the District Court Action via Defendants' Fee Motion, Judge Cogburn held that "[b]ecause Defendants' 'prevailing party' argument is contrary to both law and common sense, the Court will deny Defendants' motion in its entirety." *Hayward Indus., Inc. v. BlueWorks Corp.*, 2024

WL 3681466, at *9 (Bankr. W.D.N.C. Aug. 6, 2024). The Debtor's counsel's work related to the Defendants' Fee Motion was unreasonable and any amounts related to it should be disallowed.

19. Similarly, when Hayward requested the allowance of attorneys fees, Judge Cogburn held:

> Defendants also delayed litigation, causing Plaintiff to incur additional costs, by making repeated motions to extend schedule and taking a generally obstructionist approach during discovery. The Court thus finds that Defendants litigated unreasonably, rendering this case 'exceptional' within the meaning of the Lanham Act, and opening the door to a discretionary award of attorneys' fees.

*Hayward Indus., Inc. v. BlueWorks Corp.*, 2024 WL 3930968, at *11-12 (Bankr. W.D.N.C. Aug. 23, 2024). All fees relating to Defendant's "generally obstructionist approach" and "unreasonable" litigation should be disallowed.

20. In addition, Defendants filed a Writ of Mandamus to the Fourth Circuit Court of Appeals, and it was denied without opinion, before Hayward was even required to file a response. Order, *In re Zefeng "Richard" Chen*, Ap. No. 24-1319 [Doc. No. 12] (4th Cir. Apr. 18, 2024). Put succinctly, the Writ of Mandamus was summarily rejected on its face demonstrating the futility and unreasonableness of filing it in the first place. The Debtor's counsel's work related to the Writ of Mandamus was therefore unreasonable and any amount related to it in the Claim should be disallowed.

21. Finally, the District Court recognized additional unreasonable work in its Order [District Court Doc. No. 31] denying the *Defendant's Ningbo C.F Electronic Tech Co., Ltd. and Ningbo Import and Export Co., Ltd.'s, Consolidated Motion to Dismiss* (the "<u>District Court Motion to Dismiss</u>") [District Court Action Doc. No. 22] stating:

> Here, the affidavits accompanying Defendants' Motion contain rote statements denying that either Chinese corporation satisfies any of the nonexclusive purposeful availment factors identified by the

Fourth Circuit. See (Doc. Nos. 23-1, 23-2). Yet, many of the statements denying purposeful availment of North Carolina are directly contradicted by other affidavits and exhibits in the record.

22. In conclusion, to the extent Claimants work is found to be unreasonable, the Claim should be denied.

**IV. Work for the Benefit of the Non-Debtor Defendants, Chen, and/or Lu Should be Disallowed**

23. Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim should be allowed "except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Claimant has not substantiated an agreement or applicable law justifying a Claim against the Debtor for services it provided for the benefit of the Non-Debtor Defendants.

24. It is impermissible for Turner to assert a claim for, and the Debtor's estate be responsible for, the portion of Turner's work related to or attributable to the Non-Debtor Defendants.

25. It is apparent that certain of the work done by Debtor's counsel for the Defendants in the District Court Action in no way benefitted the Debtor, such as the District Court Action Motion to Dismiss (discussed above, which was also unreasonable to pursue). The Claimant should not be entitled to fees from the Debtor for such work that benefitted, if anyone, only the Non-Debtor Defendants.

26. Further, Debtor's counsel filed numerous pleadings in the District Court Action on behalf of Chen and Lu. See e.g., Defendants' Opposition to Hayward's Ex Parte Motion for an Asset Restraining Order and Prejudgment Discovery [District Court Action Doc. No. 416 at 3-9] ("Begging for justice" on behalf of Chen and Lu, arguing that Chen and Lu's "personal" bank account should not be frozen, and arguing that Chen and Lu had not abused the corporate form).

Claimant should not be entitled to fees from the Debtor for work that it did for the benefit of Chen and Lu, not the Debtor.

27. Because Claimant has not substantiated any claim, it should be disallowed in its entirety. Even assuming, *in arguendo*, the full amount of the Claim is substantiated, it should be reduced first by 75% (to $114,323.94) because Claimant has failed to make any allocation among the work attributable to the Debtor and the work attributable to the three Non-Debtor Defendants and then the amount should be further reduced to remove fees relating to work performed for Chen and Lu.

V. **The Claim Should be Disallowed Pursuant 11 U.S.C. § 502(d)**

28. The Claim should be disallowed because the Claimant is in possession of property that is recoverable under Chapter 5 of the Bankruptcy Code, namely preferential transfers received in the 90 days prior to the Petition Date and fraudulent transfers received in the four (4) years prior to the Petition Date.

29. Pursuant to 11 U.S.C. 502(d), the court is required to disallow any claim of any entity from which property is recoverable under chapter 5 of the Bankruptcy Code, including the Bankruptcy Code sections 547 and 548. No avoidance action is required for section 502(d) to apply. *In re Yatko*, 416 B.R. 193 (Bankr. W.D.N.C. 2008) (Whitley, J.):

> The case law under Section 502(d) generally recognizes that the section 502 claims block applies even where a 547 reference has not been filed, and even in cases where such an action would be barred by the section 546(a) statute of limitations." *In re Badger Lines, Inc.*, 206 B.R. 521, 527 (E.D.Wis. 1997); *In re McLean Indus., Inc.*, 196 B.R. 670 (S.D.N.Y. 1996); *In re Alamance Knit Fabrics, Inc.*, 2000 WL 33673789 (Bankr. M.D.N.C. 2000); *In re Romano*, 175 B.R. 585 (Bankr. W.D.Pa. 1994).[9]

---

[9] *But see Southern Produce Distrib. Inc. v. Adams (Southern Produce Distrib. Inc.)*, 616 B.R. 667 (Bankr. E.D.N.C. 2020) (collecting cases).

