## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BLUEWORKS CORPORATION, | Case No.  24-30494 (LTB) |
| Debtor.[1] | |

## HAYWARD INDUSTRIES, INC.'S OBJECTION TO CLAIM OF
## JINGHONG SHI (CLAIM NO. 4)

Hayward Industries, Inc. ("Hayward") hereby objects (the "Objection"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to proof of claim number 4 (the "Claim") filed by Jinghong Shi ("Shi" or "Claimant") against Blueworks Corporation (the "Debtor"), and respectfully represents as follows:

### JURISDICTION AND STANDING

1.      The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested are sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 3007.  Hayward, as a creditor of the Debtor is a party in interest and has standing to assert the Objection pursuant to section 502 of the Bankruptcy Code.[2]

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Blueworks Corporation (3957). The Debtor's address is 8408 Channel Way, Waxhaw, North Carolina 28173.

[2] *See also In re Team Sys. Int'l, LLC*, 2024 Bankr. LEXIS 2573, *3-4 (Bankr. D.Del. Oct. 21, 2024) (discussing a non-debtor's right to object to claims).

## BACKGROUND

2.      On June 11, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Western District of North Carolina (this "Court").

### Hayward's Claim

3.      Hayward is a judgment creditor of the Debtor on account of a money judgment entered on May 28, 2024 in the amount of $16,021,736.30 (the "Judgment") in the case titled *Hayward Industries, Inc. v. Blueworks Corporation; Blueworks Innovation Corporation; Ningbo C.F. Electronic Tech Co. Ltd.; and Ningbo Yishang Import and Export Co., Ltd.*,[3] pending in the United States District Court for the Western District of North Carolina (Charlotte Division) (the "District Court") before Judge Cogburn; Case No. 3:20-cv-710-MOC-DSC (the "District Court Action") [District Court Action Doc. No. 448]. Hayward's claim is evidenced by its proof of claim in the amount of $17,248,507.90[4] timely filed in the above-captioned bankruptcy case as Claim No. 8.

### The Claim

4.      On October 5, 2024, Shi filed the unsecured Claim against the Debtor, asserting payment owed for "Loans" in the amount of $100,000.00. The Claim form did not include any proofs, including a loan agreement between the Debtor and Claimant, so the terms of the alleged Loans are unknown.[5]

---

[3] The named defendants in the District Court Action are collectively referred to herein as the "Defendants." Debtor's co-defendants, Blueworks Innovation Corporation, Ningbo C.F. Electronic Tech Co. Ltd., and Ningbo Yishang Import and Export Co., Ltd. are collectively referred to herein as the "Non-Debtor Defendants."

[4] The substantial difference between the original Judgment amount and the proof of claim amount is $1,195,000.28 in attorneys' fees awarded by the District Court after the Judgment was entered [District Court Action Doc. No. 522].

[5] While the Debtor scheduled a $90,000 claim for Shi in its Schedules, Hayward asserts the any claim filed by Claimant should be disallowed for the reasons set forth herein.

## BASIS FOR RELIEF REQUESTED

5.      Pursuant to section 502(a) of the Bankruptcy Code, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless a party in interest . . . objects.*" 11 U.S.C. § 502(a) (emphasis added). Upon an objection to a claim, the court shall determine the amount of such claim and allow such claim in that amount, except to the extent that "such claim is unenforceable against the debtor and property of the debtor under . . . applicable law." 11 U.S.C. § 502(b)(1).

6.      The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. *In re Harford Sands Inc.,* 372 F.3d 637, 640 (4th Cir. 2004) (citing 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f)). The burden then shifts to the objecting party to introduce evidence to rebut the claim's presumptive validity. *Id.* (citations omitted). If met, the claimant must ultimately prove the amount and validity of a claim by a preponderance of the evidence. *Id.* (citations omitted).

## OBJECTIONS TO THE CLAIM

### I.      Disallowance on Account of Insufficient Information, Documentation or Proof

7.      The Claim should be disallowed because it is not substantiated.  The Claim does not include any attachments, including a loan agreement, thus failing to provide support or evidence of any obligation.  In addition, there is no evidence that the Debtor received any loan proceeds.  Instead, some of the proceeds were received by Debtor's professionals with additional amounts unaccounted for.  Without this evidence, Claimant cannot satisfy its burden of proof and the Claim should be disallowed.

## **RESERVATION OF RIGHTS**

8.      Hayward expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims that have been or may be asserted by Claimant.  If one or more of the grounds stated in this Objection are overruled, Hayward reserves their right to object to all or any portion of the Claim on any other grounds that bankruptcy and non-bankruptcy law permit.

9.      Without limiting the generality of the foregoing, Hayward specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation, legal theory or claim that may be raised in a response by or on behalf of Claimant; (b) object further to the extent that Claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to the Claim based on additional information that may be discovered upon further review by Hayward or through discovery pursuant to applicable provisions of the Bankruptcy Rules.

## **NOTICE**

10.      Notice of this Objection is being provided to: (i) the Bankruptcy Administrator for Western District of North Carolina; (ii) the Debtor; (iii) Jinghong Shi; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. Hayward submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

11.      No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, Hayward respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1,** disallowing and expunging Claimant's claim in its entirety and such other relief as the Court may deem just and proper.

Dated: November 6, 2024
Charlotte, North Carolina

**WOMBLE BOND DICKINSON (US) LLP**

*/s/  B. Chad Ewing*
B. Chad Ewing (N.C. Bar No. 27811)
Russ Ferguson (N.C. Bar No. 39671)
301 S. College Street, Sute 3500
Charlotte, North Carolina  28202
Telephone: (704) 331-4900
Facsimile: (704) 331-4955
Email: chad.ewing@wbd-us.com
          russ.ferguson@wbd-us.com

-and-

Edward L. Schnitzer (Admitted *pro hac vice*)
David M. Banker (Admitted *pro hac vice*)
Wojciech F. Jung (Admitted *pro hac vice*)
950 Third Avenue, Suite 2400
New York, NY 10022
Telephone: (332) 258-8400
Facsimile: (332) 258-8949
Email: edward.schnitzer@wbd-us.com
          david.banker@wbd-us.com
          wojciech.jung@wbd-us.com

-and-

**MCCARTER & ENGLISH, LLP**
Erik Paul Belt
James Donoian
Anne E. Shannon
Alexander L. Ried
Siobhán M. Tolan
265 Franklin Street Boston, MA 02110
Telephone: (617) 449-6500
Facsimile : (617) 607 9200
Email: ebelt@mccarter.com
        jdonoian@mccarter.com
        ashannon@mccarter.com
        aried@mccarter.com
        stolan@mccarter.com

*Attorney for Hayward Industries, Inc.*