

FILED & JUDGMENT ENTERED
Christine F. Winchester

November 12 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

In re:

**Blueworks Corporation**,

Debtor.

Case Number: 24-30494

Chapter 11

### ORDER CONFIRMING THE TRUSTEE'S
### PLAN OF LIQUIDATION FOR BLUEWORKS CORPORATION

Upon consideration of (a) the *Trustee's Plan of Liquidation for Blueworks Corporation* dated September 26, 2025 (ECF No. 406) (the "Plan")[1] filed by Michael T. Bowers (the "Trustee"), the duly-appointed chapter 11 trustee in this case; (b) the *Certificate of Service* filed with the Court regarding service of the Plan (ECF No. 407); (c) the *Declaration of Michael T. Bowers* filed in support of confirmation of the Plan (ECF No. 411) (the "Trustee's Affidavit"); (d) the record and evidence presented, as well as the arguments of counsel made, at the November 5, 2025, hearing on confirmation of the Plan (the "Confirmation Hearing"), where Michael L. Martinez appeared on behalf of the Trustee, Matthew L. Tomsic appeared as special counsel to the Trustee, Shelley K. Abel appeared as the U.S. Bankruptcy Administrator for the Western District of North Carolina, B. Chad Ewing appeared on behalf of Hayward Industries, Inc. ("Hayward"), and Ronald

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

1

Bruckmann appeared on behalf of Shumaker, Loop & Kendrick, LLP; and (e) the remaining record of the above-captioned chapter 11 case (this "Case"); and it appearing that due notice of the Confirmation Hearing was given in accordance with the Federal Rules of Bankruptcy Procedure, the Court – based on the foregoing and for the reasons stated on the record during the Confirmation Hearing –

**HEREBY FINDS AND CONCLUDES that:**[2]

1. The Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has exclusive jurisdiction to determine whether the Plan (i) complies with the applicable provisions of the Bankruptcy Code and (ii) should be confirmed.

2. The Court takes judicial notice of the docket report in this Case maintained by the Clerk of U.S. Bankruptcy Court, including, without limitation, all pleadings and other documents filed and all orders entered in this Case.

3. The Court takes judicial notice of the docket report in the case of *Hayward Industries, Inc. v. Blueworks Corporation et al.* pending in the U.S. District Court for the Western District of North Carolina as case number 3:20-cv-710 (the "District Court Case"), including, without limitation, all pleadings and other documents filed and all orders entered in the District Court Case.

4. During the Confirmation Hearing, the Trustee's Affidavit was admitted as direct evidence with the consent of all parties.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* FED. R. BANKR. P. 7052.

2

5.  Copies of the Plan were transmitted to all holders of claims against the bankruptcy estate for Blueworks Corporation (the "Debtor") and other parties-in-interest.

6.  Classes 1 and 5 are unimpaired and are thus deemed to have accepted the Plan. The holders of claims in Classes 2 and 3 negotiated for and affirmatively consented to the treatment provided in the Plan and are thus deemed to have accepted the Plan. Class 4 will not receive or retain any property under the Plan and is thus deemed to have rejected the Plan. Thus, no solicitation of votes on the Plan was required.

7.  Neither the Court nor the Trustee received any objections to the Plan.

8.  The Trustee, as the proponent of the Plan, has met the burden of demonstrating that the Plan satisfies each of the applicable requirements for confirmation under §§ 1129 of the Bankruptcy Code. In addition, the Plan is dated and identifies the party submitting it in compliance with Bankruptcy Rule 3016(a).

**IT IS HEREBY ORDERED that:**

1.  Article 9.4 of the Plan is deleted. The remainder of the Plan is hereby CONFIRMED pursuant to § 1129 of the Bankruptcy Code.

2.  The Plan, apart from the deleted Article 9.4, and including all terms, schedules, amended schedules, and exhibits thereto, is incorporated by reference into, and is an integral part of, this Order.

3.  The Judgment Claim, the Professional Unsecured Claims, and the claims of Digital Evidence Group, LLC, Dongfang Yu, Kathleen Grace, and the N.C. Department of Revenue are hereby allowed as set forth in Article 7.1 of the Plan. All other claims are hereby disallowed.

4.  The Trustee shall continue to serve as the sole Manager/Director, President/Officer, and Trustee of the Reorganized Debtor. All other previously serving managers, officers, directors, employees, and agents of the Debtor are hereby removed and discharged.

5. Pursuant to Article 10.1 of the Plan, and except as otherwise provided in the Plan, any and all claims, liens, interests, charges, and encumbrances against the assets of the Debtor or property of the Debtor's bankruptcy estate are hereby terminated.

6. Except as otherwise provided in the Plan, all persons who have held, hold, or may hold claims against the Debtor or interests in the Debtor's property are, with respect to such claims and interests, permanently enjoined on and after the Effective Date from:

    (a) Asserting, commencing, or continuing in any manner any suit, action, or other proceeding against the Debtor or any of the assets of the Debtor;

    (b) Enforcing, levying, attaching, collecting, or recovering, by any manner or means, any judgment, award, decree, or order against the Debtor or any assets of the Debtor;

    (c) Creating, perfecting, or otherwise enforcing any lien or encumbrance of any kind against the Debtor or any assets of the Debtor;

    (d) Asserting any setoff, right of subrogation, or recoupments of any kind against any obligation due the Debtor; and

    (e) Performing any action, in any manner, in any place whatsoever, that does not conform or comply with the Plan or this Order.

7. The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to affect the purposes of each. The failure to specifically set forth or refer to any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and independent enforceability of such provision, it being the intent of the Court that the Plan be confirmed in its entirety. To the extent that any provision of the Plan directly and explicitly conflicts with the provisions of this Order, this Order controls.

8. The Court shall retain jurisdiction over the enforcement of this Order and over all such other matters set forth in Article 12 of the Plan.

4

9. Following entry of this Order, the Trustee shall serve notice of entry of this Order, by first-class mail, pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), on the Bankruptcy Administrator and all other parties-in-interest.

**This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.**  **United States Bankruptcy Court**