*See also In re Hallman*, Case No. 04-31298, Doc. No. 216, ¶ 7 (Bankr. W.D.N.C. Oct. 23, 2009) (granting section 502(d) relief without an avoidance action), 2011 U.S. Dist. LEXIS 80368 (W.D.N.C. July 22, 2011) (setting oral argument).

30. On or about March 22, 2024, within 90 days of the Petition Date, Claimant received an $50,000 payment from the Debtor for "Legal and Professional Fees" [Doc. No. 91, Debtor's Statement of Financial Affairs Sec. 2, Certain payments or transfers to creditors within 90 days before filing]. The $50,000 payment was made from Debtor property, to a creditor, on account of antecedent debt, while the Debtor was insolvent, and which allowed Claimant to receive more than it would have received in a hypothetical Chapter 7 case had the transfer not been made. Pursuant to section 547 of the Bankruptcy Code, the $50,000 is therefore avoidable as a preference.[10]

31. Because the $50,000 payment to Claimant is avoidable as a preference under section 547 of the Bankruptcy Code, the Claim must be disallowed in its entirety pursuant to section 502(d) of the Bankruptcy Code.

32. In addition, within 2 years of the Petition Date,[11] Blueworks paid Claimant $1,011,105.00 for the benefit of all the Defendants. Neither the Debtor nor the Claimant has apportioned responsibility among the Defendants for these payments. Hayward therefore asserts that not less than three-quarters of the $1,011,105.00 paid to Claimant ($758,328.75) for the benefit of the insider Non-Debtor Defendants is avoidable as fraudulent transfers under Section 548 of the Bankruptcy Code.

---

[10] Hayward continues to receive and reconcile data provided by the Debtor's professionals/trustee and believes that additional avoidable transfers may have been received by Claimant within 90 days before the Petition Date in addition to the $50,000 payment.

[11] While transfers made within two years of the Petition Date are avoidable as fraudulent transfers pursuant to section 548 of the Bankruptcy Code, transfers made within four years of the Petition Date as fraudulent transfers pursuant to section 544 of the Bankruptcy Code and NC Gen Stat § 39-23.5.

33. Specifically, the payments are avoidable pursuant to Section 548 of the Bankruptcy Code, either because the Debtor (1) made the $758,328.75 in payments to Claimant for the benefit of the Non-Debtor Defendants with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted (namely, Hayward); or (2) received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

34. Because not less than $1,011,105.00 paid to Claimant is avoidable as a fraudulent conveyance under to Section 548 of the Bankruptcy Code, the Claim must be disallowed pursuant to section 502(d) of the Bankruptcy Code.[12]

## RESERVATION OF RIGHTS

35. Hayward expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims that have been or may be asserted by Claimant. If one or more of the grounds stated in this Objection are overruled, Hayward reserves their right to object to all or any portion of the Claim on any other grounds that bankruptcy and non-bankruptcy law permit.

36. Without limiting the generality of the foregoing, Hayward specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation, legal theory or claim that may be raised in a response by or on behalf of Claimant; (b) object further to the extent that Claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further

---

[12] Hayward specifically reserves its right to argue that additional sums should be recovered from Claimant pursuant to N.C. GEN. STAT. § 39-23.1, *et seq.* and that Claim's claim should also be denied pursuant to 11 U.S.C. § 502(d) because Claimant is the transferee of an avoidable transfer. *See* 11 U.S.C. § 544(b).

to the Claim based on additional information that may be discovered upon further review by Hayward or through discovery pursuant to applicable provisions of the Bankruptcy Rules.

## NOTICE

37. Notice of this Objection is being provided to: (i) the Bankruptcy Administrator for Western District of North Carolina; (ii) the Debtor; (iii) Turner Boyd Seraphine LLP; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. Hayward submits that no other or further notice need be provided.

## NO PRIOR REQUEST

38. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, Hayward respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1,** disallowing and expunging Claimant's claim in its entirety and such other relief as the Court may deem just and proper.

Dated: November 6, 2024
Charlotte, North Carolina

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ B. Chad Ewing*
B. Chad Ewing (N.C. Bar No. 27811)
Russ Ferguson (N.C. Bar No. 39671)
301 S. College Street, Sute 3500
Charlotte, North Carolina  28202
Telephone: (704) 331-4900
Facsimile: (704) 331-4955
Email: chad.ewing@wbd-us.com
          russ.ferguson@wbd-us.com

-and-

Edward L. Schnitzer (Admitted *pro hac vice*)
David M. Banker (Admitted *pro hac vice*)
Wojciech F. Jung (Admitted *pro hac vice*)
950 Third Avenue, Suite 2400
New York, NY 10022
Telephone: (332) 258-8400
Facsimile: (332) 258-8949
Email: edward.schnitzer@wbd-us.com
      david.banker@wbd-us.com
      wojciech.jung@wbd-us.com

-and-

**MCCARTER & ENGLISH, LLP**
Erik Paul Belt
James Donoian
Anne E. Shannon
Alexander L. Ried
Siobhán M. Tolan
265 Franklin Street Boston, MA 02110
Telephone: (617) 449-6500
Facsimile : (617) 607 9200
Email: ebelt@mccarter.com
      jdonoian@mccarter.com
      ashannon@mccarter.com
      aried@mccarter.com
      stolan@mccarter.com

*Attorney for Hayward Industries, Inc.*